UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

PHILLIP TRINGALI,     )
      Plaintiff,      )
                      )
v.                    )
                      )
PAUL MARTIN AND       )
JUMI LEE,             )
      Defendants      )

PLAINTIFF, PHILLIP TRINGALI'S OPPOSITION TO
DEFENDANTS, PAUL MARTIN AND JUMI LEE'S MOTION TO DISMISS, OR, IN
THE ALTERNATIVE, FOR SUMMARY JUDGMENT[1]

Now comes the plaintiff, Phillip Tringali, and hereby
opposes defendants Paul Martin and Jumi Lee's motion to dismiss
and/or for summary judgment.  In support of his opposition, the
plaintiff states:

**BACKGROUND**

This is an action between fellow shareholders of S.E.E.,
Inc,.  a closely-held Massachusetts corporation, in which
Plaintiff Phillip Tringali alleges that Defendants Paul Martin
and Jumi Lee breached their fiduciary duty to him by
appropriating and using S.E.E.'s work-product and other assets to
compete directly with S.E.E. Inc. while they were still
stockholders of S.E.E., Inc.

The parties were fellow employees, stockholders and

---

[1]Martin and Lee's memorandum relies upon nine (9) exhibits,
and should therefore be treated as a Motion for Summary Judgment.

1

directors of S.E.E. until January 2002.  On January 9, 2002, Martin and Lee left S.E.E., Inc., but remained stockholders of S.E.E., Inc.  Soon after Martin and Lee left S.E.E., Inc., S.E.E., Inc. discovered that prior to leaving S.E.E., Inc., Martin and Lee had formed Quantum Dynamics International, LLC, a Massachusetts limited liability corporation, and that Quantum Dynamics was selling a product identical to the product that Martin and Lee had been developing for S.E.E. during their last year of employment with the company.

As a result, in March, 2002, S.E.E., Inc. brought an action in Plymouth Superior Court against Defendants Martin and Lee and Quantum Dynamics International, LLC. ("the Plymouth Case"). [See Exhibit "1", Amended Complaint in Plymouth Case].

In the Plymouth Case, S.E.E., Inc. alleged that Martin and Lee formed Quantum Dynamics while still stockholders and directors of S.E.E., Inc., to compete directly with S.E.E., Inc., that they converted and misappropriated S.E.E.' work product, customer lists, pricing, product specifications, and other proprietary information and confidential information, and transferred it to Quantum Dynamics in order to compete directly with S.E.E. while they were still stockholders of S.E.E., in violation of their implied employment contracts and fiduciary duties to S.E.E., Inc. [Exhibit "1"].

Martin and Lee retaliated by filing an action in Norfolk

Superior Court against S.E.E., Inc. and Plaintiff Phillip Tringali in May 2002 ("The Norfolk Case"). [Exhibit "2", Amended Complaint in Norfolk Case]. The first six counts of the Norfolk Complaint stated a shareholder derivative suit against Plaintiff Phillip Tringali and S.E.E., alleging that Tringali mismanaged S.E.E., Inc. by arranging to have S.E.E. purchase rental property in Maine for his personal use, reporting excessive expenses, and having S.E.E. pay for his personal expenses. [Exhibit "2"]. They also alleged that S.E.E. and Plaintiff Phillip Tringali breached a stock purchase agreement and owed them unpaid wages and commissions pursuant to Mass. Gen. L.c. 149 § 150. [Id.]. S.E.E. filed a counterclaim repeating the allegations made in the Plymouth Complaint, and alleging that Martin and Lee owed S.E.E. unused travel funds, and tampered with corporate data to create a false claim for outstanding vacation pay. [Exhibit "3" Answer to Norfolk Case].

On May 22, 2003, S.E.E. filed for Chapter 11 bankruptcy protection. The state Court actions were stayed and removed to Bankruptcy Court. [See Exhibit "4" docket sheet of Bankruptcy Matter 2003-14379 WCH; Exhibit 5, Docket Report of Adversary Proceeding 2003-01224; Exhibit 6, Docket Report of Adversary Proceeding 2003-01225]. The Chapter 11 Case was dismissed on December 17, 2003. [Exhibit 4]. On March 23, 2004, S.E.E. Inc. filed for Chapter 7 bankruptcy protection. [Exhibit "7" Docket

Report of Bankruptcy Case 2004-12325WCH].  Once again, all action in the State Court cases was stayed.

Martin and Lee repeatedly sought permission continue discovery in the Norfolk Case during S.E.E.'s bankruptcies.  The Norfolk Superior denied their requests, holding that the shareholder derivative portion of the Norfolk Case was subject to the automatic stay, and could not proceed without the participation of the Trustee.  [Exhibit "8" Docket Entry of Decision on filing 54, 55].  On January 14, 2005, however, Defendants Martin and Lee received permission to proceed with the Norfolk Case only with respect to the counts against Plaintiff Phillip Tringali Individually for the alleged breach of the stock purchase agreement, and the allegedly unpaid commissions and vacation time. [Exhibit "8" Docket Entry of Decision on Filing 57].  On March 21, 2000, Defendants Martin and Lee deposed Plaintiff Phillip Tringali in the Norfolk Case.

On December 23, 2004, Plaintiff Phillip Tringali filed the instant action in Federal Court to recover his personal losses caused by Defendants Martin and Lee's breach of their fiduciary duty to him arising from their status as stockholders in a closely held corporation.  Neither S.E.E.'s Plymouth Complaint nor Norfolk counterclaims asserted Plaintiff Phillip Tringali's individual claims against Defendants Martin and Lee. [Exhibit "1" and "3"].  Defendants now argue that this Court lacks personal

4

jurisdiction over them, that Plaintiff cannot state damages above the jurisdictional limit, and that the Court should abstain from this matter.

**ARGUMENT**

## I.    THERE ARE NO GROUNDS FOR ABSTENTION

Defendants' request for abstention has no support in fact or law.  Though they recite accurately the factors prescribed in Colorado River Water Conversation District v. United States for abstention on considerations of judicial economy, they overlook the over-arching principal that limits such abstention to all but the most unique circumstances: the plaintiff's right to a federal forum.  The federal courts have a "virtually unflagging" obligation to exercise jurisdiction given them."  Colorado River Water Conservation District v. U.S. 424 U.S. 800, 817-818, 96 S.Ct.1 236 (1976).  Circumstances permitting federal abstention on grounds of judicial economy are "exceptional" and "considerably more limited" than other abstention doctrines. Id. "Only the clearest of justifications will warrant dismissal." Id., 424 U.S. at 819.

Applying the Colorado River factors to the present facts reveals no clear justification for abstention.  Neither the Plymouth nor Norfolk Superior Courts have assumed jurisdiction over any res or property.  Moses H. Cane Memorial Hospital v. Mercury Construction Corporation, 460 U.S. 7, 19, 163 S.Ct. 927

5

(1983).  The federal forum, the Eastern District of
Massachusetts, is no less convenient to the defendants than the
state forums of Norfolk and Middlesex Counties, one of which
defendants Martin and Lee chose of their own accord.  Id.

The need to avoid piecemeal litigation is not compelling.
In fact,  S.E.E.'s bankruptcy makes piecemeal litigation of
S.E.E.'s and Plaintiff Phillip Tringalis' claims against
Defendants Martin and Lee inevitable.  Moreover, Defendants
Martin and Lee have consistently demanded the right to proceed
against Plaintiff Phillip Tringali individually on two counts of
the Norfolk Case, notwithstanding the automatic stay of all other
aspects of the Norfolk and Plymouth cases. [Exhibit "8"].  Having
actively sought permission to conduct related litigation in a
piecemeal manner, Defendants Martin and Lee cannot fairly
criticize Plaintiff Phillip Tringali for doing so as well.

That the state court actions were filed first is not
determinative.  Moses H. Cane Memorial Hospital v. Mercury
Construction Corporation, 460 U.S. at 21 (1983).  This factor is
to be applied "pragmatically. . . with a view to the realities of
the case at hand."  Id. at 21.  The reality is that due to
S.E.E.'s bankruptcy, the corporate claims against Defendants
Martin and Lee for breach of fiduciary duty have languished
without progress for several years.  Federal jurisdiction will
actually benefit all parties by allowing these claims to go

6

forward without further delay, and with the benefit of case management tools provided by Federal and local rules 16.

That state decisional law applied is not, by itself, a sufficient grounds for federal abstention.  <u>Bergeron v. Estate of Loeb</u>, 777 F.2d 792, 799 (1985).  In fact, federal procedural law and jurisdiction offers district advantages to this litigation, notwithstanding the applicable state law.  Plaintiff Phillip Tringali's case will rely upon numerous out of state witnesses, from Illinois, California, Indiana and Texas.  Federal jurisdiction will dispense with the requirement of obtaining letters rogatory and/or obtaining the appointment of a commissioner before deposing out-of-state witnesses.

Finally, Defendants Martin's and Lee's argument that the Court should dismiss this case because Plaintiff Phillip Tringali is trying to "usurp" the Bankruptcy Trustee's rights is unsupported by any law or fact.  Defendants Martin and Lee have presented no law recognizing abstention in such circumstances, and have not explained why they are empowered to argue on the Trustee's behalf.

The Trustee is represented by counsel, and has been fully informed of this action.  The Trustee is more then capable of protecting the rights of the bankrupt estate.  The Trustee has not yet decided whether to prosecute S.E.E.'s corporate claims against Defendants Martin and Lee, and may not have the resources

to do so.  Though Defendants Martin and Lee purport to argue on the Trustee's behalf, they are, in fact, seeking to forestall litigation which may very well produce factual findings beneficial to the Trustee's claims.

## II    THE COMPLAINT ALLEGES FACTS ESTABLISHING PERSONAL JURISDICTION IN MASSACHUSETTS

Defendants Martin's and Lee's claim that Plaintiff Phillip Tringali has failed to allege any facts establishing personal jurisdiction over them in the Commonwealth of Massachusetts is patently false.  Tringali's complaint alleges, in relevant part:

> 6.    *At all times relative to this action, S.E.E. was headquartered in Massachusetts.*
>
> 7.    *Tringali founded S.E.E. in 1988 as a sales organization engaged in selling various analytical devices and systems used in the microprocessor industry*
>
> . . .
>
> 31.    *On December 31, 2001, defendants Martin and Lee filed the articles of organization for Quantum Dynamics International, LLC, ("Quantum") a Massachusetts limited liability corporation.*
>
> 32.    *Quantum's principal place of business was located at Martin and Lee's residence.*
>
> 33.    *Martin and Lee formed Quantum for the purpose, and with the intent of designing, marketing and installing an integrated, computerized analytical device to compete directly with S.E.E.'s product.*
>
> 34.    *Defendants Martin and Lee did not disclose to S.E.E. or Tringali their intention to establish a competing corporation, Quantum Dynamics International, LLC.*
>
> 35.    *Defendants Martin and Lee did not offer S.E.E. or*

*Tringali the opportunity to participate in S.E.E.'s business.*

36. *Martin and Lee organized Quantum while they were employed by S.E.E., still served as directors of S.E.E., Inc. and together owned 21% of S.E.E.'s stock.*

37. *On or about January 9, 2002, after Martin and Lee had unsuccessfully attempted to force Tringali to sell to them his majority interest in S.E.E., Martin and Lee resigned from their positions as officers and directors of S.E.E.*

38. *Unbeknownst to Tringali, prior to resigning from S.E.E., Martin and Lee had duplicated the paper and digital records containing all of S.E.E.'s confidential and proprietary information of S.E.E., including but not limited to all of the design and development information for the Enhanced Product, and all of S.E.E.'s Analytical Product customer information, and had removed the copies from S.E.E.'s facility.*

39. *Unbeknownst to Tringali, prior to resigning from S.E.E., Martin and Lee had removed from the S.E.E. facility a portion of S.E.E.'s inventory of the components to be integrated into the Analytical Product and/or the Enhanced Product.*

40. *Unbeknownst to Tringali, prior to resigning from S.E.E., Martin and Lee destroyed certain of S.E.E.'s corporate records, including all paper records and digital information regarding the specifications for the Enhanced Product, all computer code written for integration into the Enhanced Product, and all documentation regarding the process developed for assembling and manufacturing the Enhanced Product.*

41. *Within two weeks of their resignation from S.E.E. Martin and Lee, as employees, managers, and sole equity owners of Quantum, began to market a product virtually identical to S.E.E. s product except that it included the features that S.E.E. had discussed and planned to incorporate into the Enhanced Product while Martin and Lee were*

9

*directors and stockholders of S.E.E.*

42. *After Martin and Lee resigned, but while they were still stockholders of S.E.E., Quantum marketed its product by contacting S.E.E.'s existing customers, representatives and distributors to offer them products and services in direct competition with S.E.E.*

43. *On information and belief Martin sold Quantum's product to customers that Martin had solicited while he was being paid by S.E.E. to market S.E.E.'s Enhanced Product.*

Defendants Martin and Lee's decision to more to dismiss on these grounds is the subject of a motion for sanctions pursuant to Fed.R.Civ.P. 11, to be filed tomorrow.

## III.  <u>THERE ARE SUFFICIENT FACTS TO ESTABLISH DAMAGES IN THE JURISDICTIONAL AMOUNT.</u>

A general allegation of damages in excess of the jurisdictional amount is sufficient unless questioned by the Defendant.  As stated in <u>Speilman v. Genzyme Corp.</u>, 251 F.3rd 1, 6 (1st Cir. 2001) Once challenged, the Plaintiff has the burden of alleging, "with sufficient particularity, facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount."  <u>Id.</u>, <u>citing</u> <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283 288-289, 58 S.Ct. 586 (1938).

Here, Plaintiff Phillip Tringali specifically alleges that he is a stockholder in S.E.E., Inc., and that Defendants Martin and Lee's conduct caused S.E.E. to fail, rendering his interest

therein worthless. [Plaintiff's Complaint, ¶¶ 6, 51, 52].

Defendants Martin's and Lee's Norfolk County shareholder's derivative suit alleges that the book value of all of S.E.E., Inc.'s common stock was $499,239.00 in January 2002.  It also alleges that Plaintiff Phillip Tringali owned 70% of S.E.E.'s stock at that time.  [See Exhibit "2", Norfolk Complaint, p. 4, ¶ 25; p. 7, ¶ 36].

Defendants' own allegations establish that Plaintiff Phillip Tringali's interest in S.E.E., Inc. was worth $349,467.30, before it became worthless as a result of Defendants' alleged conduct. Defendants Martin and Lee have been aware of the value of S.E.E. since 2002.  This argument is also the subject of Plaintiff Phillip Trinagli's Rule 11 Motion.

### CONCLUSION

WHEREFORE, Plaintiff Phillip Tringali respectfully requests that Defendants Paul Martin and Jumi Lee be denied, and that they be subject to sanction as requested in Plaintiff Phillip Trinali's Rule 11 Motion, to be filed tomorrow.

11

                              RESPECTFULLY SUBMITTED,
                              Phillip Tringali,
                              By their attorney,


Date: May 2, 2005         _____//Daniel Treger//_____
                              Jeffrey J. Phillips, Esq.
                              B.B.O. #398480
                              Daniel Treger, Esq.
                              B.B.O. #562147
                              Phillips & Angley
                              One Bowdoin Square
                              Boston, MA 02114
                              Tel No.: (617) 367-8787
L:\LITG\Trng001\dismissopp.wpd

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

PHILIP TRINGALI,                )
                                )
        Plaintiff,              )
                                )
v.                              )
                                )
PAUL MARTIN AND                 )
JUMI LEE,                       )
                                )
        Defendants              )

PLAINTIFF, PHILIP TRINGALI'S OPPOSITION TO
DEFENDANTS, PAUL MARTIN AND JUMI LEE'S
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.
SUPERIOR COURT DEPARTMENT
Civil Action No. 2002-00306

S.E.E., Inc.,                          )
                                       )
          Plaintiff                    )
                                       )
v.                                     )
                                       )
Quantum Dynamics International,        )
LLC, Paul Martin and Jumi Lee,         )
                                       )
          Defendants                   )
                                       )

## AMENDED COMPLAINT

### INTRODUCTION

1.    The plaintiff in this action S.E.E., Inc. ("SEE") seeks injunctive relief and other

damages against two former directors and employees, Paul Martin ("Martin") and Jumi

Lee ("Lee"), and their new employer, Quantum Dynamics International, LLC

("Quantum"), arising from their conduct, which involved but was not limited to

misappropriation of plaintiff's trade secrets and other confidential and proprietary

business information.  Both Martin and Lee acquired, through their respective positions

within and for plaintiff, comprehensive knowledge of SEE's most sensitive product

development and customer-related trade secrets and confidential information.

2.    Plaintiff seeks a preliminary injunction to prevent the immediate and irreparable

harm which will result from the defendants' disclosure and use of plaintiff's proprietary

and confidential information, including but not limited to plaintiff's database, source

*"B"*

codes, configurations of computer programs and other business information belonging to the plaintiff.

3.     SEE is headquartered in Massachusetts and is actively engaged in the field of developing computer programs and software to be used in the forensic sciences.

4.     Quantum is headquartered in Massachusetts and is also actively engaged in the field of developing computer programs and software to be used in the forensic sciences.

5.     SEE was incorporated in 1988 and presently employees five (5) persons in addition to a network of distributors and manufacturer's representatives. SEE's 2001 sales revenues were in excess of $2.1 million.

6.     SEE designs, programs, and installs analytic instruments, incorporating proprietary software, and using unique source codes not made generally known to the public, for devices used in the forensic sciences. SEE's other projects include development of semiconductor technology for use both within and without the forensic sciences.

7.     Quantum was formed by Martin and Lee as a two (2) employee organization on December 31, 2001, and markets itself as a firm engaged in a field directly competitive to SEE, namely, a software consulting service that designs, markets and installs computer software for devices used in the forensic sciences. On December 31, 2001, both Martin and Lee were officers and directors of SEE.

8.     Quantum and its principals and corporate officers, as a result of the technology developed while they were employees and directors of SEE, is in a unique position to become SEE's principal competitor in the analytical equipment field because of its

knowledge and possession of SEE's confidential and proprietary trade secrets and database.

9.    The market niche for forensic instruments is very small. SEE has been the leading provider of such instruments. Quantum and SEE are now competing for the same customers.

10.    SEE's unique combinations and special uses of software and specially designed hardware and the development of subsequent proprietary source codes are held secret, are only intended to be known on a "need to know' basis by persons within the company, are not generally known in the industry and are not disclosed in the marketing materials used by the corporation. The codes are encrypted by SEE to prevent access even by the purchasers of the ultimate forensic instruments.

11.    SEE takes many precautions to protect the confidentiality of its trade secrets and business information: SEE limits dissemination of such information only to those with a need to know; utilizes physical security measures such as individual passwords to access the company database; restricts access to the source codes to the programmers; requires potential new hires to sign non-disclosure agreements; and, marks marketing materials as copyrighted.

12.    SEE has expended many years in cultivating and nurturing its customer relationships, a factor critical to its success. SEE's database contains critical proprietary information regarding these customers or potential customers, including their needs, requirements, responsible persons, telephone numbers, addresses and the like.

13.    SEE has generated much goodwill with its customers by selling additional products and services to them.

20.    Martin was made a Director of SEE, and received benefits attendant to that status, including being granted a percentage interest in the stock of the corporation, and the opportunity to purchase additional company stock at nominal value.

21.    On or about January 9, 2002, after nearly six (6) years of employment with SEE, Martin voluntarily resigned his position as Senior Vice President of Sales and Marketing and as a Director of the Corporation.

22.    Martin formed, incorporated and commenced employment with Quantum, in 2001, while still an employee, officer and director of SEE. Quantum is a research, development and marketing company that competes directly with SEE.

23.    On or about October 1, 1996, Lee began working at Wavetech, an organization that provided research and development consulting services to SEE. In her consultant role, she worked closely with her husband, Martin, developing SEE's proprietary and confidential products.

24.    Approximately six (6) months later, Lee was hired as an employee of SEE. As part of her duties, Lee utilized proprietary source codes, interacted with SEE's customers, and performed work on-site for SEE's customers and their employees.

25.    Lee clearly understood from the start of her consulting work at, and from the beginning of her employment with, SEE that the research and development work for which she was hired was of a sensitive and highly confidential nature, and was not to be shared unless authorized to do so.

26.    Lee was made a Director of SEE, and received benefits attendant to that status, including being granted a percentage interest in the stock of the corporation, and the opportunity to purchase additional company stock at nominal value.

## PARTIES

14.     Plaintiff, S.E.E., Inc. ("SEE") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 48 Leona Drive, Unit D, Middleborough, Massachusetts 02346.

15.     Defendant Quantum Dynamics International, LLC ("Quantum") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 54 Heritage Road, Quincy, Massachusetts. The corporation was organized on December 31, 2001.

16.     Defendant Paul Martin ("Martin") is an individual who resides at 54 Heritage Road, Quincy, Massachusetts. Defendant Martin is married to defendant Jumi Lee. Defendant Martin is a principal of Defendant Quantum.

17.     Defendant Jumi Lee ("Lee") is an individual who resides at 54 Heritage Road, Quincy, Massachusetts. Defendant Lee is married to defendant Martin. Defendant Lee is a principal of Defendant Quantum.

18.     On or about May 8, 1996, Martin commenced his employment with SEE as a research analyst, developing SEE's proprietary and confidential products. As part of these duties, Martin utilized proprietary source codes, interacted with SEE's customers, and performed work on-site for SEE's customers and their employees.

19.     Martin clearly understood from the date of his hire that the research and development work for which he was hired was of a sensitive and highly confidential nature, and was not to be shared unless authorized to do so.

27.    During her tenure with SEE, Lee used and became familiar with SEE's

confidential information, including the manner in which SEE's product is installed,

SEE's pricing, SEE's contractual terms, SEE's financial information, and SEE's

customers and vendors.

28.    On or about January 9, 2002, after nearly five (5) years of employment with SEE,

Lee voluntarily resigned her position as Vice President of Operations and as a Director of

the Corporation.

29.    Lee formed, incorporated and commenced employment with Quantum, in 2001,

while still an employee, officer and director of SEE.  Quantum is a research, development

and marketing company that competes directly with SEE.

## COUNT I
### (BREACH OF IMPLIED CONTRACT OF EMPLOYMENT-MARTIN)

30.    SEE repeats and realleges the allegations of paragraphs 1 through 29 of its

Amended Complaint as if fully set forth herein.

31.    SEE has fully performed its obligations to Martin under the parties' implied

agreement of employment.

32.    Martin had failed to perform his obligations SEE, including, but not limited to,

protecting the confidentiality of proprietary information and loyalty to SEE both when he

was a current employee and as former employee.

33.    Martin's breach of the agreement to SEE, which included, but was not limited to,

maintaining the confidentiality of SEE's information and proprietary products including

software and codes, proprietary hardware and SEE's internal database, and the using of

such information on behalf of Quantum, his new employer, presents an immediate threat

of irreparable harm to SEE.

34.    As a direct and proximate result of these breaches of duty, SEE has suffered damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests that this Court award judgment to SEE and against defendant Martin; award money damages to SEE in an amount to be determined by this Court; award to SEE its interest, costs and attorneys' fees incurred in this action; and award such other and further relief that this Court deems just and proper.

## COUNT II
### (BREACH OF IMPLIED CONTRACT OF EMPLOYMENT-LEE)

35.    SEE repeats and realleges the allegations of paragraphs 1 through 34 of its Amended Complaint as if fully set forth herein.

36.    SEE has fully performed its obligations to Lee under the parties' implied agreement of employment.

37.    Lee had failed to perform her obligations to SEE, including, but not limited to, protecting the confidentiality of proprietary information and loyalty to SEE both when he was a current employee and as former employee.

38.    Lee's breach of the agreement to SEE, which included, but was not limited to, maintaining the confidentiality of SEE's information and proprietary products including software and codes, proprietary hardware and SEE's internal database while an employee of SEE, and the using of such information on behalf of Quantum, her new employer, presents an immediate threat of irreparable harm to SEE.

39.    As a direct and proximate result of these breaches of duty, SEE has suffered damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests that this Court award judgment to SEE and against defendant Lee; award money damages to SEE in an amount to be determined by

this Court; award to SEE its interest, costs and attorneys' fees incurred in this action; and

award such other and further relief that this Court deems just and proper.

## COUNT III
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IN AT-WILL CONTRACT OF EMPLOYMENT-MARTIN)

40.     SEE repeats and realleges the allegations of paragraphs 1 through 39 of its

Amended Complaint as if fully set forth herein.

41.     SEE has fully performed its obligations to Martin under the parties' implied at-

will agreement of employment.

42.     Martin has failed to perform his obligations to SEE, including, but not limited to,

protecting the confidentiality of proprietary information and loyalty to SEE as a current

employee.

43.     Martin's breach of the at-will contract of employment with SEE, which included,

but was not limited to, maintaining the confidentiality of SEE's information and

proprietary products including software and codes, proprietary hardware and SEE's

internal database was willful and in bad faith.

44.     As a direct and proximate result of these breaches of the implied covenant of good

faith and fair dealing, SEE has suffered damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests that this Court award judgment to SEE and

against  defendant Martin; award money damages to SEE in an amount to be determined

by this Court; award to SEE its interest, costs and attorneys' fees incurred in this action;

and award such other and further relief that this Court deems just and proper.

## COUNT IV
## (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IN AT-WILL CONTRACT OF EMPLOYMENT-LEE)

45.     SEE repeats and realleges the allegations of paragraphs 1 through 44 of its Amended Complaint as if fully set forth herein.

46.     SEE has fully performed its obligations to Lee under the parties' implied at-will agreement of employment.

47.     Lee has failed to perform her obligations to SEE, including, but not limited to, protecting the confidentiality of proprietary information and loyalty to SEE as a current employee.

48.     Lee's breach of the at-will contract of employment with SEE, which included, but was not limited to, maintaining the confidentiality of SEE's information and proprietary products including software and codes, proprietary hardware and SEE's internal database was willful and in bad faith.

49.     As a direct and proximate result of these breaches of the implied covenant of good faith and fair dealing, SEE has suffered damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests that this Court award judgment to SEE and against defendant Lee; award money damages to SEE in an amount to be determined by this Court; award to SEE its interest, costs and attorneys' fees incurred in this action; and award such other and further relief that this Court deems just and proper.

## COUNT V
## (BREACH OF FIDUCIARY DUTY – MARTIN)

50.     SEE repeats and realleges the allegations of paragraphs 1 through 49 of its Amended Complaint as if fully set forth herein.

51.    As a director, officer and senior managerial employee who occupied a position of trust and confidence at SEE, Martin owed fiduciary duties of good faith and loyalty to SEE.

52.    As a director, officer and senior managerial employee who occupied a position of trust and confidence at SEE, Martin owed his co-directors and SEE a duty of complete candor in all dealings that affected their interests. He was bound to act with absolute fidelity, placing his duties to SEE above every other financial and business obligation.

53.    Martin breached his fiduciary duties to SEE.

54.    As a direct and proximate result of these breaches of fiduciary duty, SEE has suffered damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests that this Court award judgment to SEE and against defendant Martin; award money damages to SEE in an amount to be determined by this Court; award to SEE its interest, costs and attorneys' fees incurred in this action; and award such other and further relief that this Court deems just and proper.

## COUNT VI
## (BREACH OF FIDUCIARY DUTY – LEE)

55.    SEE repeats and realleges the allegations of paragraphs 1 through 54 of its Amended Complaint as if fully set forth herein.

56.    As a director, officer and senior managerial employee who occupied a position of trust and confidence at SEE, Lee owed fiduciary duties of good faith and loyalty to SEE.

57.    As a director, officer and senior managerial employee who occupied a position of trust and confidence at SEE, Lee owed her co-directors and SEE a duty of complete candor in all dealings that affected their interests. She was bound to act with absolute fidelity, placing her duties to SEE above every other financial and business obligation.

58.    Lee breached her fiduciary duties to SEE.

59.    As a direct and proximate result of these breaches of fiduciary duty, SEE has

suffered damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests that this Court award judgment to SEE and

against defendant Lee; award money damages to SEE in an amount to be determined by

this Court; award to SEE its interest, costs and attorneys' fees incurred in this action; and

award such other and further relief that this Court deems just and proper.

## COUNT VII
### (INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS CONTRACTUAL RELATIONS – QUANTUM)

60.    SEE repeats and realleges the allegations of paragraphs 1 through 59 of its

Amended Complaint as if fully set forth herein.

61.    Quantum knew or should have known that Martin and Lee owed a duty of good

faith and loyalty to their former employer, SEE.

62.    Despite said knowledge, Quantum interfered with that duty.

63.    Said interference by Quantum was intentional, malicious and without lawful

justification.

64.    As a direct and proximate result of this interference, SEE has suffered damages in

an amount to be determined at trial.

WHEREFORE, plaintiff requests that this Court award judgment to SEE and

against defendant Quantum; award money damages to SEE in an amount to be

determined by this Court; award to SEE its interest, costs and attorneys' fees incurred in

this action; and award such other and further relief that this Court deems just and proper.

## COUNT VIII
### (MISAPPROPRIATION OF TRADE SECRETS AND CONFIDENTIAL AND PROPRIETARY INFORMATION IN VIOLATION OF M.G.L. c. 93, sec. 42 and 42A – ALL DEFENDANTS)

65.     SEE repeats and realleges the allegations of paragraphs 1 through 64 of its Amended Complaint as if fully set forth herein.

66.     Upon information and belief, Martin and Lee have certain trade secrets and confidential and proprietary information in their possession that is the confidential and proprietary information of SEE, acquired during the course of their employment with SEE.

67.     Upon information and belief, Martin and Lee have disclosed or will disclose to Quantum or others certain of SEE's trade secrets and confidential and proprietary information.

68.     Upon information and belief, Martin and Lee have used or will use during the course of their employment by Quantum, certain of SEE's trade secrets and confidential and proprietary information.

69.     The defendants have embezzled, stolen or unlawfully taken, carried away, concealed or copied the trade secrets of SEE with the intent to convert the trade secrets to their own use, in violation of M.G.L. c. 93, sec. 42 and 42A.

70.     The possession, disclosure and use of such information by the defendants constitutes a misappropriation of trade secrets and confidential and proprietary information in violation of M.G.L. c. 93, sec. 42 and 42A.

71.     As a direct and proximate result of the misappropriation of SEE's trade secrets and confidential and proprietary information, SEE has suffered damages in an amount to

be determined at trial. SEE will also suffer substantial, immediate and irreparable harm unless the defendants are enjoined from disclosing and using such trade secrets and confidential and proprietary information.

WHEREFORE, plaintiff requests that this Court award judgment to SEE and against all defendants; award multiple damages to SEE in an amount to be determined by this Court; enjoin defendants from disclosing and using such trade secrets and confidential and proprietary information; award to SEE its interest, costs and attorneys' fees incurred in this action; and award such other and further relief that this Court deems just and proper.

## COUNT IX
### (VIOLATION OF M.G.L. c. 93A -- ALL DEFENDANTS)

72. SEE repeats and realleges the allegations of paragraphs 1 through 71 of its Amended Complaint as if fully set forth herein.

73. Defendants are each "persons" and engage in "trade or commerce" within the meaning of M.G.L. c. 93A, sec. 1.

74. Defendants have or will use and disclose during their employment with Qauntum trade secrets unlawfully misappropriated during their employment with SEE, to unfairly and unlawfully compete with SEE.

75. Defendants' actions were unfair and deceptive and constitute knowing and willful violations of M.G.L. c. 93A, sec. 11.

76. As a direct and proximate result of defendants' violations of M.G.L. c. 93A, SEE has suffered substantial injury.

WHEREFORE, plaintiff requests that this Court award judgment to SEE and against all defendants; award multiple damages to SEE in an amount to be determined by

this Court; award to SEE its interest, costs and attorneys' fees incurred in this action; and award such other and further relief that this Court deems just and proper.

## COUNT X
### (ACCOUNTING – QUANTUM)

77.   SEE repeats and realleges the allegations of paragraphs 1 through 76 of its Amended Complaint as if fully set forth herein.

78.   SEE demands an accounting of the books and records of Quantum for the period of time from December 31, 2001 to the present.

WHEREFORE, plaintiff requests that this Court order an accounting of the books and records of Quantum for the period of time December 31, 2000 to the present.

## COUNT XI
### (CIVIL CONSPIRACY - ALL DEFENDANTS)

79.   SEE repeats and realleges the allegations of paragraphs 1 through 78 of its Amended Complaint as if fully set forth herein.

80.   The defendants have conspired, expressly or otherwise, to compete unfairly and unlawfully with SEE.

81.   As a result of the acts perpetrated through defendants' conspiracy, the defendants have inflicted substantial harm upon SEE.

WHEREFORE, plaintiff requests that this Court award judgment to SEE and against all defendants; award damages to SEE in an amount to be determined by this Court; award to SEE its interest, costs and attorneys' fees incurred in this action; and award such other and further relief that this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, SEE prays that this Court:

a.    Award judgment to SEE and against all defendants on all Counts of this Amended Complaint;

b.    Award money damages to SEE in an amount to be determined by this Court;

c.    Order an accounting and disgorgement of all ill-gotten gains defendants have obtained as a result of their unlawful conduct;

d.    Award SEE double or treble damages as provided for under M.G.L. c. 93, sec. 42, and M.G.L. c. 93A, sec. 11;

e.    Enter orders temporarily, preliminarily and permanently enjoining:

        1.    defendants from using and disclosing all of the information contained in the database of SEE, organized in the software program, "ACT";

        2.    defendants from communicating by any means with any of the past present or potential customers of SEE whose informtcion appears in the database of SEE;

        3.    defendants from communicating by any means the trade secretes of SEE;

        4.    defendants from destroying, altering, formatiing, deleting, renaming or otherwise hiding or destroying the information contained in the Toshiba Tecra laptop computers and any other computers owned or used by defendants;

f.    Order that the Deputy Sheriff for Plymouth County or other special process server as the Court may designate, seize and bring before this Court the two Toshiba

Tecra laptop compuers which contain the confidential and proprietary information and trade secrets of SEE;

g.   Order that the defendants produce to this Court all passwords and access codes to enable the Court to have total access to all programs and files contained on the Toshiba Tecra laptops;

h.   Order an accounting of the books and records and the business affairs of Quantum for the period of December 31, 2001 to the present, to be paid by Quantum; and

i.   Award to SEE its interest, costs and attorneys' fees incurred in this action; and award such other and further relief that this Court deems just and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES.

DATED: April 8, 2002

S.E.E., INC.
By Its Attorneys,

CAMPBELL CAMPBELL EDWARDS &
CONROY
PROFESSIONAL CORPORATION

Brian P. Voke (BBO# 544327)
David Traniello (BBO# 636458)
One Constitution Plaza
Boston, MA 02110
(617) 241-3000

OPPENHEIM & MAIRE, LLP

Susan S. Maire (BBO#315360)
313 Plymouth Street
Halifax, MA 02338
(781) 294-8000

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

PHILIP TRINGALI,     )
                   )
      Plaintiff,   )
                   )
v.                 )
                   )
PAUL MARTIN AND    )
JUMI LEE,          )
                   )
      Defendants   )

PLAINTIFF, PHILIP TRINGALI'S OPPOSITION TO
DEFENDANTS, PAUL MARTIN AND JUMI LEE'S
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

EXHIBIT 2

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT
C.A. NO. 02-801

PAUL MARTIN and JUMI LEE,  )
Individually and as Stockholders on )
behalf of S.E.E., INC.  )
    Plaintiffs  )
                   )
V.  )
                   )
S.E.E., INC. and PHILLIP TRINGALI )
    Defendants  )

### FIRST AMENDED VERIFIED
### COMPLAINT AND DEMAND FOR JURY TRIAL

## PARTIES AND NATURE OF ACTION

1.     Plaintiff Paul Martin ("Martin") is a resident of Quincy, Norfolk County, Massachusetts.

2.     Plaintiff Jumi Lee ("Lee") is a resident of said Quincy.

3.     S.E.E., Inc. ("S.E.E."), named both as plaintiff and defendant herein, is a corporation duly organized under the laws of the Commonwealth of Massachusetts, with a principal place of business at 48 Leona Drive, Middleborough, Massachusetts.

4.     Defendant Phillip Tringali ("Tringali") has a usual place of business at the offices of S.E.E. at Middleborough, aforesaid.

## NATURE OF ACTION

5.     This action is brought as a derivative action, pursuant to Mass.R.Civ.P. 23.1, for individual claims of the plaintiffs, pursuant to Mass. G.L. c.149 §150, and for common law causes of action.  The derivative action principally concerns the use of corporate funds by the defendant Tringali for the purchase of a vacation home in Bridgton, Maine, such funds being used for the purchase, mortgage payments, payments of real estate taxes and maintenance on the property, which has no business purpose, the property being used by Tringali as his vacation home.  The plaintiffs are informed and believe that

Tringali has caused S.E.E. to improperly deduct as business expenses on S.E.E.'s Federal and Massachusetts corporation tax returns, expenses for depreciation, interest, real estate taxes and maintenance with respect to said property, which has and will expose S.E.E. to additional taxes, penalties and interest.

Background Facts

6.    From February, 1994 to April, 1996, Martin was employed by Nanometrics of Sunnyvale, California, as product manager of its microspectrometer division. When Nanometrics closed its division in April, 1996, Martin was laid off and commenced employment with S.E.E.

7.    Martin together with S.E.E., on or about May, 1996, started an analytical microspectrometer business in Martin's home in San Francisco.

8.    Martin's wife, Jumi Lee ("Lee"), was hired by S.E.E. on or about October, 1996, to assist Martin in the development of the microspectrometer division.

9.    At S.E.E.'s direction, on or about February, 2000, Martin and Lee moved the microspectrometer division from San Francisco to S.E.E.'s place of business at Middleborough, Massachusetts. Lee and Martin worked at Middleborough from February, 2000 until they both resigned from S.E.E. on or about January 9, 2002.

10.    S.E.E. issued 20,000 shares of its common stock to Martin as follows:

    a.    February 28, 1997, 20,000 shares were issued to Martin in consideration for his services and development of the microspectrometer division.

    b.    On or about August 28, 2000, Martin purchased from Tringali an additional 5,000 shares.

11.    S.E.E. issued 15,000 shares of its common stock to Lee as follows:

    a.    On May 13, 1998, S.E.E. issued 8,000 shares to Lee in partial consideration for the performance of her services for S.E.E.

    b.    On April 20, 1999, S.E.E. issued 2,000 shares, again, as consideration for the services she had performed for S.E.E.

c.     On August 28, 2000, Lee purchased an additional 5,000 shares
       from Tringali.

12.    At the present time Martin and Lee together own a total of 40,000 shares
or approximately 21% of the outstanding common stock of S.E.E.

Tringali's Vacation Home

13.    On or about September 3, 1998, S.E.E. purchased a vacation home in
Bridgton, Maine (the "Bridgton Property"). The plaintiffs are informed that the
original purchase price for this property was approximately $206,400, that
corporate funds of S.E.E. were used for the down payment, and that S.E.E.
borrowed the balance of the purchase price from the Northeast Bank in the
original amount of $147,000 secured by a first mortgage.

14.    Since the date of the purchase, the Bridgton Property has been used by
Tringali as his personal vacation home, notwithstanding that the mortgage
principal, interest, taxes and other expenses for the maintenance of the
Bridgton residence have been paid by S.E.E.

15.    S.E.E. has listed the Bridgton Property on its books as a business asset
and has listed the note and mortgage as a corporate liability.

16.    Notwithstanding that S.E.E. lists the Bridgton Property as a business
asset on its books and records and financial statements, since the time of its
purchase, it has produced virtually no income as it has been used as Tringali's
personal vacation home.

17.    For the fiscal year ended June 30, 1999, S.E.E.'s books and records
showed no rental income; for the following year ended June 30, 2000, the
books and records showed rental income of $5,440, and in the most recent
fiscal year ended June 30, 2001, the books and records showed no rental
income.

Martin and Lee's Resignation

18.    After Martin and Lee moved the microspectrometer division to
Middleborough in February, 2000, as stated herein above, Lee took on
additional duties overseeing the finances and accounting system of S.E.E.

3

19.    By March, 2000, Martin and Lee experienced differences with Tringali concerning the operation and finances of S.E.E., including but not limited to the conduct of certain litigation and S.E.E.'s purchase of the vacation home for Tringali's personal use.

20.    The differences between Martin and Lee and Tringali continued into the fall of 2001. On or about October 9, 2000, Tringali threatened to fire Lee, and thereafter Tringali again threatened to fire Lee on or about December 20, 2001, and again, on or about January 3, 2002.

21.    Furthermore, Tringali represented that he would discontinue the use of the Bridgton Property as a business asset and take steps to remove the expense and the liability from S.E.E.'s books and records, however, he failed and refused to do so.

22.    On or about January 9, 2002, Martin and Lee both resigned from S.E.E.

Stock Re-Purchase Agreement

23.    The stock issued to Martin and Lee as aforesaid, as well as all of the other common stock issued to other stockholders including Tringali is subject to the terms of an agreement entitled "Agreement Between Corporation and Stockholders Restricting Transfer of Shares" dated December 4, 1996 (Exhibit "A" hereto).

24.    Pursuant to the provisions of section 5 of the Agreement of December 4, 1996, upon Martin and Lee's termination, S.E.E. is obligated to purchase the stock of Martin and Lee in an amount equal to the book value of the stock. Demand was made for repurchase of their stock, however, S.E.E. has refused to repurchase the stock of Martin and Lee.

25.    According to S.E.E.'s balance sheet as of June 30, 2001 (Exhibit "B" hereto), the total book value of all of the issued S.E.E. common stock, shown as Stockholder's Equity, is the amount of $499,239. Martin and Lee's proportionate share of the book value according to the June 30, 2001 balance sheet, based upon their 21% ownership interest, is approximately $99,850.

4

26.    Martin and Lee, however, believe that the book value of their stock as shown on the S.E.E. balance sheet is understated by reason of the following:

    a.    S.E.E.'s payments for the purchase and maintenance of Tringali's vacation home which have been improperly charged to S.E.E. and therefore have reduced the book value of their stock.

    b.    Other transactions which may also have reduced their book values, including but not limited to excessive expenses taken by Tringali, payment by S.E.E. of Tringali's personal expenses and loans by S.E.E.

27.    Notwithstanding the provisions of the Agreement of December 4, 1996, on or about January 11, 2002, Martin and Lee entered into an agreement wherein Tringali and/or S.E.E. agreed to purchase all of Martin and Lee's stock for $200,000. Tringali and S.E.E. have also refused to perform the agreement of January 11, 2002.

Claim for Unpaid Vacation and Commissions

28.    According to S.E.E.'s records, at the time of Martin's resignation from S.E.E. on January 9, 2002, Martin had earned 256.47 hours of vacation (Exhibit "C" hereto), to which he would be entitled to at his rate of pay, the amount of $14,179.84. On January 29, 2000, S.E.E. paid him the amount of $4,006.75, leaving a balance due for his vacation pay in the amount of $10,173.09.

29.    Martin is also due commissions from S.E.E. in the amount of approximately $1,900.00.

30.    Lee is due commissions from S.E.E. in the amount of approximately $1,100.00.

31.    Martin and Lee made demand upon S.E.E. for payment of Martin's vacation pay and Martin and Lee's unpaid commissions by letter dated February 19, 2002, however, S.E.E. has neglected and refused to pay the amounts due to Martin and Lee for vacation pay and commissions.

Derivative Action

32.    This action is brought, in part, pursuant to Mass.R.Civ.P. 23.1, as a derivative action to enforce the rights of S.E.E. and its stockholders.

33.    By letter dated March 22, 2002 (Exhibit "D" hereto), Martin and Lee made demand upon the stockholders and directors to investigate and remedy matters pertaining to the conduct of business of S.E.E., including but not limited to the following matters:

     a.     Purchase of Tringali's vacation home, the Bridgton Property, and the use of corporate funds for the payment of the purchase price, mortgage, and other expenses.

     b.     The lack of any substantial rental income from said property.

     c.     Excessive reimbursement of business expenses paid to Tringali.

     d.     Loans from S.E.E. to Tringali.

     e.     Whether the corporation has discharged any loans or receivables or notes receivable to any other third party.

     f.     To the extent to which Tringali has failed to perform his duties for S.E.E. while devoting his attention to the purchase of a motel property.

34.    S.E.E., by its attorney, responded by letter dated March 26, 2002 (Exhibit "E" hereto), however, as of the date hereof, S.E.E.'s Board of Directors has not taken any action with respect to the demands made by the plaintiffs in their letter of March 22, 2002.

35.    At this time some several weeks have elapsed since the plaintiffs made demand upon the stockholders and directors of S.E.E., there appears to be no likelihood that the stockholders and directors will take any action in view of their failure to respond, and therefore, plaintiffs having waited a reasonable time for such response, are now entitled to bring this action for derivative relief.

36.    Notwithstanding the demand made by the plaintiffs upon the stockholders and directors, the plaintiffs believe that such demand, in any event, would be futile since Tringali is the controlling stockholder of S.E.E.

owning approximately 70%, and the members of the board of directors, other than Tringali, are not disinterested persons, and are under the control of Tringali.

## COUNT I – Inspection of Books and Records

37.    Paragraphs 1 through 36 are incorporated herein by reference.

38.    Pursuant to G.L. c.156B §32 and the common law, plaintiffs have the right to inspect the books, records and accounts of S.E.E. .

39.    On or about March 1, 2002, pursuant to G.L. c.156B §32, plaintiffs, acting in good faith for the purpose of advancing S.E.E.'s interests and protecting their own interests, requested inspection of the articles of organization, by-laws, records of meetings and stock transfer records.

40.    On or about March 18, 2002, the plaintiffs requested the examination of the books and records pertaining to the financial condition of S.E.E.

41.    Notwithstanding said request, the defendants have refused to permit the plaintiffs to inspect the records requested.

42.    Plaintiffs petition the Court for an order requiring the defendants to produce for inspection all of the books, records and accounts of S.E.E. in a timely and reasonable manner.

## COUNT II – Breach of Fiduciary Duty to Stockholders

43.    Paragraphs 1 through 42 are incorporated herein by reference.

44.    By virtue of his role as president and controlling stockholder of S.E.E., Tringali stood in a fiduciary relationship to the plaintiffs and owed a duty of utmost good faith and fair dealing.

45.    Tringali acted in bad faith, was guilty of willful misconduct, and otherwise breached his fiduciary duty to the plaintiffs.

46.    As a result of Tringali's breach of fiduciary duty, plaintiffs have sustained damage as alleged.

## COUNT III – Breach of Fiduciary Duty to S.E.E.

47.    Paragraphs 1 through 46 are incorporated herein by reference.

7

48.    By virtue of his role as president and controlling stockholder of S.E.E.,
Tringali stood in a fiduciary relationship to S.E.E. and owed a duty of utmost
good faith and fair dealing.

49.    Tringali acted in bad faith, was guilty of willful misconduct, and
otherwise breached his fiduciary duty to S.E.E.

50.    As a result of Tringali's breach of fiduciary duty, S.E.E. has sustained
damage as alleged.

## COUNT IV – Implied Covenant of Good Faith and Fair Dealing

51.    Paragraphs 1 through 50 are incorporated herein by reference.

52.    Implicit in the duty owed by Tringali to the stockholders and S.E.E. is the
covenant of good faith and fair dealing.

53.    Tringali breached the covenant of good faith and fair dealing as set forth
above by reason of the purchase and maintenance of the Bridgton Property
used as his vacation home, using corporate funds of S.E.E. for the purchase
and maintenance of said property while producing virtually no income, and his
breach of fiduciary duty as aforesaid.

## COUNT V – Accounting

54.    Paragraphs 1 through 53 are incorporated herein by reference.

55.    The defendant Tringali, for his own personal advantage, has been making
use of the Bridgton Property as his vacation home and as stated aforesaid,
used corporate funds of S.E.E. for the purchase, mortgage payments and
maintenance of said property.

56.    The plaintiffs are informed and believe that Tringali has caused S.E.E. to
improperly deduct as business expenses on its Federal and Massachusetts
corporation tax returns, expenses relating to the Bridgton Property for
depreciation, interest, real estate taxes and maintenance.

57.    The plaintiffs are informed and believe and estimate that as a result of
the improper deductions for depreciation, interest and real estate taxes only, as
the plaintiffs are not aware of the amount of expenses deducted for

maintenance, S.E.E. may be exposed to substantial additional Federal and Massachusetts tax liabilities, together with penalties and interest.

58.    As a result of the conduct of Tringali, as aforesaid, Tringali should be ordered to account for and pay over and reimburse S.E.E. for all of the monies and funds of S.E.E. used for the purchase of the Bridgton Property, mortgage payments, maintenance and other related expenses, together with all amounts which S.E.E. may be liable for by way of additional Federal and Massachusetts taxes, penalties and interest.

## COUNT VI – Breach of Contract

57    Paragraphs 1 through 56 are incorporated herein by reference.

58.    The defendants have breached the agreement to purchase the plaintiffs' stock as set forth in the Agreement of December 4, 1996.

59.    Furthermore, the defendants have breached the agreement for the repurchase of the plaintiff's stock in accordance with the agreement of the parties of January 11, 2002.

60.    As a result of the defendants' breach of the contract, the plaintiffs have sustained damage.

## COUNT VII – Massachusetts G.L. c.149 §150

61.    Paragraphs 1 through 60 are incorporated herein by reference.

62.    This Count is brought for violation of G.L. c.148 and for relief pursuant to c.149 §150 against both defendants.

63.    Massachusetts G.L. c.149 §148 requires the payment by an employer within six days of the termination of a pay period during which the compensation was earned or wages which by definition includes payment for vacations and commissions.

64.    Furthermore, c.149 §148 (fifth paragraph), also provides in pertinent part as follows:

> The president and treasurer of a corporation and any officers or agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation within the meaning of this section.

65.    At all times relevant hereto Tringali was the president of the employer
S.E.E. and therefore, he is deemed to be the employer within the meaning of
c.149 §148.

66.    The acts of S.E.E. and Tringali as set forth hereinabove, constitute a
violation of §148 for which Martin and Lee are entitled to pursue a civil action
to seek relief pursuant to c.149 §150.

67.    Chapter 149 §150 provides that an employee aggrieved by a violation of
§148 may bring an action in his own name for damages, including treble
damages for loss of wages and other benefits, costs and reasonable attorney's
fees.

## DEMAND FOR JURY TRIAL

The plaintiffs make demand for a jury trial as to all issues which are
triable by a jury.

## REQUEST FOR RELIEF

The plaintiffs make the following requests for relief.

(1)    That the Court award judgment to plaintiffs for damages, together
with interest, costs and attorney's fees, pursuant to Counts I
through IV and VI;

(2)    That the Court, pursuant to Count V, order an accounting from
the defendant Tringali, that Tringali be ordered to pay over and
reimburse to S.E.E., Inc. all monies and funds of S.E.E. used for
the purchase of the Bridgton Property, mortgage payments, real
estate taxes, maintenance and any other related expenses and, in
addition, that Tringali be ordered to account and pay over to S.E.E.
all amounts which S.E.E. may be liable for by way of additional
Federal and Massachusetts corporation taxes, interest and
penalties;

(3)    That thCe Court award the plaintiffs damages, including treble
damages, costs and attorney's fees, pursuant to Count VI, under
G.L. c.149 §150;

(4)   That the Court enter injunctive relief as set forth in Plaintiffs'
      Motion for Preliminary Injunction as amended, filed herewith;

(5)   For such other relief as the Court may deem just and proper.

May ____, 2002                                Attorney for plaintiffs,


                                    _____
                                    Roger S. Davis
                                    BBO No. 116320
                                    DAVIS & RUBIN
                                    One Bowdoin Square
                                    Suite 901
                                    Boston, MA  02114-2919
                                    (617) 742-4300

QDI:MARTIN:AMNDCOMP

11

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

PHILIP TRINGALI,              )
                              )
        Plaintiff,            )
                              )
v.                            )
                              )
PAUL MARTIN AND               )
JUMI LEE,                     )
                              )
        Defendants            )

PLAINTIFF, PHILIP TRINGALI'S OPPOSITION TO
DEFENDANTS, PAUL MARTIN AND JUMI LEE'S
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

EXHIBIT 3

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, S.S.

SUPERIOR COURT DIVISION
Civil Action No. 02-801

|  |  |  |
|---|---|---|
| PAUL MARTIN and JUMI LEE,<br>Individually and as Stockholders on<br>behalf of S.E.E., Inc. | ) ) ) ) | |
| | ) | DEFENDANTS S.E.E., INC AND<br>PHILLIP TRINGALI'S ANSWER TO |
| Plaintiffs | ) ) | PLAINTIFFS' COMPLAINT AND<br>COUNTERCLAIM |
| v. | ) ) | |
| S.E.E., INC. and PHILLIP TRINGALI<br>Defendants | ) ) ) ) | |

The defendants S.E.E., Inc. and Phillip Tringali answer the plaintiffs' complaint as follows:

1. The defendants admit the allegations contained in paragraphs 1, 2, 3 and 4 of the complaint.

2. The defendants have no knowledge of the truth of the allegations contained in paragraphs 5 and 6 of the complaint and therefore deny same.

3. The defendants deny the allegations contained in paragraphs 7 and 8 of the complaint.

4. The defendants admit that the analytical division of S.E.E. was moved from California to Middleborough, MA and that Lee and Martin worked at Middleborough until their resignations on January 9, 2002 and deny all other allegations contained in paragraph 9 of the complaint.

5. The defendants deny the allegations contained in paragraph 10 (a) of the complaint and admit the allegations contained in paragraph 10 (b) of the complaint.

6. The defendants deny the allegations contained in paragraph 11 (a) and (b) of the complaint, admit the allegations contained in paragraph 11(c) of the complaint.

7. The defendants admit the allegations contained in paragraph 12 of the complaint.

1

8. The defendants admit the allegations contained in paragraph 13 of the complaint.

9. The defendants admit that the mortgage principal, interest and taxes for the Bridgton property have been paid by S.E.E. and deny the remaining allegations contained in paragraph 14 of the complaint.

10. The defendants admit the allegations contained in paragraph 15 of the complaint.

11. The defendants deny the allegations contained in paragraph 16 of the complaint.

12. The defendants admit the allegations contained in paragraph 17 of the complaint.

13. The defendants deny the allegations contained in paragraph 18 of the complaint except to the extent that they admit that Lee was the person in charge of the finances and accounting system of S.E.E. during 2001 and 2002.

14. The defendants deny the allegations contained in paragraphs 19, 20 and 21 of the complaint.

15. The defendants admit the allegations contained in paragraphs 22 and 23 of the complaint.

16. The defendants admit that S.E.E. is obligated to purchase the stock of Martin and Lee in an amount equal to the book value of the said stock thirty (30) days prior to their termination with the corporation, i.e. December 9, 2001, and denies the remainder of allegations contained in paragraph 24 of the complaint.

17. The defendants admit the allegations contained in paragraph 25 of the complaint.

18. The defendants deny the allegations contained in paragraphs 26, 27, 28, 29, 30 and 31 of the complaint.

19. The defendants deny the allegations contained in paragraph 32 of the complaint.

20. The defendants admit the allegations contained in paragraph 33 of the complaint.

21. The defendants admit that the letter dated March 26, 2002 (Exhibit "E" of the complaint) was sent and deny all remaining allegations contained in paragraph 34 of the complaint.

22. The defendants deny the allegations contained in paragraphs 35 and 36 of the complaint, except to the extent that it is admitted that Phillip Tringali owns approximately 70% of the outstanding stock of the corporation.

23. Paragraphs 1 through 22 of this answer are incorporated herein by reference in answer to paragraph 38 of the complaint.

24. The defendants deny that the plaintiffs have an unlimited right to inspect the books, records and accounts of S.E.E. as alleged in paragraph 38 of the complaint.

25. The defendants admit the request by the plaintiffs to inspect the articles of organization, by-laws, records of stockholder meetings and stock transfer records  but deny the remaining allegations contained in paragraph 39 of the complaint.

26. The defendants deny that the plaintiffs have requested examination of the financial condition of the corporation for any legitimate stockholder purpose as alleged in paragraph 40 of the complaint and further, deny that the corporation has refused to permit the plaintiffs to inspect requested records, as alleged in paragraph 41 of the complaint.

27. No response is required of the defendants regarding the statement contained in paragraph 42 of the complaint.

28. Paragraphs 1 through 27 of this answer are incorporated herein by reference in answer to paragraph 43 of the complaint.

29. The defendants deny  the allegations contained in paragraphs 44, 45 and 46 of the complaint.

30. Paragraphs 1 through 29 of this answer are incorporated herein by reference in answer to paragraph 47 of the complaint.

31. The defendants admit that as an officer and stockholder of S.E.E., Phillip Tringali owed a duty of utmost good faith and fair dealing to the corporation and  deny all other allegations contained in paragraph 48 of the complaint.

32. The defendants deny the allegations contained in paragraphs 49 and 50 of the complaint.

33. Paragraphs 1 through 32 of this answer are incorporated herein by reference in answer to paragraph 51 of the complaint.

34. The defendants deny the allegations contained in paragraphs 52 and 53 of the complaint.

35. Paragraphs 1 through 34 of this answer are incorporated herein by reference in answer to paragraph 54 of the complaint.

36. The defendants deny the allegations contained in paragraphs 55, 56, 57 and 58 of the complaint.

37.  Paragraphs 1 through 36 of this answer are incorporated herein by reference in answer to paragraph 57 of the complaint.

38.  The defendants deny  the allegations contained in paragraphs 58, 59, and 60 of the complaint.

39.  Paragraphs 1 through 38 of this answer are incorporated herein by reference in answer to paragraph 61 of the complaint.

40.  Paragraph 62 of the complaint requires no response by the defendants.

41.  Paragraph 63 of the complaint is a conclusion of law which the defendants deny.

42.  The defendants admit the allegations contained in paragraph 64 of the complaint.

43.  The defendants admit that Tringali was the president of S.E.E. at all relevant times hereto and further answer that the remainder of paragraph 65 of the complaint as a conclusion of law which is denied.

44.  Paragraphs 66 and 67 of the complaint require no response by the defendants as they are conclusions of law which are denied by the defendants.

First Defense

The plaintiffs' complaint fails to state a claim upon which relief can be granted.

Second Defense

The plaintiffs falsely and maliciously, and without reasonable and probable cause, have alleged they are acting on behalf of the corporation and in the best interests of the corporation even while they are seeking to destroy the corporation by misappropriation and use of the corporation's trade secrets and confidential information, are actively interfering with the corporation's economic opportunities  and even thought they are stockholders, are engaging in active competition with the corporation.

Third Defense

The plaintiffs are estopped from obtaining any relief in this action by reason of their representations and conduct  that are in breach of their fiduciary duties as stockholders of the defendant corporation, which representations and conduct  was intended to induce the defendant to place the said plaintiffs in positions of power and trust and with access to all confidential information and trade secrets of the defendant and as a result, the plaintiffs misappropriate confidential information and trade secrets, all to the detriment of the defendant.

4

## Fourth Defense

If the defendant failed to perform any of its agreements contained in the instruments referred to in the plaintiff's complaint, it was excused from the performance of such agreements by the prior breach of agreement by the plaintiffs.

## Fifth Defense

The injuries or damage alleged were caused in whole or in part by the violation by the plaintiffs, their servants or agents, of the various statutes, ordinances and regulations governing the conduct of the parties at the time the injuries or damage were received.

## Sixth Defense

The plaintiffs are not entitled to maintain this action because of their laches, in that the plaintiffs had knowledge of all of the acts of the defendant set forth in the complaint at the time of the said action and all of the facts in connection therewith, and nevertheless the plaintiff refrained from taking any action or commencing this action until May 2002.

## Seventh Defense

Prior to the commencement of this action, on or about the 11th day of January 2002, and on January 8 and 19, 2002, the defendant duly paid, satisfied and discharged the alleged claim of the plaintiffs for all wages, vacation pay and commissions as were then due and payable by payment to the plaintiff of the sum of $ 23,775.10 and therefore plaintiff has been paid in full.

## Eighth Defense

The plaintiffs are not entitled to equitable relief inasmuch as they have been guilty of inequitable conduct and have failed to come into equity with clean hands, in that they have breached their fiduciary duties to the corporation, are actively competing against the corporation, have usurped corporate opportunities for the corporation of which they are principals and have used defendants' confidential information and trade secrets to compete against the defendant corporation, all the while remaining stockholders of the corporation.

## Counterclaim

## Facts

1.  Plaintiff-in-counterclaim S.E.E., Inc.  ("S.E.E.") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts and has a principal place of business at 48 Leona Drive, Unit D,  Middleborough, Massachusetts, 02346.

2. S.E.E., Inc. is a closely-held corporation with only four stockholders at the present time.

3. Defendant-in-counterclaim Paul Martin ("Martin") is an individual who resides 54 Heritage Road, Quincy, Massachusetts, is married to defendant Jumi Lee and is a principal in Quantum Dynamics International, LLC.

4. Defendant-in-counterclaim Jumi Lee ("Lee") is an individual who resides at 54 Heritage Road, Quincy, Massachusetts, is married to Paul Martin and is a principal in Quantum Dynamics International LLC.

5. Martin and Lee are and have been at all times relevant to this action, stockholders of the S.E.E., Inc. corporation.

6. Quantum Dynamics International, LLC ("QDI") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts which has a principal place of business at 54 Heritage Road, Quincy, Massachusetts and was organized on December 31, 2001 by Martin and Lee, during the period in which Martin and Lee were employees, officers, directors and stockholders, as well as key personnel of S.E.E.

7. During the course of their employment Martin and Lee were officers of the S.E.E. corporation in charge of sensitive and confidential information of the corporation.

8. On or about January 9, 2002, after an unsuccessful attempt to gain control of S.E.E. from majority shareholder and president Phillip Tringali, Martin and Lee resigned from S.E.E.

9. At the time of tendering their resignation, the solely owned laptop computers of Martin and Lee contained the entire confidential data base of S.E.E.

10. Prior to tendering her resignation, Lee had transferred confidential corporate financial information to her solely owned laptop computer.

11. During the course of their employment, Martin and Lee regularly contracted for airline tickets for travel on behalf of S.E.E.

12. The tickets, while in the names of Martin and/or Lee, were charged to and paid by S.E.E.

13. Martin and Lee did not travel on behalf of S.E.E. after January 9, 2002.

## Count One
### (S.E.E., Inc. v. Martin and Lee)

14. The plaintiff in counterclaim S.E.E., Inc. (S.E.E.) re-alleges the allegations contained in paragraphs 1 through 13 of this counterclaim as if fully set forth herein and incorporated them in this Count One.

6

15. As shareholders of a closely held corporation, Martin and Lee owe the corporation a duty of the utmost good faith and must discharge their corporate responsibilities without avarice, expediency or self-interest in derogation of their loyalty to other stockholders.

16. The plaintiffs Martin and Lee, while stockholders of S.E.E., Inc. planned and conspired to establish a competing business with S.E.E. and incorporated such a business while still employed by S.E.E.

17. The plaintiffs Martin and Lee made no disclosure to S.E.E. in regard to the establishment of their competing corporation, Quantum Dynamics International, LLC.

18. During the last year of their employment with S.E.E., Martin and Lee were charged with the responsibility of hiring additional developmental personnel to insure the continuity of operation of the company, which duty they deliberately and intentionally failed to fulfill.

19. The plaintiffs Martin and Lee, knowing they were key personnel to the development of S.E.E.'s product line, and knowing that there was no back-up personnel to replace them or perform their jobs for the company,  resigned without notice.

20. During the year prior to her resignation, Lee's major responsibility at  S.E.E. was to develop the next generation of product, which was anticipated to take approximately one (1) year.

21. Martin and Lee left S.E.E. with all the confidential information of S.E.E. with all the proprietary codes and trade secrets of S.E.E., and with all of the design and development information for the production of the next generation of product on their computer hard drives.

22. Within two weeks of their resignation from S.E.E. Martin and Lee were contacting S.E.E. vendors, representatives and customers with a product virtually identical to S.E.E.'s product except that it included specifications which were those of the next generation of product as envisioned, discussed and planned while Martin and Lee were employed by and paid a salary by S.E.E. as well as stockholders of S.E.E.

23.  S.E.E. has suffered financial loss and économic opportunities as a result of the appropriation of work product and trade secrets developed by Martin and Lee while being paid as employees of S.E.E. to develop such work product.

24.  S.E.E. has suffered financial loss and economic opportunities as a result of the appropriation of work product and trade secrets developed by Martin and Lee and the communication of this work product and trade secret to the corporation of which they are principals in order to actively compete with S.E.E. while they remained stockholders of S.E.E.

7

### Count Two
(S.E.E., Inc. v. Martin and Lee)

25. The plaintiff in counterclaim re-alleges the allegations contained in paragraphs 1 through 24 of this counterclaim as if fully set forth herein and incorporated them in this Count Two.

26. Martin and Lee have been credited by one or more airlines, in their individual names for the price of unused airline tickets purchased for travel to Washington, D.C. and to Denver, CO on behalf of S.E.E., Inc.

27. Matin and Lee did not take these scheduled trips on behalf of S.E.E. and the tickets have been or ought to have been canceled and the cost of the tickets credited to Martin and Lee in the amount of One Thousand Seven Hundred Fifty Nine and 82/100 Dollars ($ 1,759.82).

28. These airline tickets were paid for by S.E.E. but the refunds have been or will be credited to the named ticket holders i.e. Martin and Lee.

29. Martin and Lee owe to S.E.E., Inc. the cost of these tickets which has not been paid to it.

### Count Three
(S.E.E., Inc. v. Martin and Lee)

30. The plaintiff in counterclaim re-alleges the allegations contained in paragraphs 1 through 29 of this counterclaim as if fully set forth herein and incorporated them in this Count Three.

31. During approximately the last year of her employment with S.E.E., Lee was the person responsible for the operation and maintenance of the financial information of the corporation.

32. As part of her duties of financial supervision, she was the person who was enabled to designate, alter, delete and input information into "Business Works", the computer software program which was used by the corporation.

33. On or about August 2001, without authorization and contrary to company policy, Lee changed her husband's master wage record by altering the category entitled "vacation pay", in which the payroll software program automatically accrues vacation days earned based upon hours/days worked.

34. The unauthorized and wrongful change to her husband's master wage record resulted in the payroll software program being programmed to calculate as earned and vested vacation time, an extra four (4) week period.

8

35 . As a result of the wrongful and unauthorized alteration of the financial program of Lee, Martin has sued the corporation for this so-called "vacation" pay, to the detriment of the corporation.

36.  As a result of the wrongful and unauthorized alteration of the financial program, Lee has attempted to manipulate the finances of the corporation for her family's advantage, to the detriment and financial loss of the corporation.

WHEREFORE the plaintiffs in counterclaim S.E.E., Inc and Phillip Tringali make the following requests for relief:

1. That the Court award judgment to plaintiffs for damages, together with interest, costs and attorney's fees, pursuant to Counts I through III;

2.  For such relief as the Court may deem just and proper.

S.E.E., Inc.  and Phillip Tringali,
By their attorneys,

Susan S.  Maire, Esq.
Oppenheim & Maire, LLP
313 Plymouth Street
Halifax, MA 02338
(781) 294-8000
BBO #315360

Date:  July 1, 2002

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

PHILIP TRINGALI,             )
                             )
        Plaintiff,           )
                             )
v.                           )
                             )
PAUL MARTIN AND              )
JUMI LEE,                    )
                             )
        Defendants           )

PLAINTIFF, PHILIP TRINGALI'S OPPOSITION TO
DEFENDANTS, PAUL MARTIN AND JUMI LEE'S
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

EXHIBIT 4

ASSET, DISMISSED, CLOSED

## United States Bankruptcy Court
## District of Massachusetts (Boston)
## Bankruptcy Petition #: 03-14379

*Assigned to:* Judge William C. Hillman
Chapter 11
Voluntary
Asset

*Date Filed:* 05/22/2003
*Date Terminated:* 04/13/2004

**S.E.E. Inc.**
48 Leona Dr.
Ste. D
Middleborough, MA 02346
Tax id: 04-3016331
*Debtor*

represented by **Christopher W. Parker**
Rubin & Rudman, LLP
50 Rowes Wharf
Boston, MA 02110
(617) 330-7000

**John Fitzgerald**
Office of the US Trustee
10 Causeway Street
Boston, MA 02222
*Assistant U.S. Trustee*

| Filing Date | # | Docket Text |
|---|---|---|
| 05/22/2003 | 1 | Chapter 11 Voluntary Petition.. Receipt Number 498502, Fee Amount $830 Filed by S.E.E. Inc. rep by Christopher W. Parker . Schedule C due 6/6/2003. (cw, usbc) Modified on 5/23/2003 (cw, usbc). (Entered: 05/22/2003) |
| 05/22/2003 | | Matrix (cw, usbc) (Entered: 05/22/2003) |
| 05/22/2003 | 2 | Disclosure of Compensation of Attorney Christopher W. Parker in the amount of $20,000.00. (cw, usbc) (Entered: 05/22/2003) |
| 05/22/2003 | 3 | Order to Update (RE: 1 Voluntary Petition (Chapter 11) filed by Debtor S.E.E. Inc.). Schedule C due 6/6/2003. (cw, usbc) (Entered: 05/22/2003) |
| 05/22/2003 | 4 | Debtor S.E.E. Inc. Application to Retain Christopher W. Parker, Esq., And Rubin and Rudman LLP as Counsel On General Retainer. Affidavit attached. (mkp) (Entered: 05/23/2003) |
| 05/22/2003 | 5 | Debtor S.E.E. Inc., Motion For Authority To Sell Real Property Free And Clear Of All Liens, Leases, Claims, And Encumbrances; Two Cottages on Moose Pond Route 302, Roosevelt Trail, Bridgton, Maine. (mkp) (Entered: 05/23/2003) |
| 05/22/2003 | 6 | Debtor S.E.E., Inc., Motion For Entry Of An Order Under 11 U.S.C. Section 105 And 507 Authorizing Payment Of Pre-Petition Employee Obligations. (mkp) (Entered: 05/23/2003) |

| 05/22/2003 | 7 | Debtor S.E.E. Inc Motion For Use Of Cash Collateral. (mkp) (Entered: 05/23/2003) |
| 05/22/2003 | 8 | Debtor S.E.E. Inc Motion For Expedited Hearing Re:7 Debtor S.E.E. Inc Motion For Use Of Cash Collateral. (mkp) (Entered: 05/23/2003) |
| 05/22/2003 | 9 | Debtor S.E.E. Inc. Certificate of Service Re: 7 Motion for Use of Cash Collateral, 8 Motion For Expedited Hearing, 4 Application to Employ, 5 Motion For Authority To Sell, 6 Motion for Order. (mkp) (Entered: 05/23/2003) |
| 05/23/2003 | 10 | Endorsement Order Dated 5/23/2003 Denying Motion 8 For Expedited Hearing On Motion for Use Of Cash Collateral. (mkp) (Entered: 05/23/2003) |
| 05/23/2003 | 11 | Endorsement Order Dated 5/23/2003 Denying Debtor's Motion 7 For Use Of Cash Collateral. Denied for Failure to Comply with Local Rule 4001-2(a). (mkp) (Entered: 05/23/2003) |
| 05/25/2003 | 19 | BNC Certificate of Mailing - PDF Document. Service Date 05/25/2003. (Related Doc # 10) (Admin.) (Entered: 05/30/2003) |
| 05/25/2003 | 20 | BNC Certificate of Mailing - PDF Document. Service Date 05/25/2003. (Related Doc # 11) (Admin.) (Entered: 05/30/2003) |
| 05/27/2003 | 12 | Debtor's Amended 7 Motion to Use Cash Collateral. Exhibit A. (cpd, usbc) (Entered: 05/27/2003) |
| 05/27/2003 | 13 | Motion for Emergency Hearing Re: 12 Debtor's Amended Motion for Use of Cash Collateral. c/s. (cpd, usbc) (Entered: 05/27/2003) |
| 05/28/2003 | 14 | Notice of Withdrawal of 5 Debtor S.E.E. Inc., Motion For Authority To Sell Real Property Free And Clear Of All Liens, Leases, Claims, And Encumbrances; Two Cottages on Moose Pond Route 302, Roosevelt Trail, Bridgton, Maine. (mkp) (Entered: 05/28/2003) |
| 05/28/2003 | 15 | Debtor S.E.E. Inc. Amended 5 Motion For Authority To Sell Real Property Free And Clear Of All Liens, Leases, Claims, And Encumbrances; Two Cottages on Moose Pond Route 302, Roosevelt Trail, Bridgton, Maine. (mkp) (Entered: 05/28/2003) |
| 05/28/2003 | 16 | Debtor S.E.E. Inc Certificate of Service Re: 14 Notice of Withdrawal of Motion For Authority To Sell and 15 Amended Motion For Authority to Sell. (mkp) (Entered: 05/28/2003) |
| 05/28/2003 | 17 | Endorsement Order Dated 5/28/2003 Granting Motion 13 Expedite Hearing Re: Amended 12 Motion For use Of Cash Collateral. Motion allowed. A hearing will be held on 5/29/2003 at 10:00 AM, before William C. Hillman. (mkp) (Entered: 05/28/2003) |
| 05/28/2003 | 18 | Hearing scheduled for 5/29/2003 at 10:00 AM Boston Courtroom 3 - WCH. RE: 12 Debtor's Amended 7 Motion to Use Cash Collateral. (mkp) (Entered: 05/28/2003) |

| | | |
|---|---|---|
| 05/28/2003 | 23 | Endorsement Order Dated 5/28/2003 RE: 14 Notice of Withdrawal of 5 Debtor S.E.E. Inc., Motion For Authority To Sell Real Property Free And Clear Of All Liens, Leases, Claims, And Encumbrances; Two Cottages on Moose Pond Route 302, Roosevelt Trail, Bridgton, Maine Withdrawal of Document. (mkp) (Entered: 06/04/2003) |
| 05/28/2003 | 24 | Debtor S.E.E. Inc. Amended Notice of Intended Private Sale Re: 15 Amended 5 Motion For Authority To Sell Real Property Free And Clear Of All Liens, Leases, Claims, And Encumbrances; Two Cottages on Moose Pond Route 302, Roosevelt Trail, Bridgton, Maine. (mkp) (Entered: 06/04/2003) |
| 05/29/2003 | | Hearing Held RE: Debtor S.E.E. Inc. 12 Amended Motion For Use of Cash Collateral. See Order. (mkp) (Entered: 06/04/2003) |
| 05/29/2003 | 26 | #12 Granted. Debtor S.E.E. Inc., 12 Amended Motion For Use of Cash Collateral. Hearing Continued To 6/18/2003 at 09:30 AM Boston Courtroom 3 - WCH.. Cash collateral authorized to be used on the terms proposed through 6/18/2003. (mkp) (Entered: 06/04/2003) |
| 05/30/2003 | | First Meeting of Creditors scheduled on 341(a) meeting to be held on 6/25/2003 at 02:30 PM at Room 1190, US Trustee Office. (mjv, USBC) (Entered: 05/30/2003) |
| 06/02/2003 | 21 | Debtor S.E.E. Inc., Supplemental Filing To 6 Debtor's Motion For Entry Of An Order Under 11 U.S.C. Section 105 And 507 Authorizing Payment Of Pre-Petition Employee Obligations. c/s. (mkp) (Entered: 06/03/2003) |
| 06/03/2003 | 22 | Court's Notice of 341 sent (auto1, ) (Entered: 06/03/2003) |
| 06/03/2003 | 38 | Endorsement Order Dated 6/3/2003 Granting Debtor S.E.E., Inc., Motion for Entry Of An Order 6 Under 11 U.S.C. Section 105 And 507 Authorizing Payment Of Pre-Petition Employee Obligations. (mkp) (Entered: 06/13/2003) |
| 06/04/2003 | 25 | Hearing Scheduled for 7/2/2003 at 09:30 AM Boston Courtroom 3 - WCH Objections due by 6/30/2003 at 04:30 PM., for 15 Debtor S.E.E. Inc. Amended 5 Motion For Authority To Sell Real Property Free And Clear Of All Liens, Leases, Claims, And Encumbrances; Two Cottages on Moose Pond Route 302, Roosevelt Trail, Bridgton, Maine. (mkp) (Entered: 06/04/2003) |
| 06/05/2003 | 27 | Notice of Appearance and Request for Notice by Nina M. Parker As Co-Counsel For Creditors Jumi Lee and Paul Martin. c/s.. (mkp) (Entered: 06/06/2003) |
| 06/05/2003 | 35 | Schedule C--Property Claimed As Exempt. Filed by Debtor S.E.E. Inc.. (mkp) (Entered: 06/13/2003) |
| 06/06/2003 | 28 | BNC Certificate of Mailing - Meeting of Creditors. Service Date 06/06/2003. (Related Doc # 22) (Admin.) (Entered: 06/07/2003) |
| 06/06/2003 | 29 | BNC Certificate of Mailing - PDF Document. Service Date 06/06/2003. (Related Doc # 23) (Admin.) (Entered: 06/07/2003) |

| 06/06/2003 | 30 | BNC Certificate of Mailing - PDF Document. Service Date 06/06/2003. (Related Doc # 26) (Admin.) (Entered: 06/07/2003) |
|---|---|---|
| 06/06/2003 | 32 | Debtor S.E.E. Inc. Application to Employ Brian P. Voke, Esq., and Campbell, Campbell, Edwards & Conroy, PC as As Special Counsel. Affidavit and c/s.. (mkp) (Entered: 06/10/2003) |
| 06/06/2003 | 34 | Application to Employ Jeff Husted as Accountant. Affidavit and c/s.. Filed by Debtor S.E.E. Inc.. (mkp) (Entered: 06/12/2003) |
| 06/06/2003 | 36 | Debtor S.E.E. Inc., Amended Notice Of Intended Private Sale Estate Property, Deadline for Submitting Objections And Higher Offers And Hearing Date: RE: Amended 15 Motion TO Sell. Hearing set for 7/2/2003 at 9:30 a.m.. Objection/Counter Offer Due: 6/30/2003. (mkp) (Entered: 06/13/2003) |
| 06/06/2003 | 37 | Certificate of Service of Debtor Re: 25 Hearing Scheduled for 7/2/2003 at 09:30 AM Boston Courtroom 3 - WCH. Objections due by 6/30/2003 at 04:30 PM., for 15 Debtor S.E.E. Inc. Amended 5 Motion For Authority To Sell Real Property Free And Clear Of All Liens, Leases, Claims, And Encumbrances; Two Cottages on Moose Pond Route 302, Roosevelt Trail, Bridgton, Maine. (mkp) (Entered: 06/13/2003) |
| 06/10/2003 | 31 | Hearing scheduled for 6/18/2003 at 09:30 AM Boston Courtroom 3 - WCH RE: 4 Debtor S.E.E. Inc. Application to Retain Christopher W. Parker, Esq., And Rubin and Rudman LLP as Counsel On General Retainer. (mkp) (Entered: 06/10/2003) |
| 06/11/2003 | 39 | Notice of Appearance and Request for Notice by Roger S. Davis for Creditor Jumi Lee (tp, ) (Entered: 06/13/2003) |
| 06/11/2003 | 41 | Certificate of Service by Debtor S.E.E. Inc. of Notice of Hearing Re: 4 Debtor S.E.E. Inc. Application to Retain Christopher W. Parker, Esq., And Rubin and Rudman LLP as Counsel On General Retainer Application to Employ. (mem, ) (Entered: 06/16/2003) |
| 06/12/2003 | 33 | Hearing scheduled for 6/18/2003 at 09:30 AM Boston Courtroom 3 - WCH. RE: 32 Debtor S.E.E. Inc. Application to Employ Brian P. Voke, Esq., and Campbell, Campbell, Edwards & Conroy, PC as As Special Counsel. (mkp) (Entered: 06/12/2003) |
| 06/12/2003 | 43 | Application to Employ Kathleen Popovie and ERA Today Realty as as Real Estate Broker With Affidavit. Filed by Debtor S.E.E. Inc.. (mkp) (Entered: 06/18/2003) |
| 06/12/2003 | 44 | Certificate of Service Re: 43 Application to Employ Kathleen Popovie and ERA Today Realty as as Real Estate Broker With Affidavit. Filed by Debtor S.E.E. Inc.. (mkp) (Entered: 06/18/2003) |
| 06/15/2003 | 40 | BNC Certificate of Mailing - PDF Document. Service Date 06/15/2003. (Related Doc # 38) (Admin.) (Entered: 06/16/2003) |
| 06/16/2003 | 42 | Certificate of Service Re: 33 Hearing scheduled for 6/18/2003 at 09:30 AM Boston |

|  |  | Courtroom 3 - WCH. RE: 32 Debtor S.E.E. Inc. Application to Employ Brian P. Voke, Esq., and Campbell, Campbell, Edwards & Conroy, PC as As Special Counsel. (mkp) (Entered: 06/18/2003) |
|---|---|---|
| 06/16/2003 | 46 | Limited Objection Of Jumi Lee And Paul Martin Re: Debtor's 15 Amended Motion For Authority to Sell Real Property Free And clear of all Liens, Leases, Claims And Encumbrances. (mkp) (Entered: 06/19/2003) |
| 06/16/2003 | 47 | Certificate of Service Re: 46 Limited Objection Of Jumi Lee And Paul Martin Re: Debtor's 15 Amended Motion For Authority to Sell Real Property Free And clear of all Liens, Leases, Claims And Encumbrances. (mkp) (Entered: 06/19/2003) |
| 06/16/2003 | 48 | Objection by Creditors Jumi Lee and Paul Martin Re: 32 Debtor S.E.E. Inc. Application to Employ Brian P. Voke, Esq., and Campbell, Campbell, Edwards & Conroy, PC as As Special Counsel. (mkp) (Entered: 06/19/2003) |
| 06/16/2003 | 49 | Certificate of Service Re: 48 Objection by Creditors Jumi Lee and Paul Martin Re: 32 Debtor S.E.E. Inc. Application to Employ Brian P. Voke, Esq., and Campbell, Campbell, Edwards & Conroy, PC as As Special Counsel. (mkp) (Entered: 06/19/2003) |
| 06/16/2003 | 50 | Response Of Jumi Lee And Paul Martin To Notice Of Removal. (See Adversaries 03-1224 and 03-1225) (mkp) (Entered: 06/19/2003) |
| 06/16/2003 | 51 | Certificate of Service Re: 50 Response Of Jumi Lee And Paul Martin To Notice Of Removal. (See Adversaries 03-1224 and 03-1225) (mkp) (Entered: 06/19/2003) |
| 06/16/2003 | 52 | Endorsement Order Dated 6/16/2003 Granting Debtor S.E.E., Inc.'s Application [34-1] To Employ Jeff Husted as Accountant. Compensation is subject to the last sentence of 11 U.S.C. Section 328(a). (mkp) (Entered: 06/20/2003) |
| 06/16/2003 | 55 | Notice of Appearance and Request for Notice by Thomas E. Pontes For Creditor Abington Savings Bank. c/s.. (mkp) (Entered: 06/23/2003) |
| 06/18/2003 |  | Hearing Held RE: 4 Application By Debtor To Retain Counsel On General Retainer; 32 Application By Debtor To Retain Special Counsel And Debtor 12 Amended Motion For Use Of Cash Collateral. (mkp) (Entered: 06/19/2003) |
| 06/18/2003 | 45 | Order Dated 6/18/2003 Granting Application 32 Of Debtor To Retain Special Counsel; Granting Application 4 Of Debtor To Retain General Retainer And Regarding Debtor's Amended Motion 12 For Use Of Cash Collateral. #4 Granted; #12 Continued to: 7/2/2003---at 9:30 a.m.. #12 Stipulation to be submitted 1 week. Use of Cash Collateral Auhtorized through 7/2/03. #32 Granted. (mkp) (Entered: 06/19/2003) |
| 06/21/2003 | 53 | BNC Certificate of Mailing - PDF Document. Service Date 06/21/2003. (Related Doc # 45) (Admin.) (Entered: 06/22/2003) |
| 06/22/2003 | 54 | BNC Certificate of Mailing - PDF Document. Service Date 06/22/2003. (Related Doc # 52) (Admin.) (Entered: 06/23/2003) |

| | | |
|---|---|---|
| 06/23/2003 | 58 | Endorsement Order Dated 6/23/2003 Granting Debtor's 43 Application to Employ Kathleen Popovie and ERA Today Realty as as Real Estate Broker. Allowed. Compensation is subject to the last sentence of 11 U.S.C. Section 328(a). (mkp) (Entered: 06/26/2003) |
| 06/25/2003 | 56 | Stipulation By And Between Debtor S.E.E. Inc., And Abington Savings Bank Re: 12 Debtor's Amended 7 Motion to Use Cash Collateral. (mkp) (Entered: 06/26/2003) |
| 06/25/2003 | 57 | Debtor S.E.E. Inc. Certificate of Service Re: 56 Stipulation By And Between Debtor S.E.E. Inc., And Abington Savings Bank Re: 12 Debtor's Amended 7 Motion to Use Cash Collateral. (mkp) (Entered: 06/26/2003) |
| 06/26/2003 | 60 | Debtor S.E.E. Inc., Amended 56 Stipulation By And Between Debtor S.E.E. Inc., And Abington Savings Bank Re: 12 Debtor's Amended 7 Motion to Use Cash Collateral. c/s.. (mkp) (Entered: 06/30/2003) |
| 06/27/2003 | 61 | Objection by United States Trustee Re: 56 Stipulation By And Between Debtor S.E.E. Inc., And c/s..(mkp) (Entered: 06/30/2003) |
| 06/27/2003 | 62 | Limited Objection by Creditors Jumi Lee and Paul Martin Re: 60 Debtor S.E.E. Inc., Amended 56 Stipulation By And Between Debtor S.E.E. Inc., And Abington Savings Bank Re: 12 Debtor's Amended 7 Motion to Use Cash Collateral. c/s.. (mkp) (Entered: 06/30/2003) |
| 06/28/2003 | 59 | BNC Certificate of Mailing - PDF Document. Service Date 06/28/2003. (Related Doc # 58) (Admin.) (Entered: 06/29/2003) |
| 07/02/2003 | 63 | Order dated 7/2/03 Granting 15 Amended Motion For Authority To Sell Real Property Free And Clear Of All Liens, Leases, Claims And Encumbrances. Regarding 12 Amended Motion For Use Of Cash Collateral, Granted, provided that $25,000 payment is made from encumbered assets of the Debtor. (jmd, ) (Entered: 07/07/2003) |
| 07/07/2003 | 65 | Notice of Appearance and Request for Notice by Barbara K Hamilton Filed for Creditor American Express Travel Related Svcs Co Inc Corp Card (mjt, usbc) (Entered: 07/10/2003) |
| 07/09/2003 | 64 | BNC Certificate of Mailing - PDF Document. Service Date 07/09/2003. (Related Doc # 63) (Admin.) (Entered: 07/10/2003) |
| 07/16/2003 | 66 | Debtor S.E.E. Inc., Disclosure Statement. (mkp) (Entered: 07/17/2003) |
| 07/16/2003 | 67 | Chapter 11 Plan of Reorganization. Filed by Debtor S.E.E. Inc. (mkp) (Entered: 07/17/2003) |
| 07/16/2003 | 68 | Debtor S.E.E. Inc., Omnibus Motion For An Order Scheduling A Hearing On the Debtor's 66 Disclosure Statement And Establishing Certain Deadlines And Procedures, And (B) Establishing A Bar Date As To Pre-Petition Claims. (mkp) (Entered: 07/17/2003) |

| | | |
|---|---|---|
| 07/16/2003 | 69 | Motion For Expedited Hearing On: 68 Debtor S.E.E. Inc., Omnibus Motion For An Order Scheduling A Hearing On the Debtor's 66 Disclosure Statement And Establishing Certain Deadlines And Procedures, And (B) Establishing A Bar Date As To Pre-Petition Claims. (mkp) (Entered: 07/17/2003) |
| 07/16/2003 | 70 | Certificate of Service Re: 68 Motion for Order And 69 Motion For Expedited Hearing On: 68 Debtor S.E.E. Inc., Omnibus Motion For An Order Scheduling A Hearing On the Debtor's 66 Disclosure Statement And Establishing Certain Deadlines And Procedures, And (B) Establishing A Bar Date As To Pre-Petition Claims. (mkp) (Entered: 07/17/2003) |
| 07/17/2003 | 71 | Endorsement Order Date 7/17/2003 Granting 69 Motion For Expedited Hearing On: 68 Debtor S.E.E. Inc., Omnibus Motion For An Order Scheduling A Hearing On the Debtor's 66 Disclosure Statement And Establishing Certain Deadlines And Procedures, And (B) Establishing A Bar Date As To Pre-Petition Claims. (mkp) (Entered: 07/18/2003) |
| 07/17/2003 | 72 | Endorsement Order Dated 7/17/2003 Granting 68 Debtor S.E.E. Inc., Omnibus Motion For An Order Scheduling A Hearing On the Debtor's 66 Disclosure Statement And Establishing Certain Deadlines And Procedures, And (B) Establishing A Bar Date As To Pre-Petition Claims. Granted. The Proposed Notices are Approved as Amended by This Court. (mkp) (Entered: 07/18/2003) |
| 07/17/2003 | 74 | Notice of Hearing 73 Scheduled for 8/13/2003 at 09:30 AM Boston Courtroom 3 - WCH. Objections due by 8/11/2003 at 04:30 PM.. Of Debtor S.E.E. Inc., To Consider Debtor's Request For An Order (A) Approving Proposed 66 Disclosure Statement And Establising Certain Deadlies And Procedures, And (B) Establishing A Bar Date As To Pre-Petition Claims. (mkp) (Entered: 07/18/2003) |
| 07/17/2003 | 75 | Court's Notice of Bar Date For Filing Pre-Petition Claims. Deadline is set for 8/21/2003 as the last date by which all entities , including all individual, partnerships, corporations, estates, trusts and governmental units. (mkp) (Entered: 07/18/2003) |
| 07/17/2003 | 76 | Debtor S.E.E. Inc. Notice re: [75] of Bar Date For Filing Pre-Petition Claims. Deadline is set for 8/21/2003 as the last date by which all entities , including all individual, partnerships, corporations, estates, trusts and governmental units. (mkp) (Entered: 07/18/2003) |
| 07/18/2003 | 73 | Hearing Scheduled for 8/13/2003 at 09:30 AM Boston Courtroom 3 - WCH Objections due by 8/11/2003 at 04:30 PM.. RE: 66 Debtor S.E.E. Inc., Disclosure Statement. (mkp) (Entered: 07/18/2003) |
| 07/18/2003 | 79 | Notice of Hearing Filed by Debtor S.E.E. Inc. RE: 73 Hearing Scheduled for 8/13/2003 at 09:30 AM Boston Courtroom 3 - WCH. Objections due by 8/11/2003 at 04:30 PM.. RE: 66 Debtor S.E.E. Inc., Disclosure Statement. c/s.. (mkp) (Entered: 07/24/2003) |
| 07/20/2003 | 77 | BNC Certificate of Mailing - PDF Document. Service Date 07/20/2003. (Related Doc # 71) (Admin.) (Entered: 07/21/2003) |

| 07/20/2003 | 78 | BNC Certificate of Mailing - PDF Document. Service Date 07/20/2003. (Related Doc # 72) (Admin.) (Entered: 07/21/2003) |
|---|---|---|
| 07/21/2003 | 80 | Debtor S.E.E. Inc., Motion to Extend Time To assume Or Reject Unexpired Lease of Nonresidential Real Property. c/s.. (mkp) (Entered: 07/25/2003) |
| 07/28/2003 | 81 | Creditors Jumi Lee and Paul Martin Motion To Dismiss Chapter 11 Proceeding Or in the Alternative, To Convert To Chapter 7 Or For Abstention From Proceedings c/s.. (mkp) (Entered: 07/29/2003) |
| 07/31/2003 | 82 | Hearing scheduled for 9/3/2003 at 09:30 AM Boston Courtroom 3 - WCH. RE: 81Creditors Jumi Lee and Paul Martin Motion To Dismiss Chapter 11 Proceeding Or in the Alternative, To Convert To Chapter 7 Or For Abstention From Proceedings. (mkp) (Entered: 07/31/2003) |
| 07/31/2003 | 84 | Limited Objection Of Campanelli Middleborough II LLC Re: 80 Debtor S.E.E. Inc., Motion to Extend Time To assume Or Reject Unexpired Lease of Nonresidential Real Property And Debtor's Plan Of Reorganization. c/s.. (mkp) (Entered: 08/07/2003) |
| 08/01/2003 | 85 | Debtor's Notice of Bar Date For Filing Pre-Petition Claims RE: Court's [75] Notice of Bar Date For Filing Pre-Petition Claims. Deadline is set for 8/21/2003 as the last date by which all entities , including all individual, partnerships, corporations, estates, trusts and governmental units . c/s.. (mkp) (Entered: 08/11/2003) |
| 08/04/2003 | 83 | Hearing Rescheduled To 8/13/2003 at 09:30 AM Boston Courtroom 3 - WCH: RE: 81 Creditors Jumi Lee and Paul Martin Motion To Dismiss Chapter 11 Proceeding Or in the Alternative, To Convert To Chapter 7 Or For Abstention From Proceedings. (mkp) (Entered: 08/04/2003) |
| 08/07/2003 | 87 | Opposition by Debtor S.E.E. Inc. Re: 81 Creditors Jumi Lee and Paul Martin Motion To Dismiss Chapter 11 Proceeding Or in the Alternative, To Convert To Chapter 7 Or For Abstention From Proceedings. (mkp) (Entered: 08/12/2003) |
| 08/07/2003 | 88 | Debtor's Memorandum Of Law and Fact In Support Of Its 87 Opposition To Motion To Dismiss Chapter 11 Proceeding Or In The Alternative, To Convert To Chapter 7 Or For Abstention From Proceedings. (mkp) (Entered: 08/12/2003) |
| 08/07/2003 | 89 | Debtor S.E.E. Inc., Certificate of Service Re: 87 Opposition To Motion To Dismiss and 88 Memorandum Of Law In Support Of Opposition. (mkp) (Entered: 08/12/2003) |
| 08/11/2003 | 90 | Debtor's Motion For Order (A) Establishing Procedures For Solicitation Of Votes To Accept Or Reject Proposed 67 Chapter 11 Plan of Reorganization, (B) Establishing A Bar Date As To Administrative Claims, And (C) Scheduling A Hearing On Confirmation Of Proposed Plan Of Reorganization And Approving Related Notice Procedures. c/s.. (mkp) (Entered: 08/13/2003) |
| 08/12/2003 | 86 | Hearing scheduled for 8/27/2003 at 09:30 AM Boston Courtroom 3 - WCH. RE: 80 Debtor S.E.E. Inc., Motion to Extend Time To assume Or Reject Unexpired Lease of Nonresidential Real Property. (mkp) (Entered: 08/12/2003) |

| 08/13/2003 | 92 | Order RE: 66 Disclosure StatementOf Debtor S.E.E. Inc., And 81 Creditors Jumi Lee and Paul Martin Motion To Dismiss Chapter 11 Proceeding Or in the Alternative, To Convert To Chapter 7 Or For Abstention From Proceedings. ORDER: #66 Approved. #81 Denied. Confirmation hearing 9/24/2003 @9:30 a.m... Objection by 9/17/2003 by 4:30 p.m.. (mkp) (Entered: 08/22/2003) |
| --- | --- | --- |
| 08/19/2003 | 91 | Certificate of Service of Notice of Hearing scheduled for 8/27/2003 Filed by Debtor S.E.E. Inc. Re: 80Debtor S.E.E. Inc., Motion to Extend Time To Assume Or Reject Unexpired Lease of Nonresidential Real Property. (mjt, usbc) (Entered: 08/21/2003) |
| 08/22/2003 | 93 | Order Approving Disclosure Statement and Setting Hearing on Confirmation of 67 Chapter 11 Plan. Confirmation hearing to be held on 9/24/2003 at 09:30 AM at Boston Courtroom 3 - WCH. Last day to Object to Confirmation 9/17/2003. Replies to such objections must be filed with the Court and served so as to received by September 22, 2003. (mkp) (Entered: 08/22/2003) |
| 08/22/2003 | 94 | Agreed Order Dated 8/22/2003 Regarding 80 Debtor S.E.E. Inc., Motion to Extend Time To assume Or Reject Unexpired Lease of Nonresidential Real Property. c/s.. (mkp) (Entered: 08/22/2003) |
| 08/22/2003 | 95 | Order Dated 8/22/2003 Granting 90 Debtor's Motion For Order (A) Establishing Procedures For Solicitation Of Votes To Accept Or Reject Proposed 67 Chapter 11 Plan of Reorganization, (B) Establishing A Bar Date As To Administrative Claims, And (C) Scheduling A Hearing On Confirmation Of Propossed Plan Of Reorganization And Approving Related Notice Procedures. ORDERED: September 13, 2003 as the Bar Date. September 17, 2003 Voting deadlines. ORDERED that the dissemination of the Solicitation Package, the contents of which are set forth in Debtor's Motion, will take place 15 days after the entry of the Order Approving Disclosure Statement. (mkp) (Entered: 08/22/2003) |
| 08/22/2003 | 102 | First Amended 67 Chapter 11 Plan. Filed by Debtor S.E.E. Inc.. (mkp) (Entered: 08/26/2003) |
| 08/22/2003 | 103 | First Amended Debtor S.E.E. Inc. 66 Disclosure Statement. (mkp) (Entered: 08/26/2003) |
| 08/22/2003 | 104 | Notice Filed by Debtor S.E.E. Inc. Of (A) Deadline For Casting Votes To Accept Or Reject Proposed Plan Of Reorganization, (B) Administrative Claims Bar Date, And (C) Hearing To Consider Confirmation Of Proposed Plan Of Reorganization.(mkp) (Entered: 08/26/2003) |
| 08/22/2003 | 105 | Certificate of Service Re:Debtor First 102 Amended Chapter 11 Plan And First 103 Amended Disclosure Statement. (mkp) (Entered: 08/26/2003) |
| 08/24/2003 | 96 | BNC Certificate of Mailing - PDF Document. Service Date 08/24/2003. (Related Doc # 92) (Admin.) (Entered: 08/25/2003) |
| 08/24/2003 | 97 | BNC Certificate of Mailing - PDF Document. Service Date 08/24/2003. (Related Doc # 93) (Admin.) (Entered: 08/25/2003) |

| 08/24/2003 | 98 | BNC Certificate of Mailing - PDF Document. Service Date 08/24/2003. (Related Doc # 94) (Admin.) (Entered: 08/25/2003) |
| 08/24/2003 | 99 | BNC Certificate of Mailing - PDF Document. Service Date 08/24/2003. (Related Doc # 95) (Admin.) (Entered: 08/25/2003) |
| 08/25/2003 | 100 | Transcript of Hearing held on August 13, 2003 Re:66Disclosure Statement filed by Debtor S.E.E. Inc., and 81 Motion to Convert Case to Chapter 7, Motion to Dismiss Case filed by Creditor Paul Martin and Creditor Jumi Lee (mjt, usbc) (Entered: 08/25/2003) |
| 08/25/2003 | 101 | Transcript of hearing held 7/2/03 RE: 12 Amended Motion for Use of Cash Collateral filed by Debtor S.E.E. Inc., 15 Amended Motion for Authority to Sell Real Property Free and Clean of all Liens, Leases, Claims and Encumbrances Document filed by Debtor S.E.E. Inc. (mjt, usbc) (Entered: 08/25/2003) |
| 09/11/2003 | 107 | Debtor, S.E.E., Inc.s, Objection To Two Proofs Of Claim Filed by Minority Stockholders. (mkp) (Entered: 09/22/2003) |
| 09/11/2003 | 108 | Debtor S.E.E. Inc., Objection To Proof Of Claim Filed By Paul Martin For Unpaid And Vacation And Commissions. (mkp) (Entered: 09/22/2003) |
| 09/11/2003 | 109 | Debtor S.E.E. Inc., Objection To Proof Of Claim Filed by Jumi Lee For Unpaid Commissions. (mkp) (Entered: 09/22/2003) |
| 09/11/2003 | 110 | Debtor S.E.E. Inc., Certificate of Service Re: Debtor's 107 Objection to Claim Filed By Minority Stockholders, 108 Objection to Claim Filed by Paul Martin For Unpaid Vacation and Commissions And 109 Objection to Claim Filed By Jumilee For Unpaid Commissions. (mkp) (Entered: 09/22/2003) |
| 09/15/2003 | 106 | Debtor S.E.E. Inc., Consented-To-Motion to Extend Time To Assume Or Reject Unexpired Lease of Nomresidential Real Property. c/s.. (mkp) (Entered: 09/19/2003) |
| 09/16/2003 | 127 | Withdrawal of Proof of Claim(s)Filed by MDOR. c/s.. (mkp) (Entered: 09/25/2003) |
| 09/17/2003 | 111 | Creditors Jumi Lee, Paul Martin Objection to Confirmation of Debtor S.E.E. Inc.. 102 First Amended 67 Chapter 11 Plan. c/s.. (mkp) (Entered: 09/23/2003) |
| 09/23/2003 | 112 | Motion Filed by Debtor S.E.E. Inc., For Leave To File One Day Late Response To Minority Shareholders' Objection To Confirmation Of The First Amended Plan Of reorganizations. (mkp) (Entered: 09/23/2003) |
| 09/23/2003 | 115 | Debtor S.E.E. Inc., Objection To Minority Shareholders' 111 Objection to Confirmation of the First Amended Plan. (mkp) (Entered: 09/24/2003) |
| 09/23/2003 | 116 | Debtor S.E.E. Inc., Certificate of Service Re: 112 Motion To File One Day Late Response To Monirity Shareholders Objection And 115 Response To Minority Shareholders Objection To First Amended Plan Of Reorganization. (mkp) (Entered: 09/24/2003) |

| | | |
|---|---|---|
| 09/29/2003 | 131 | Certificate of Service Re: 113 Hearing scheduled for 10/22/2003 at 09:30 AM Boston Courtroom 3 - WCH RE: 108 Debtor S.E.E. Inc., Objection To Proof Of Claim Filed By Paul Martin For Unpaid And Vacation And Commissions. (mkp) (Entered: 10/06/2003) |
| 09/30/2003 | 129 | Debtor S.E.E. Inc., Motion For Continuance Of Hearing On Confirmation Of Debtor's First 102 Amended Chapter 11 Plan of Reorganization And Hearing On Debtor's 107 Objection to Claim, 108 Objection to Claim, 109 Objection to Claim. And Redesignation As Evidentiary Hearing. c/s.. (mkp) (Entered: 10/06/2003) |
| 10/01/2003 | 130 | Certificate of Service Re: 126 Continued Confirmation hearing to be held on 10/22/2003 at 09:30 AM at Boston Courtroom 3 - WCH.. RE: Debtor S.E.E. Inc. 67 Chapter 11 Plan. (mkp) (Entered: 10/06/2003) |
| 10/03/2003 | 132 | Response of Creditors, Paul Martin and Jumilee, To: 129 Debtor S.E.E. Inc., Motion For Continuance Of Hearing On Confirmation Of Debtor's First 102 Amended Chapter 11 Plan of Reorganization And Hearing On Debtor's 107 Objection to Claim, 108 Objection to Claim, 109 Objection to Claim. And Redesignation As Evidentiary Hearing. AND REQUEST FOR EXTENSION OF TIME TO RESPOND TO OBJECTIONS TO CLAIMS. c/s.. (mkp) (Entered: 10/08/2003) |
| 10/15/2003 | 133 | Endorsement Order Dated 10/15/2003 Granting in part 129 Debtor S.E.E. Inc., Motion For Continuance Of Hearing On Confirmation Of Debtor's First 102 Amended Chapter 11 Plan of Reorganization And Hearing On Debtor's 107 Objection to Claim, 108 Objection to Claim, 109 Objection to Claim. And Redesignation As Evidentiary Hearing. GRANTED IN PART. THE HEARING ON CONFIRMATION AND OBJECTIONS TO PROOFS OF CLAIM CONTINUED TO NOVEMBER 12, 2003 AT 9:30 AM.. COUNSEL TO GIVE IMMEDIATE NOTICE. THE OBJECTION DEADLINE IS CONTINUED TO NOVEMBER 7, 2003. THE REDESIGNATION REQUEST IS DENIED. THE COURT WILL CONSIDER THE CREDITORS CONSOLIDATION REQUEST AT THE HEARING ON NOVEMBER 12, 2003. (mkp) (Entered: 10/15/2003) |
| 10/15/2003 | 134 | Confirmation hearing to be held on 11/12/2003 at 09:30 AM at Boston Courtroom 3 - WCH. RE: 111 Objection to Confirmation of the Plan filed by Creditor Paul Martin, Creditor Jumi Lee, 102 Amended Chapter 11 Plan filed by Debtor S.E.E. Inc., 103 Amended Disclosure Statement filed by Debtor S.E.E. Inc., 67 Chapter 11 Plan filed by Debtor S.E.E. Inc., 107 Objection to Claim filed by Debtor S.E.E. Inc., 108 Objection to Claim filed by Debtor S.E.E. Inc., 109 Objection to Claim filed by Debtor S.E.E. Inc.. (mkp) (Entered: 10/15/2003) |
| 10/15/2003 | 135 | Endorsement Order Dated 1015/2003 Granting 106 Debtor S.E.E. Inc., Consented-To-Motion to Extend Time To Assume Or Reject Unexpired Lease of Nomresidential Real Property. (mkp) (Entered: 10/17/2003) |
| 10/16/2003 | 138 | Certificate of Service Re: 134 Confirmation hearing to be held on 11/12/2003 at 09:30 AM at Boston Courtroom 3 - WCH. RE: 111 Objection to Confirmation of the Plan filed by Creditor Paul Martin, Creditor Jumi Lee, 102 Amended Chapter 11 Plan filed by Debtor S.E.E. Inc., 103 Amended Disclosure Statement filed by Debtor S.E.E. Inc., 67 Chapter 11 Plan filed by Debtor S.E.E. Inc., 107 Objection to Claim filed by Debtor S.E.E. Inc., 108 Objection to Claim filed by Debtor S.E.E. Inc., 109 |

| | | Objection to Claim (mkp) (Entered: 10/29/2003) |
|---|---|---|
| 10/17/2003 | 136 | BNC Certificate of Mailing - PDF Document. Service Date 10/17/2003. (Related Doc # 133) (Admin.) (Entered: 10/18/2003) |
| 10/19/2003 | 137 | BNC Certificate of Mailing - PDF Document. Service Date 10/19/2003. (Related Doc # 135) (Admin.) (Entered: 10/20/2003) |
| 11/04/2003 | 139 | Debtor S.E.E. Inc Motion To Extend Time To Assume Or Reject Unexpired Lease Of Nonresidential Real Property. (mkp) (Entered: 11/05/2003) |
| 11/04/2003 | 140 | Debtor S.E.E. Inc Motion For Continuance Of Hearing On Confirmation Of Debtor's First Amended Plan of Reorganization and Hearing On Debtor's Objection To Proofs Of Claim. (mkp) (Entered: 11/05/2003) |
| 11/04/2003 | 141 | Debtor S.E.E. Inc., Certificate of Service Re: 139 Debtor S.E.E. Inc Motion To Extend Time To Assume Or Reject Unexpired Lease Of Nonresidential Real Property. And 140 Motion to Continue Hearing For Continuance Of Hearing On Confirmation Of Debtor's First Amended Plan Of Reorganization And Hearing On Debtor's Objections To Proofs Of Claim. (mkp) (Entered: 11/05/2003) |
| 11/05/2003 | 142 | Creditors Paul Martin and Jumi Lee Response 140 Debtor S.E.E. Inc Request For Continuance Of Hearing On Confirmation Of Debtor's First Amended Plan Of Reorganization and Hearing On Debtor's Objection To Proofs Of Claim. c/s.. (mkp) (Entered: 11/06/2003) |
| 11/07/2003 | 143 | Emergency Motion to Extend Objection and Response Deadlines to the Debtor's First Amended Plan or Reorganization and the Debtor's Objections to claims of Paul Martin and Jumi Lee Filed by Nina Parker for Creditors Jumi Lee and Paul Martin. c/s (mok) (Entered: 11/07/2003) |
| 11/07/2003 | 144 | Endorsed Order dated 11/7/2003 Granting 143 Emergency Motion to Extend Objection and Response Deadlines to the Debtor's First Amended Plan or Reorganization and the Debtor's Objections to claims of Paul Martin and Jumi Lee Filed by Nina Parker for Creditors Jumi Lee and Paul Martin. 11/7/2003. (Extended 24 Hours following the date that the court makes a determination on the Motion to Continue Hearings regarding confirmation of Debtors First Amended Plan and Objections to Claims) (mok) (Entered: 11/07/2003) |
| 11/09/2003 | 145 | BNC Certificate of Mailing - PDF Document. Service Date 11/09/2003. (Related Doc # 144) (Admin.) (Entered: 11/10/2003) |
| 11/12/2003 | 146 | Endorsement Order Dated 11/12/2003 Granting S.E.E., Inc.. 140 Motion For Continuance Of Hearing On Confirmation Of Debtor's First Amended Plan Of Reorganization And Hearing On Debtor's Objection to Proofs Of Claim. GRANTED. THE HEARING IS CONTINUED TO DECEMBER 11, 2003 AT 11:00. OBJECTIONS DUE BY DECEMBER 8, 2003 AT 4:00 P.M.. (mkp) (Entered: 11/13/2003) |
| 11/13/2003 | 147 | Hearing Continued. Confirmation hearing to be held on 12/11/2003 at 11:00 AM at |

| | | |
|---|---|---|
| | | Boston Courtroom 3 - WCH. Objection december 8, 2003 at 4:00 p.m.. RE: Debtor's 102 Amended Chapter 11 Plan, 103 Amended Disclosure Statement And 107 Objection to Claim Of Minority Stockholders; 108 Objection to Claim of Paul Martin For Unpaid Vacation And Commissions And 109 Objection to Claim of Jumi Lee for Unpaid Commissions. (mkp) (Entered: 11/13/2003) |
| 11/13/2003 | 148 | Court Certificate of Mailing. RE: 147 Hearing Continued. Confirmation hearing to be held on 12/11/2003 at 11:00 AM at Boston Courtroom 3 - WCH. Objection december 8, 2003 at 4:00 p.m.. RE: Debtor's 102 Amended Chapter 11 Plan, 103 Amended Disclosure Statement And 107 Objection to Claim Of Minority Stockholders; 108 Objection to Claim of Paul Martin For Unpaid Vacation And Commissions And 109 Objection to Claim of Jumi Lee for Unpaid Commissions. (mkp) (Entered: 11/13/2003) |
| 11/15/2003 | 149 | BNC Certificate of Mailing - PDF Document. Service Date 11/15/2003. (Related Doc # 146) (Admin.) (Entered: 11/16/2003) |
| 11/17/2003 | 150 | Certificate of Service Re: 147 Hearing Continued. Confirmation hearing to be held on 12/11/2003 at 11:00 AM at Boston Courtroom 3 - WCH. Objection December 8, 2003 at 4:00 p.m.. RE: Debtor's 102 Amended Chapter 11 Plan. (mkp) (Entered: 11/21/2003) |
| 11/26/2003 | 151 | Endorsed Order Dated 11/26/2003 Re: 139 Debtor S.E.E. Inc Motion To Extend Time To January 19, 2004 to Assume Or Reject Unexpired Lease Of Nonresidential Real Property. GRANTED. (mem, usbc) (Entered: 12/03/2003) |
| 12/04/2003 | 152 | Debtor S.E.E.. Inc. Motion For Continuance Of Hearing On Confirmation Re: Debtor's First 102 Amended Chapter 11 Plan Of Reorganization And Hearing On Debtor's Objections To Proofs Of Claim And To Extend Deadline To File Responses to Debtor's Proofs Of Claim. (mkp) (Entered: 12/05/2003) |
| 12/04/2003 | 153 | Motion For Expedited Hearing ON: 152 Debtor S.E.E.. Inc. Motion For Continuance Of Hearing On Confirmation Re: Debtor's First 102 Amended Chapter 11 Plan Of Reorganization And Hearing On Debtor's Objections To Proofs Of Claim And To Extend Deadline To File Responses to Debtor's Proofs Of Claim. (mkp) (Entered: 12/05/2003) |
| 12/04/2003 | 154 | Certificate of Service Re: 153 Motion For Expedited Hearing And 152 Debtor S.E.E.. Inc. Motion For Continuance Of Hearing On Confirmation Re: Debtor's First 102 Amended Chapter 11 Plan Of Reorganization And Hearing On Debtor's Objections To Proofs Of Claim And To Extend Deadline To File Responses to Debtor's Proofs Of Claim. (mkp) (Entered: 12/05/2003) |
| 12/05/2003 | 155 | BNC Certificate of Mailing - PDF Document. Service Date 12/05/2003. (Related Doc # 151) (Admin.) (Entered: 12/06/2003) |
| 12/05/2003 | 156 | Endorsement Order Dated 12/5/2003 Granting Re: 153 Motion For Expedited Hearing ON: 152 Debtor S.E.E.. Inc. Motion For Continuance Of Hearing On Confirmation Re: Debtor's First 102 Amended Chapter 11 Plan Of Reorganization And Hearing On Debtor's Objections To Proofs Of Claim And To Extend Deadline To File Responses to Debtor's Proofs Of Claim. GRANTED. THE COURT WILL |

| | | |
|---|---|---|
| | | CONSIDER THE MOTION ON DECEMBER 11, 2003 AT 11:00 A.M.. ALL OBJECTION/RESPONSE DEADLINE ARE CONTINUED GENERALLY. (mkp) (Entered: 12/08/2003) |
| 12/08/2003 | 157 | Hearing Scheduled for 12/11/2003 at 11:00 AM Boston Courtroom 3 - WCH. RE: 152 Debtor S.E.E.. Inc. Motion For Continuance Of Hearing On Confirmation Re: Debtor's First 102 Amended Chapter 11 Plan Of Reorganization And Hearing On Debtor's Objections To Proofs Of Claim And To Extend Deadline To File Responses to Debtor's Proofs Of Claim. (mkp) (Entered: 12/08/2003) |
| 12/08/2003 | 158 | Creditors Jumi Lee, Paul Martin Emergency Motion to Extend Objection And Response Deadlines To The Debtor's First Amended Plan Of Reorganization, And The Debtor's Objections To Claims Of Paul Martin And Jumi Lee. c/s.. (mkp) (Entered: 12/08/2003) |
| 12/09/2003 | 159 | Endorsed Order Dated 12/9/2003 RE: 158Creditors Jumi Lee, Paul Martin Emergency Motion to Extend Objection And Response Deadlines To The Debtor's First Amended Plan Of Reorganization, And The Debtor's Objections To Claims Of Paul Martin And Jumi Lee. MOOT. (mjt, usbc) (Entered: 12/10/2003) |
| 12/09/2003 | 160 | Certificate of Service Re: 157 Hearing Scheduled for 12/11/2003 at 11:00 AM Boston Courtroom 3 - WCH. RE: 152 Debtor S.E.E.. Inc. Motion For Continuance Of Hearing On Confirmation Re: Debtor's First 102 Amended Chapter 11 Plan Of Reorganization And Hearing On Debtor's Objections To Proofs Of Claim And To Extend Deadline To File Responses to Debtor's Proofs Of Claim. (mkp) (Entered: 12/11/2003) |
| 12/11/2003 | | Hearing Held RE: 152 Debtor S.E.E.. Inc. Motion For Continuance Of Hearing On Confirmation Re: Debtor's First 102 Amended Chapter 11 Plan Of Reorganization And Hearing On Debtor's Objections To Proofs Of Claim And To Extend Deadline To File Responses to Debtor's Proofs Of Claim. (mkp) (Entered: 12/17/2003) |
| 12/11/2003 | 162 | Order Dated 12/11/2003 Re: 107 Debtor, S.E.E., Inc.s, Objection To Two Proofs Of Claim Filed by Minority Stockholders; 108 Debtor S.E.E. Inc., Objection To Proof Of Claim Filed By Paul Martin For Unpaid And Vacation And Commissions., 109 Objection To Proof Of Claim Filed by Jumi Lee For Unpaid Commissions. And Confirmation Hearing. THE COURT ABSTAINS. (mkp) (Entered: 12/17/2003) |
| 12/11/2003 | 163 | Order Re: 152 Debtor S.E.E.. Inc. Motion For Continuance Of Hearing On Confirmation Re: Debtor's First 102 Amended Chapter 11 Plan Of Reorganization And Hearing On Debtor's Objections To Proofs Of Claim And To Extend Deadline To File Responses to Debtor's Proofs Of Claim. THE COURT ABSTAINS FROM THIS MATTER. (mkp) (Entered: 12/17/2003) |
| 12/12/2003 | 161 | BNC Certificate of Mailing - PDF Document. Service Date 12/12/2003. (Related Doc # 159) (Admin.) (Entered: 12/13/2003) |
| 12/17/2003 | 164 | Order Dated 12/17/2003: The Court issues this order to clarify its order of 12/11/2003. The Court abstains from the main bankruptcy case and the related proceedings. The Court no longer has jurisdiction over the main case or the adversary proceedings. (mkp) (Entered: 12/17/2003) |

| 12/19/2003 | _165_ | BNC Certificate of Mailing - PDF Document. Service Date 12/19/2003. (Related Doc # _162_) (Admin.) (Entered: 12/20/2003) |
| 12/19/2003 | _166_ | BNC Certificate of Mailing - PDF Document. Service Date 12/19/2003. (Related Doc # _163_) (Admin.) (Entered: 12/20/2003) |
| 12/19/2003 | _167_ | BNC Certificate of Mailing - PDF Document. Service Date 12/19/2003. (Related Doc # _164_) (Admin.) (Entered: 12/20/2003) |
| 02/06/2004 | | Disposition of Adversary. Adversary Number 03-1224 abstains Complaint. (mkp) (Entered: 02/06/2004) |
| 02/06/2004 | | Adversary Case 03-1224 Closed. (mkp) (Entered: 02/06/2004) |
| 04/13/2004 | | Bankruptcy Case Closed (mkp) (Entered: 04/13/2004) |
| 04/13/2004 | | Disposition of Adversary. Adversary Number Complaint (mkp) (Entered: 04/13/2004) |
| 04/13/2004 | | Adversary Case 03-1225 Closed (mkp) (Entered: 04/13/2004) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/19/2005 14:25:47 | | | |
| **PACER Login:** | jp0139 | **Client Code:** | trng001 |
| **Description:** | Docket Report | **Search Criteria:** | 03-14379 Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Links: n Format: HTMLfmt |
| **Billable Pages:** | 11 | **Cost:** | 0.88 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

PHILIP TRINGALI,           )
                           )
        Plaintiff,         )
                           )
v.                         )
                           )
PAUL MARTIN AND            )
JUMI LEE,                  )
                           )
        Defendants         )

PLAINTIFF, PHILIP TRINGALI'S OPPOSITION TO
DEFENDANTS, PAUL MARTIN AND JUMI LEE'S
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

EXHIBIT 5

**CLOSED**

## United States Bankruptcy Court
## District of Massachusetts (Boston)
## Adversary Proceeding #: 03-01224

*Assigned to:* Judge William C. Hillman
*Related BK Case:* 03-14379
*Related BK Title:*
*Demand:*
*Nature of Suit:* 459

*Date Filed:* 06/06/03
*Date Terminated:* 02/06/2004

### Plaintiff
------------------------

**S.E.E. Inc.**
48 Leona Dr.
Ste. D
Middleborough, MA 02346
Tax id: 04-3016331

represented by **Brian P. Voke**
Campbell & Associates
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

**Christopher W. Parker**
Rubin & Rudman, LLP
50 Rowes Wharf
Boston, MA 02110
(617) 330-7000

V.

### Defendant
------------------------

**Quantum Dynamics International, LLC**

**Paul Martin**

represented by **Nina M. Parker**
Parker & Associates
10 Converse Place
Winchester, MA 01890
(781) 729-0005
Email: nmp@ninaparker.com
*LEAD ATTORNEY*

**Roger S. Davis**
Davis & Rubin
One Bowdoin Squ., Suite 901
Boston, MA 02114-2919
(617) 742-4300
*LEAD ATTORNEY*

**Jumi Lee**

represented by **Nina M. Parker**
(See above for address)
*LEAD ATTORNEY*

**Roger S. Davis**
(See above for address)
*LEAD ATTORNEY*

| Filing Date | # | Docket Text |
|---|---|---|
| 06/06/2003 | 1 | 459 (Application For Removal): Notice of Removal by S.E.E. Inc.. Receipt Number 499250, Fee Amount $150. Notice to remove the following actions from the Superior Court for the Commonwealth of Massachusetts, Plymouth County, Civil Action No. PLVC2002-00306. (js, USBC) "SEE EXHIBITS" (Entered: 06/10/2003) |
| 06/12/2003 | 2 | Status Hearing Scheduled for 7/2/2003 at 09:30 AM Boston Courtroom 3 - WCH RE: 1 459 (Application For Removal): Notice 1 of Removal by S.E.E. Inc. to remove the following actions from the Superior Court for the Commonwealth of Massachusetts, Plymouth County, Civil Action No. PLVC2002-00306. (mkp) (Entered: 06/12/2003) |
| 06/16/2003 | 3 | Defendants Jumi Lee and Paul Martin Motion for Remand Of 1 Adversary Proceedings Or Alternatively, For Abstention from Proceedings. (mkp) (Entered: 06/19/2003) |
| 06/16/2003 | 4 | Certificate of Service Re: 3 Defendants Jumi Lee and Paul Martin Motion for Remand Of 1 Adversary Proceedings Or Alternatively, For Abstention from Proceedings. (mkp) (Entered: 06/19/2003) |
| 06/19/2003 | 5 | Certificate of Service Re: 2 Status Hearing Scheduled for 7/2/2003 at 09:30 AM Boston Courtroom 3 - WCH RE: 1 459 (Application For Removal): Notice 1 of Removal by S.E.E. Inc.. Notice to remove the following actions from the Superior Court for the Commonwealth of Massachusetts, Plymouth County, Civil Action No. PLVC2002-00306. (mkp) (Entered: 06/25/2003) |
| 07/02/2003 | | Status Hearing Held. #3 set for hearing 8/13/03 at 9:30 a.m. (jmd, ) (Entered: 07/07/2003) |
| 07/02/2003 | 6 | Order Regarding 3 Motion For Remand - Set for hearing 8/13/03 at 9:30 a.m. (jmd, ) (Entered: 07/07/2003) |
| 07/07/2003 | 7 | Hearing Scheduled for 8/13/2003 at 09:30 AM Boston Courtroom 3 - WCH RE: 3 Motion for Remand Of Adversary Proceedings Or Alternatively, For Abstention From Proceedings. (jmd, ) (Entered: 07/07/2003) |
| 07/07/2003 | 8 | Court Certificate of Mailing RE: 7 Hearing Scheduled. (jmd, ) (Entered: 07/07/2003) |
| 07/09/2003 | 9 | BNC Certificate of Mailing - PDF Document. Service Date 07/09/2003. (Related Doc # 6) (Admin.) (Entered: 07/10/2003) |
| 08/13/2003 | | Hearing Held RE: 3 Motion for Remand filed by Defendant Paul Martin, Defendant Jumi Lee. (mkp) (Entered: 08/22/2003) |

| 08/13/2003 | 10 | Order Dated 8/13/2003 Withdrawn In Open Court 3 Defendants Jumi Lee and Paul Martin Motion for Remand Of 1 Adversary Proceedings Or Alternatively, For Abstention from Proceedings. (mkp) (Entered: 08/22/2003) |
| 08/24/2003 | 11 | BNC Certificate of Mailing - PDF Document. Service Date 08/24/2003. (Related Doc # 10) (Admin.) (Entered: 08/25/2003) |
| 08/25/2003 | 12 | Transcript of hearing held August 13, 2003 Re:3 Motion for Remand filed by Defendant Paul Martin and Defendant Jumi Lee (mjt, usbc) (Entered: 08/25/2003) |
| 08/25/2003 | 13 | Transcript of Status Hearing Held 7/2/03 Re: 1 Notice of Removal filed by Plaintiff S.E.E. Inc. (mjt, usbc) (Entered: 08/25/2003) |
| 09/19/2003 | 14 | Plaintiff S.E.E. Inc.'s Motion to Strike Objections Compel Responses To S.E.E. INC.'s First And Second Request For Documents To Paul Martin Jumi Lee And Quantum Dynamics. c/s.. (mkp) (Entered: 10/01/2003) |
| 09/19/2003 | 15 | Plaintiff S.E.E. Inc ., Proposed Discovery Plan. c/s.. (mkp) (Entered: 10/01/2003) |
| 09/19/2003 | 16 | S.E.E., INC.s, Memorandum In Support Of Its 14 Motion to Compel Discovery. See attached exhibits. (mkp) (Entered: 10/01/2003) |
| 09/24/2003 | 18 | Defendants Jumi Lee, Paul Martin, Quantum Dynamics International, LLC., Motion to Compel. Deposition of S.E.E., Inc.. (mkp) (Entered: 10/02/2003) |
| 09/24/2003 | 19 | Defendants Jumi Lee, Paul Martin, Quantum Dynamics International, LLC., Motion to Compel Procduction OF Documents. (mkp) (Entered: 10/02/2003) |
| 09/24/2003 | 20 | Defendants' Memorandum In Support of 19 Motion To Compel Production Of Documents. (mkp) (Entered: 10/02/2003) |
| 09/24/2003 | 21 | Certificate of Service. Re: Defendants' 18 Motion to Compel Deposition Of S.E.E., Inc..; Defendants 19 Motion to Compel Production Of Documents And 20 Memorandum In Support of Motion to Compel Production Of Documents. (mkp) (Entered: 10/02/2003) |
| 09/25/2003 | 17 | S.E.E. Inc., FED.R.CIV.P.26 Automated Disclosures. c/s.. (mkp) (Entered: 10/01/2003) |
| 10/01/2003 | 24 | Opposition Filed by Defendants Jumi Lee, Paul Martin, Quantum Dynamics International, LLC Re: Plaintiff's 14 Motion to Compel Discovery. c/s.. (mkp) (Entered: 10/08/2003) |
| 10/01/2003 | 25 | Certificate of Service Re: 24 Opposition Filed by Defendants Jumi Lee, Paul Martin, Quantum Dynamics International, LLC Re: Plaintiff's 14 Motion to Compel Discovery. (mkp) (Entered: 10/08/2003) |
| 10/03/2003 | 22 | Hearing Scheduled for 10/22/2003 at 09:30 AM Boston Courtroom 3 - WCH. RE: 18 Motion to Compel Deposition of S.E.E., Inc.. 19 Motion to Compel Production of Documents. Objections due by 10/20/2003 at 12:00 PM.. (mkp) (Entered: |

| | | 10/03/2003) |
|---|---|---|
| 10/03/2003 | 23 | Hearing Scheduled for 10/22/2003 at 09:30 AM Boston Courtroom 3 - WCH. RE: 14 Plaintiff S.E.E. Inc.'s Motion to Strike Objections Compel Responses To S.E.E. INC.'s First And Second Request For Documents To Paul Martin Jumi Lee And Quantum Dynamics. Objections due by 10/20/2003 at 12:00 PM.. (mkp) (Entered: 10/03/2003) |
| 10/03/2003 | 26 | Defendants' Automatic of Disclosure. c/s.. (mkp) (Entered: 10/15/2003) |
| 10/08/2003 | 27 | Opposition Of S.E.E. Inc. To: 18 Defendants Jumi Lee, Paul Martin, Quantum Dynamics International, LLC., Motion to Compel. Deposition of S.E.E., Inc.. c/s.. (mkp) (Entered: 10/20/2003) |
| 10/08/2003 | 28 | Limited Opposition Of S.E.E. Inc. To: 19 Defendants Jumi Lee, Paul Martin, Quantum Dynamics International, LLC., Motion to Compel Procduction OF Documents. c/s.. (mkp) (Entered: 10/20/2003) |
| 10/16/2003 | 29 | Certificate of Service Re: 23 Hearing Scheduled for 10/22/2003 at 09:30 AM Boston Courtroom 3 - WCH. RE: 14 Plaintiff S.E.E. Inc.'s Motion to Strike Objections Compel Responses To S.E.E. INC.'s First And Second Request For Documents To Paul Martin Jumi Lee And Quantum Dynamics. Objections due by 10/20/2003 at 12:00 PM.. (mkp) (Entered: 10/20/2003) |
| 10/17/2003 | 30 | Defendants' Response To: S.E.E. Inc.'s Limited 28 Opposition Of S.E.E. Inc. To: 19 Defendants Motion To Compel Procduction Of Documents. (mkp) (Entered: 10/20/2003) |
| 10/17/2003 | 31 | Defendants' Response To: 27 Opposition Of S.E.E. Inc. To: 18 Defendants Jumi Lee, Paul Martin, Quantum Dynamics International, LLC., Motion to Compel Deposition of S.E.E., Inc.. (mkp) (Entered: 10/20/2003) |
| 10/17/2003 | 32 | Affidavit of Roger S. Davis Re: 31 Defendants' Response To: 27 Opposition Of S.E.E. Inc. To: 18 Defendants Jumi Lee, Paul Martin, Quantum Dynamics International, LLC., Motion to Compel Deposition of S.E.E., Inc.. (mkp) (Entered: 10/20/2003) |
| 10/17/2003 | 33 | Certificate of Service Re: 30 Defendants' Response To S.E.E., Inc.,'s Limited Opposition To Defendants' Motion To Compel Production Of Documents. 31 Defendants' Response To S.E.E., Inc's Opposition To Defendants' Motion To Compel Deposition Of S.E.E., Inc.. And 32 Affidavit Of Roger S. Davis In Support Of Defendants Responses. (mkp) (Entered: 10/20/2003) |
| 10/22/2003 | | Hearing Held RE: S.E.E. INC's 14 Motion to Strike, Defendant's 18 Motion to Compel Deposition Of S.E.E., Inc.. And Defendant's 19 Motion to Compel Production Of Documents. (mkp) (Entered: 10/31/2003) |
| 10/22/2003 | 34 | Order Dated 10/22/2003 To Continue Hearing On: S.E.E. Inc's 14 Motion to Strike Objections Compel Responses To S.E.E. Inc's First And Second Request For Documents To Paul Martin, Jumi Lee And Quantum Dynamics; Defendants 18 |

| | | |
|---|---|---|
| | | Motion to Compel Deposition Of S.E.E., Inc.. And Defendants 19 Motion to Compel Productions Of Documents. HEARING CONTINUED TO NOVEMBER 12, 2003. (mkp) (Entered: 11/03/2003) |
| 11/05/2003 | 35 | Hearing Scheduled for 11/12/2003 at 09:30 AM Boston Courtroom 3 - WCH. RE: S.E.E., Inc's 14 Motion to Strike Objections Compel Responses To S.E.E. Inc.'s First And Second Request For Documents To Paul Martin, Jumi Lee And Quantum Dynamics; Defendant's 18 Motion to Compel Deposition Of S.E.E., Inc., And Defendants 19 Motion to Compel Production Of Documents. (mkp) (Entered: 11/05/2003) |
| 11/05/2003 | 36 | Court Certificate of Mailing. (RE: 35 Hearing Scheduled for 11/12/2003 at 09:30 AM Boston Courtroom 3 - WCH. RE: S.E.E., Inc's 14 Motion to Strike Objections Compel Responses To S.E.E. Inc.'s First And Second Request For Documents To Paul Martin, Jumi Lee And Quantum Dynamics; Defendant's 18 Motion to Compel Deposition Of S.E.E., Inc., And Defendants 19 Motion to Compel Production Of Documents. (mkp) (Entered: 11/05/2003) |
| 11/05/2003 | 37 | BNC Certificate of Mailing - PDF Document. Service Date 11/05/2003. (Related Doc # 34) (Admin.) (Entered: 11/06/2003) |
| 11/10/2003 | 38 | Defendants Jumi Lee, Paul Martin, Quantum Dynamics International, LLC Motion for Protective Order. c/s.. (mkp) (Entered: 11/10/2003) |
| 11/10/2003 | 39 | Notice of Hearing Re: 35 Hearing Scheduled for 11/12/2003 at 09:30 AM Boston Courtroom 3 - WCH. RE: S.E.E., Inc's 14 Motion to Strike Objections Compel Responses To S.E.E. Inc.'s First And Second Request For Documents To Paul Martin, Jumi Lee And Quantum Dynamics; Defendant's 18 Motion to Compel Deposition Of S.E.E., Inc., And Defendants 19 Motion to Compel Production Of Documents. (mkp) (Entered: 11/10/2003) |
| 11/12/2003 | | Hearing Held RE: 14 Motion to Strike filed by Plaintiff S.E.E. Inc., 18 Motion to Compel Deposition of SEE, Inc., filed by Defendant Quantum Dynamics International, LLC, Defendant Paul Martin, Defendant Jumi Lee, 19 Motion to Compel Production of Documents filed by Defendant Quantum Dynamics International, LLC, Defendant Paul Martin, Defendant Jumi Lee (mem, usbc) (Entered: 11/17/2003) |
| 11/12/2003 | 40 | Order Dated 11/12/2003 RE: 18 Motion to Compel filed by Defendant Quantum Dynamics International, LLC, Defendant Paul Martin, Defendant Jumi Lee, 19 Motion to Compel filed by Defendant Quantum Dynamics International, LLC, Defendant Paul Martin, Defendant Jumi Lee, 14 Motion to Strike filed by Plaintiff S.E.E. Inc.). #14, 18 GRANTED. #19 GRANTED. (mem, usbc) (Entered: 11/17/2003) |
| 11/17/2003 | 41 | Endorsement Order Dated 11/17/2003 Mooting 38 Defendants Jumi Lee, Paul Martin, Quantum Dynamics International, LLC Motion for Protective Order. (mkp) (Entered: 11/18/2003) |
| 11/17/2003 | 45 | Plaintiff S.E.E. Inc., Opposition To Defendants' 38 Motion for Protective Order. (mkp) (Entered: 11/24/2003) |

| 11/18/2003 | 42 | Defendants Jumi Lee and Paul Martin Emergency Motion For Stay Of 40 Order Dated 11/12/2003 Allowing 14 S.E.E. Inc.'s Motion to Strike Objections And To Compel Responses To First And Second Request For Documents To Paul Martin; Jumi Lee And Quantum Dynamics. c/s.. (mkp) (Entered: 11/18/2003) |
| --- | --- | --- |
| 11/19/2003 | 43 | BNC Certificate of Mailing - PDF Document. Service Date 11/19/2003. (Related Doc # 40) (Admin.) (Entered: 11/20/2003) |
| 11/19/2003 | 46 | Endorsement Order Dated 11/19/2003 Denying 42 Defendants Jumi Lee and Paul Martin Emergency Motion For Stay Of 40 Order Dated 11/12/2003 Allowing 14 S.E.E. Inc.'s Motion to Strike Objections And To Compel Responses To First And Second Request For Documents To Paul Martin; Jumi Lee And Quantum Dynamics. (mkp) (Entered: 11/24/2003) |
| 11/20/2003 | 44 | BNC Certificate of Mailing - PDF Document. Service Date 11/20/2003. (Related Doc # 41) (Admin.) (Entered: 11/21/2003) |
| 11/20/2003 | 48 | Motion by Plaintiff S.E.E. Inc.. For A Confidentiality Order. c/s.. (mkp) (Entered: 11/24/2003) |
| 11/21/2003 | 47 | Opposition by Plaintiff S.E.E. Inc. Re: 42 Defendants Jumi Lee and Paul Martin Emergency Motion For Stay Of 40 Order Dated 11/12/2003 Allowing 14 S.E.E. Inc.'s Motion to Strike Objections And To Compel Responses. c/s.. (mkp) (Entered: 11/24/2003) |
| 11/21/2003 | 49 | S.E.E. Inc. Motion to Compel Compliance With Discovery Order And For Sanctions. c/s.. (mkp) (Entered: 11/24/2003) |
| 11/21/2003 | 50 | Motion For Expedited Determination Re:49 S.E.E. Inc. Motion to Compel Compliance With Discovery Order And For Sanctions. c/s.. (mkp) (Entered: 11/24/2003) |
| 11/26/2003 | 51 | Defendants's Jumi Lee And Paul Martin Motion For Expedited Hearing As To Emergency 42 Motion For Stay Of 40 Order Dated 11/12/2003 Allowing 14 S.E.E. Inc.'s Motion to Strike Objections And To Compel Responses To First And Second Request For Documents To Paul Martin; Jumi Lee And Quantum Dynamics. (mkp) (Entered: 11/26/2003) |
| 11/26/2003 | 52 | Defendants' Opposition To 49 S.E.E. Inc. Motion to Compel Compliance With Discovery Order And For Sanctions. (mkp) (Entered: 11/26/2003) |
| 11/26/2003 | 53 | Certificate of Service. Re: 51 Defendants's Jumi Lee And Paul Martin Motion For Expedited Hearing As To Emergency 42 Motion For Stay Of 40 Order Dated 11/12/2003 Allowing 14 S.E.E. Inc.'s Motion to Strike Objections And To Compel Responses To First And Second Request For Documents To Paul Martin; Jumi Lee And Quantum Dynamics Amd Defendants 52 Opposition To S.E.E., Inc.'s Motion To Compel Compliance With Discovery Order And For Sanctions. (mkp) (Entered: 11/26/2003) |
| 11/26/2003 | 54 | BNC Certificate of Mailing - PDF Document. Service Date 11/26/2003. (Related |

| | | Doc # 46) (Admin.) (Entered: 11/27/2003) |
|---|---|---|
| 11/26/2003 | 55 | Notice Of Withdrawal of Motion by Plaintiff S.E.E. Inc.. For A Confidentiality Order. c/s..(mkp) (Entered: 12/01/2003) |
| 12/01/2003 | 56 | Endorsed Order Dated 12/1/2003 Re: 50 Motion For Expedited Determination Re:49 S.E.E. Inc. Motion to Compel Compliance With Discovery Order And For Sanctions. GRANTED. (mem, usbc) (Entered: 12/02/2003) |
| 12/01/2003 | 59 | Endorsement Order Dated 12/1/2003 Denying 51 Defendants's Jumi Lee And Paul Martin Motion For Expedited Hearing As To Emergency 42 Motion For Stay Of 40 Order Dated 11/12/2003 Allowing 14 S.E.E. Inc.'s Motion to Strike Objections And To Compel Responses To First And Second Request For Documents To Paul Martin; Jumi Lee And Quantum Dynamics. DENIED. MOTION WAS DENIED. (mkp) (Entered: 12/04/2003) |
| 12/02/2003 | 57 | Hearing Scheduled for 12/11/2003 at 11:00 AM Boston Courtroom 3 - WCH Re: 49S.E.E. Inc. Motion to Compel Compliance With Discovery Order And For Sanctions (mem, usbc) (Entered: 12/02/2003) |
| 12/02/2003 | 58 | Court Certificate of Mailing RE: 57 Hearing Scheduled for 12/11/2003 at 11:00 AM Boston Courtroom 3 - WCH Re: 49S.E.E. Inc. Motion to Compel Compliance With Discovery Order And For Sanctions (mem, usbc) (Entered: 12/02/2003) |
| 12/03/2003 | 60 | Defendants' Motion For Stay Pending Appeal Re: 40 Order Dated 11/12/2003 RE: 18 Motion to Compel filed by Defendant Quantum Dynamics International, LLC, Defendant Paul Martin, Defendant Jumi Lee, 19 Motion to Compel filed by Defendant Quantum Dynamics International, LLC, Defendant Paul Martin, Defendant Jumi Lee, 14 Motion to Strike filed by Plaintiff S.E.E. Inc.. #14, 18 GRANTED. #19 GRANTED. (mkp) (Entered: 12/04/2003) |
| 12/03/2003 | 61 | Defendants' Motion for Leave to Appeal 46 Endorsement Order Dated 11/19/2003 Denying 42 Defendants Jumi Lee and Paul Martin Emergency Motion For Stay Of 40 Order Dated 11/12/2003 Allowing 14 S.E.E. Inc.'s Motion to Strike Objections And To Compel Responses To First And Second Request For Documents To Paul Martin; Jumi Lee And Quantum Dynamics Order on Motion to Stay. (mkp) (Entered: 12/04/2003) |
| 12/03/2003 | 62 | Notice of Appeal. RE: 46 Endorsement Order Dated 11/19/2003 Denying 42 Defendants Jumi Lee and Paul Martin Emergency Motion For Stay Of 40 Order Dated 11/12/2003 Allowing 14 S.E.E. Inc.'s Motion to Strike Objections And To Compel Responses To First And Second Request For Documents To Paul Martin; Jumi Lee And Quantum Dynamics. Appellant Designation due by 12/15/2003. Complied Records Due by 12/29/2003. Transmission of Designation Due by 1/2/2004. (mkp) (Entered: 12/04/2003) |
| 12/03/2003 | 63 | Election of Appeal to District Court Filed by Defendants Jumi Lee, Paul Martin, Quantum Dynamics International, LLC.. RE: 62Notice of Appeal. RE: 46 Endorsement Order Dated 11/19/2003 Denying 42 Defendants Jumi Lee and Paul Martin Emergency Motion For Stay Of 40 Order Dated 11/12/2003 Allowing 14 S.E.E. Inc.'s Motion to Strike Objections And To Compel Responses To First And |

| | | |
|---|---|---|
| | | Second Request For Documents To Paul Martin; Jumi Lee And Quantum Dynamics. (mkp) (Entered: 12/04/2003) |
| 12/03/2003 | 64 | Certificate of Service. Re: 60 Motion To Stay Pending Appeal, 61 Motion for Leave to Appeal, 62 Notice of Appeal And 63 Election of Appeal to District Court. Filed by Defendants Jumi Lee, Paul Martin, Quantum Dynamics International, LLC.. (mkp) (Entered: 12/04/2003) |
| 12/03/2003 | 67 | Certificate of Service Re: 57 Hearing Scheduled for 12/11/2003 at 11:00 AM Boston Courtroom 3 - WCH Re: 49S.E.E. Inc. Motion to Compel Compliance With Discovery Order And For Sanctions. (mkp) (Entered: 12/09/2003) |
| 12/04/2003 | 65 | BNC Certificate of Mailing - PDF Document. Service Date 12/04/2003. (Related Doc # 56) (Admin.) (Entered: 12/05/2003) |
| 12/06/2003 | 66 | BNC Certificate of Mailing - PDF Document. Service Date 12/06/2003. (Related Doc # 59) (Admin.) (Entered: 12/08/2003) |
| 12/11/2003 | | Hearing Held RE: 49Debtor's Motion to Compel. (mkp) (Entered: 12/17/2003) |
| 12/11/2003 | 68 | Order dated 12/11/2003 Re: Debtor's 49 Motion To Compel. THE COURT ABSTAINS. (mkp) (Entered: 12/17/2003) |
| 12/12/2003 | 69 | Endorsement Order Dated 12/12/2003 Mooting Defendant's 60 Motion For Stay Pending Appeal. (mkp) (Entered: 12/19/2003) |
| 12/17/2003 | 72 | Order Dated 12/17/2003 The Court issues this Order to clarify its 68 Order of 12/11/2003. The Court abstains from the main bankruptcy case and the related proceedings. The Court no longer has jurisdiction over the main case or the adversary proceedings. (mkp) (Entered: 02/04/2004) |
| 12/19/2003 | 70 | BNC Certificate of Mailing - PDF Document. Service Date 12/19/2003. (Related Doc # 68) (Admin.) (Entered: 12/20/2003) |
| 12/21/2003 | 71 | BNC Certificate of Mailing - PDF Document. Service Date 12/21/2003. (Related Doc # 69) (Admin.) (Entered: 12/22/2003) |
| 02/06/2004 | 73 | Transmittal To Plymouth Superior Court Bankruptcy Docket and Copies of all Pleadings in the Adversary Proceeding 03-1224. (mkp) (Entered: 02/06/2004) |
| 02/06/2004 | | Disposition of Adversary. Adversary Number 03-1224 abstains Complaint. (mkp) (Entered: 02/06/2004) |
| 02/06/2004 | | Adversary Case 03-1224 Closed. (mkp) (Entered: 02/06/2004) |
| 02/08/2004 | 74 | BNC Certificate of Mailing - PDF Document. Service Date 02/08/2004. (Related Doc # 73) (Admin.) (Entered: 02/09/2004) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

PHILIP TRINGALI,                )
                                )
        Plaintiff,              )
                                )
v.                              )
                                )
PAUL MARTIN AND                 )
JUMI LEE,                       )
                                )
        Defendants             )

PLAINTIFF, PHILIP TRINGALI'S OPPOSITION TO
DEFENDANTS, PAUL MARTIN AND JUMI LEE'S
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

EXHIBIT 6

**DISMISSED, CLOSED**

## United States Bankruptcy Court
## District of Massachusetts (Boston)
## Adversary Proceeding #: 03-01225

*Assigned to:* Judge William C. Hillman
*Related BK Case:* 03-14379
*Related BK Title:*
*Demand:* $250000
*Nature of Suit:* 459

*Date Filed:* 06/06/03
*Date Terminated:* 04/13/2004

### Plaintiff
------------------------

**Paul Martin,** *Individually and as*
*Stockholders on behalf of S.E.E., Inc.*

represented by **Nina M. Parker**
Parker & Associates
10 Converse Place
Winchester, MA 01890
(781) 729-0005
Email: nmp@ninaparker.com
*LEAD ATTORNEY*

**Roger S. Davis**
Davis & Rubin
One Bowdoin Squ., Suite 901
Boston, MA 02114-2919
(617) 742-4300
*LEAD ATTORNEY*

**Jumi Lee,** *Individually and as Stockholders*
*on behalf of S.E.E., Inc.*

represented by **Nina M. Parker**
(See above for address)
*LEAD ATTORNEY*

**Roger S. Davis**
(See above for address)
*LEAD ATTORNEY*

V.

### Defendant
------------------------

**S.E.E. Inc.**
48 Leona Dr.
Ste. D
Middleborough, MA 02346
Tax id: 04-3016331

represented by **Christopher W. Parker**
Rubin & Rudman, LLP
50 Rowes Wharf
Boston, MA 02110
(617) 330-7000

**Philip Tringali**

represented by **Christopher W. Parker**
(See above for address)

| Filing Date | # | Docket Text |
|---|---|---|
| 06/06/2003 | 1 | 459 (Application For Removal): Notice of Removal by Paul Martin , Jumi Lee . Receipt Number 499250, Fee Amount $150. Notice to remove the following action from the Superior Court for the Commonwealth of Massachusetts, Norfolk County, Civil Action No. 02-801. "SEE EXHIBITS" (js, USBC) (Entered: 06/10/2003) |
| 06/12/2003 | 2 | Hearing Scheduled for 7/2/2003 at 09:30 AM Boston Courtroom 3 - WCH RE: 1 459 (Application For Removal): Notice of Removal by Paul Martin , Jumi Lee . Notice to remove the following action from the Superior Court for the Commonwealth of Massachusetts, Norfolk County, Civil Action No. 02-801 Notice of Removal. (mkp) (Entered: 06/12/2003) |
| 06/16/2003 | 3 | Plaintiffs Jumi Lee And Paul Martin Motion for Remand 1 Of Adversary Proceedings Or Alternatively, For Abstention From Proceedings. (mkp) (Entered: 06/19/2003) |
| 06/16/2003 | 4 | Certificate of Service Re: 3 Plaintiffs Jumi Lee And Paul Martin Motion for Remand 1 Of Adversary Proceedings Or Alternatively, For Abstention From Proceedings. (mkp) (Entered: 06/19/2003) |
| 06/19/2003 | 5 | Certificate of Service Re: 2 Hearing Scheduled for 7/2/2003 at 09:30 AM Boston Courtroom 3 - WCH RE: 1 459 (Application For Removal): Notice of Removal by Paul Martin , Jumi Lee . Notice to remove the following action from the Superior Court for the Commonwealth of Massachusetts, Norfolk County, Civil Action No. 02-801 Notice of Removal. (mkp) (Entered: 06/25/2003) |
| 06/26/2003 | 6 | Opposition by Defendant S.E.E. Inc. Re: 3 Jumi Lee And Paul Martin Motion for Remand 1 Of Adversary Proceedings Or Alternatively, For Abstention From Proceedings. (mkp) (Entered: 06/27/2003) |
| 06/26/2003 | 7 | Certificate of Service Re: 6 Opposition by Defendant S.E.E. Inc. Re: 3 Jumi Lee And Paul Martin Motion for Remand 1 Of Adversary Proceedings Or Alternatively, For Abstention From Proceedings. (mkp) (Entered: 06/27/2003) |
| 07/02/2003 | 8 | Order Re: 3 Motion for Remand filed by Plaintiff Paul Martin, Plaintiff Jumi Lee. Set for hearing 8/13/03 at 9:30 a.m. (jmd, ) (Entered: 07/07/2003) |
| 07/02/2003 | | Status Hearing Held 1 Notice of Removal. (jmd, ) (Entered: 07/07/2003) |
| 07/07/2003 | 9 | Hearing Scheduled RE: 3 Motion for Remand scheduled for 8/13/2003 at 09:30 AM Boston Courtroom 3 - WCH. (jmd, ) (Entered: 07/07/2003) |
| 07/07/2003 | 10 | Court Certificate of Mailing RE: 9 Hearing Scheduled (jmd, ) (Entered: 07/07/2003) |
| 07/08/2003 | 11 | Certificate of Service of Notice of Hearing 8/13/03 Re: 3Motion for Remand Filed by Plaintiffs Jumi Lee and Paul Martin (mjt, usbc) (Entered: 07/09/2003) |
| 07/09/2003 | 12 | BNC Certificate of Mailing - PDF Document. Service Date 07/09/2003. (Related Doc # 8) (Admin.) (Entered: 07/10/2003) |

| 08/04/2003 | 13 | Certificate of Service Re: 3 Plaintiffs Jumi Lee And Paul Martin Motion for Remand 1 Of Adversary Proceedings Or Alternatively, For Abstention From Proceedings. Hearing set for 8/13/2003 at 9:30 a.m.. c/s.. (mkp) (Entered: 08/11/2003) |
|---|---|---|
| 08/13/2003 | | Hearing Held (RE: 3 Motion for Remand) (mkp) (Entered: 08/22/2003) |
| 08/13/2003 | 14 | Order Dated 8/13/2003 Withdrawn In open Court 3 Plaintiffs Jumi Lee And Paul Martin Motion for Remand 1 Of Adversary Proceedings Or Alternatively, For Abstention From Proceedings. (mkp) (Entered: 08/22/2003) |
| 08/24/2003 | 15 | BNC Certificate of Mailing - PDF Document. Service Date 08/24/2003. (Related Doc # 14) (Admin.) (Entered: 08/25/2003) |
| 08/25/2003 | 16 | Transcript of hearing held on August 13,2003 Re:3 Motion for Remand filed by Plaintiff Paul Martin and Plaintiff Jumi Lee (mjt, usbc) (Entered: 08/25/2003) |
| 08/25/2003 | 17 | Transcript of Status Hearing Held on 7/2/03 Re:1 Notice of Removal, filed by Plaintiff Paul Martin and Plaintiff Jumi Lee (mjt, usbc) (Entered: 08/25/2003) |
| 12/17/2003 | 18 | Order dated 12/17/2003: The Court issues this order to clarify its order of 12/11/2003 (Entered on the main Case 03-14379). The Court abstains from the main bankruptcy case and the related proceedings. The Court no longer has jurisdiction over the main case or the adversary proceedings. (mkp) (Entered: 02/04/2004) |
| 04/13/2004 | | Disposition of Adversary. Adversary Number Complaint (mkp) (Entered: 04/13/2004) |
| 04/13/2004 | | Adversary Case 03-1225 Closed (mkp) (Entered: 04/13/2004) |

<table>
<tr><td colspan="4" align="center"><strong>PACER Service Center</strong></td></tr>
<tr><td colspan="4" align="center"><strong>Transaction Receipt</strong></td></tr>
<tr><td colspan="4" align="center">04/19/2005 14:18:29</td></tr>
<tr><td><strong>PACER Login:</strong></td><td>jjp0139</td><td><strong>Client Code:</strong></td><td>trng001</td></tr>
<tr><td><strong>Description:</strong></td><td>Docket Report</td><td><strong>Search Criteria:</strong></td><td>03-01225 Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Links: n Format: HTMLfmt</td></tr>
<tr><td><strong>Billable Pages:</strong></td><td>2</td><td><strong>Cost:</strong></td><td>0.16</td></tr>
</table>

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

PHILIP TRINGALI,              )
                             )
        Plaintiff,            )
                             )
v.                            )
                             )
PAUL MARTIN AND               )
JUMI LEE,                     )
                             )
        Defendants            )

PLAINTIFF, PHILIP TRINGALI'S OPPOSITION TO
DEFENDANTS, PAUL MARTIN AND JUMI LEE'S
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

EXHIBIT 7

# United States Bankruptcy Court
## District of Massachusetts (Boston)
### Bankruptcy Petition #: 04-12352

*Assigned to:* Judge William C. Hillman
Chapter 7
Voluntary
Asset

*Date Filed:* 03/23/2004

**S.E.E., Inc.**
48 Leona Dr., Ste D
Middleboro, MA 02346
Tax id: 04-3016332
*Debtor*

represented by **Kathleen P. Dwyer**
MacLean Holloway Doherty Ardiff & Morse,
8 Essex Center Drive
Peabody, MA 01960
978-774-7123
Email: kdwyer@mhdpc.com

**John Fitzgerald**
Office of the US Trustee
10 Causeway Street
Boston, MA 02222
*Assistant U.S. Trustee*

**Debora Casey**
97 Whiting Street
Hingham, MA 02043
781-749-8068
*Trustee*

represented by **Neil D. Warrenbrand**
Fitzpatrick & Warrenbrand LLP
One McKinley Square
Boston, MA 02109
(617) 720-2286
Email: ndwlaw@aol.com

| Filing Date | # | Docket Text |
|---|---|---|
| 03/23/2004 | 1 | Chapter 7 Voluntary Petition Matrix. Receipt Number 511821, Filing Fee in the Amount of $209 Filed by S.E.E., Inc. rep by Kathleen P. Dwyer . (aa, USBC) (Entered: 03/24/2004) |
| 03/24/2004 | | First Meeting of Creditors scheduled on 04/26/2004 at 11:00 AM at Brockton Federal Building , 166 Main Street, 1st Floor. Proof of Claim due by 07/26/2004. (aa, USBC) (Entered: 03/24/2004) |
| 03/24/2004 | 2 | Certificate of Appointment and Acceptance of Trustee and Fixing of Bond (aa, USBC) (Entered: 03/24/2004) |
| 03/24/2004 | 3 | Order to Update . Atty Disclosure Statement due 4/8/2004. Schedules A-H due 4/8/2004. Statement of Financial Affairs due 4/8/2004. (aa, USBC) (Entered: 03/24/2004) |
| 03/25/2004 | 4 | Notice of Appearance and Request for Notice by Nina M. Parker. Filed by Creditors Paul Martin, Jumi Lee (Parker, Nina) (Entered: 03/25/2004) |

| 03/25/2004 | 5 | Notice of Appearance and Request for Notice *of Roger S. Davis filed* by Nina M. Parker. Filed by Creditors Jumi Lee, Paul Martin (Parker, Nina) (Entered: 03/25/2004) |
|---|---|---|
| 03/26/2004 | 6 | Application to Employ Neil D. Warrenbrand as Counsel to Chapter 7 Trustee With Affidavit Filed by Trustee Debora Casey (Attachments: # 1 Affidavit of Professional Person with c/s attached) (Warrenbrand, Neil) (Entered: 03/26/2004) |
| 03/29/2004 | 7 | Declaration Re: Electronic Filing *of Affidavit of Neil D. Warrenbrand* (Re: 6 Application to Employ). Filed by Trustee Debora Casey (Warrenbrand, Neil) (Entered: 03/29/2004) |
| 03/29/2004 | 8 | Court's Notice of 341 sent. (admin, ) (Entered: 03/29/2004) |
| 03/29/2004 | 9 | Motion *for Reassignment of Case with Certificate of Service* Filed by Debtor S.E.E., Inc. (Dwyer, Kathleen) (Entered: 03/29/2004) |
| 03/29/2004 | 10 | Endorsed Order dated 3/29/2004 regarding 9 Debtor's Motion for Reassignment of Case. ALLOWED. THE CASE IS HEREBY REASSIGNED TO JUDGE WILLIAM C. HILLMAN. (aek, usbc) (Entered: 03/30/2004) |
| 03/29/2004 | | Judge William C. Hillman added to case. Involvement of Judge Carol J. Kenner Terminated. (aek, usbc) (Entered: 03/30/2004) |
| 03/31/2004 | 11 | BNC Certificate of Mailing - Meeting of Creditors. Service Date 03/31/2004. (Related Doc # 8) (Admin.) (Entered: 04/01/2004) |
| 04/01/2004 | 12 | BNC Certificate of Mailing - PDF Document. Service Date 04/01/2004. (Related Doc # 10) (Admin.) (Entered: 04/02/2004) |
| 04/05/2004 | 13 | Schedules A-H and Summary of Schedules by Debtor S.E.E., Inc. (js, USBC) (Entered: 04/09/2004) |
| 04/05/2004 | 14 | Statement of Financial Affairs by Debtor S.E.E., Inc. (js, USBC) (Entered: 04/09/2004) |
| 04/05/2004 | 15 | Disclosure of Compensation of Attorney Kathleen P. Dwyer in the amount of $3,500.00. (js, USBC) (Entered: 04/09/2004) |
| 04/08/2004 | 16 | Notice of Appearance and Request for Notice by Mary L. Cataudella for Creditor Campanelli Middleborough II LLC. C/S. (js, USBC) (Entered: 04/09/2004) |
| 04/12/2004 | 17 | Notice *of Rescheduled Meeting of Creditors with Certificate of Service* (RE: Meeting (AutoAssign Chapter 7ba)). Filed by Debtor S.E.E., Inc. (Dwyer, Kathleen) (Entered: 04/12/2004) |
| 04/13/2004 | 18 | Notice of Appearance and Request for Notice by Thomas E. Pontes for Creditor Abington Savings Bank. (ymw, ) (Entered: 04/13/2004) |

| 04/14/2004 | 19 | Endorsed Order dated 4/14/2004 Re: 6 Application by Chapter 7 Trustee Debora Casey to Employ Neil D. Warrenbrand as Counsel. APPROVED. (js, USBC) (Entered: 04/16/2004) |
| --- | --- | --- |
| 04/18/2004 | 20 | BNC Certificate of Mailing - PDF Document. Service Date 04/18/2004. (Related Doc # 19) (Admin.) (Entered: 04/19/2004) |
| 04/27/2004 | | Meeting of Creditors Not Held (Casey, Debora) (Entered: 04/27/2004) |
| 04/27/2004 | 21 | Notice Of Intent To Abandon the Debtor?s furniture, fixture, equipment, inventory, certain books and records and work in process, which are currently located at the debtor?s former business premises. Filed by Trustee Debora Casey (Warrenbrand, Neil) (Entered: 04/27/2004) |
| 04/27/2004 | 22 | Motion For Order *authorizing rejection and termination of unexpired lease of nonresidential real property* Filed by Trustee Debora Casey (Warrenbrand, Neil) (Entered: 04/27/2004) |
| 04/27/2004 | 23 | Motion For Expedited Determination (Re:22 Motion for Order) Filed by Trustee Debora Casey (Warrenbrand, Neil) (Entered: 04/27/2004) |
| 04/27/2004 | 24 | Certificate of Service (Re: 21 Notice of Abandonment, 22 Motion for Order, 23 Motion for Expedited Determination). Filed by Trustee Debora Casey (Warrenbrand, Neil) (Entered: 04/27/2004) |
| 04/27/2004 | 25 | Endorsed Order dated 4/27/2004 Re: 22 Motion by Trustee Debora Casey For Order authorizing rejection and termination of unexpired lease of nonresidential real property. (js, USBC) (Entered: 04/28/2004) |
| 04/27/2004 | 26 | Endorsed Order dated 4/23/2004 Re: 23 Motion by Trustee Debora Casey For Expedited Determination of 22 Motion by Trustee Debora Casey For Order authorizing rejection and termination of unexpired lease of nonresidential real property. GRANTED. (js, USBC) (Entered: 04/28/2004) |
| 04/30/2004 | 27 | BNC Certificate of Mailing - PDF Document. Service Date 04/30/2004. (Related Doc # 25) (Admin.) (Entered: 05/01/2004) |
| 04/30/2004 | 28 | BNC Certificate of Mailing - PDF Document. Service Date 04/30/2004. (Related Doc # 26) (Admin.) (Entered: 05/01/2004) |
| 05/07/2004 | | Meeting of Creditors Held and Examination of Debtor *on May 7, 2004*. (Casey, Debora) (Entered: 05/07/2004) |
| 05/07/2004 | | Continuance of Meeting of Creditors to generally. (Casey, Debora) (Entered: 05/07/2004) |
| 05/12/2004 | 29 | Application to Employ Craig R. Jalbert and Verdolino & Lowey, PC as Accountant With Affidavit *c/s attached to Application* Filed by Trustee Debora Casey (Attachments: # 1 Affidavit # 2 Declaration of Electronic Filing) (Warrenbrand, Neil) (Entered: 05/12/2004) |

| 05/18/2004 | 30 | Endorsed Order dated 5/18/2004 Re: 29 Application to Employ Craig R. Jalbert and Verdolino & Lowey, PC as Accountant. GRANTED. (js, USBC) (Entered: 05/18/2004) |
|---|---|---|
| 05/20/2004 | 31 | BNC Certificate of Mailing - PDF Document. Service Date 05/20/2004. (Related Doc # 30) (Admin.) (Entered: 05/21/2004) |
| 06/22/2004 | 32 | Application to Employ Philip Tringali as nonprofessional acounts receivable collection agent without Affidavit *c/s attached* Filed by Trustee Debora Casey (Warrenbrand, Neil) (Entered: 06/22/2004) |
| 07/08/2004 | 33 | Endorsed Order dated 7/8/2004 Re: 32 Application by Trustee Debora Casey to Employ Philip Tringali as nonprofessional accounts receivable collection agent. GRANTED. (js, USBC) (Entered: 07/08/2004) |
| 07/10/2004 | 34 | BNC Certificate of Mailing - PDF Document. Service Date 07/10/2004. (Related Doc # 33) (Admin.) (Entered: 07/11/2004) |
| 10/01/2004 | 35 | Motion by Creditors Jumi Lee and Paul Martin for Relief from Stay To Permit Creditors to Pursue an Action filed against Phillip Tringali, which is pending in the Norfolk Superior Court C.A. No. 02-801. Receipt Number 000, Fee Amount $150 NOT PAID. Exhibit A-C. C/S. Objections due by 10/14/2004. (js, USBC) (Entered: 10/05/2004) |
| 10/05/2004 | 36 | Clerk's Notice of Fees Due by 10/15/2004 RE: 35 Motion by Creditors Jumi Lee and Paul Martin for Relief from Stay To Permit Creditors to Pursue an Action filed against Phillip Tringali, which is pending in the Norfolk Superior Court C.A. No. 02-801. (js, USBC) (Entered: 10/05/2004) |
| 10/07/2004 | 37 | BNC Certificate of Mailing. Service Date 10/07/2004. (Related Doc # 36) (Admin.) (Entered: 10/08/2004) |
| 10/14/2004 | | Receipt Number 519339, Fee Amount $150.00 Paid Re: 36 Clerk's Notice of Fees Due by 10/15/2004 RE: 35 Motion by Creditors Jumi Lee and Paul Martin for Relief from Stay To Permit Creditors to Pursue an Action filed against Phillip Tringali, which is pending in the Norfolk Superior Court C.A. No. 02-801. (js, USBC) (Entered: 10/18/2004) |
| 10/14/2004 | 38 | Letter by Philip Tringali to Extend Time to File Response. (js, USBC) (Entered: 10/19/2004) |
| 10/20/2004 | 39 | Endorsed Order dated 10/20/2004 Re: 38 Letter by Philip Tringali to Extend Time to File Response. GRANTED. Time to file an objection to Motion for Relief from Stay 35 is hereby extended until November 1, 2004. (js, USBC) (Entered: 10/21/2004) |
| 10/23/2004 | 40 | BNC Certificate of Mailing - PDF Document. RE: 39 Order on Motion to Extend Service Date 10/23/2004. (Admin.) (Entered: 10/25/2004) |
| 11/01/2004 | 41 | Response by Accountant Philip Tringali to 35 Motion by Creditors Jumi Lee and Paul Martin for Relief from Stay To Permit Creditors to Pursue an Action filed |

|  |  | against Phillip Tringali, which is pending in the Norfolk Superior Court C.A. No. 02-801. C/S. (ymw, ) (Entered: 11/02/2004) |
| --- | --- | --- |
| 11/02/2004 | 42 | Hearing scheduled for 11/10/2004 at 09:30 AM Boston Courtroom 3 - WCH RE: 35 Motion for Relief From Stay, filed by Creditor Paul Martin, Creditor Jumi Lee (ph, usbc, ) (Entered: 11/02/2004) |
| 11/04/2004 | 43 | BNC Certificate of Mailing - Hearing. RE: 42 Hearing Scheduled Service Date 11/04/2004. (Admin.) (Entered: 11/05/2004) |
| 11/08/2004 | 45 | Certificate of Service by Roger S. Davis for Creditors Jumi Lee and Paul Martin of Notice of Hearing Re: 35 Motion by Creditors Jumi Lee and Paul Martin for Relief from Stay To Permit Creditors to Pursue an Action filed against Phillip Tringali, which is pending in the Norfolk Superior Court C.A. No. 02-801. (js, USBC) (Entered: 11/10/2004) |
| 11/09/2004 | 44 | Request for Claims Register. (Casey, Debora) (Entered: 11/09/2004) |
| 11/10/2004 |  | Hearing Held RE: 35 Motion by Creditors Jumi Lee and Paul Martin for Relief from Stay To Permit Creditors to Pursue an Action filed against Phillip Tringali, which is pending in the Norfolk Superior Court C.A. No. 02-801. (js, USBC) (Entered: 11/10/2004) |
| 11/10/2004 | 46 | Order dated 11/10/2004 Re: 35 Motion by Creditors Jumi Lee and Paul Martin for Relief from Stay To Permit Creditors to Pursue an Action filed against Phillip Tringali, which is pending in the Norfolk Superior Court C.A. No. 02-801. GRANTED IN PART. Automatic stay does not apply to actions against Tringali individually. (js, USBC) (Entered: 11/10/2004) |
| 11/12/2004 | 47 | BNC Certificate of Mailing - PDF Document. RE: 46 Order on Motion For Relief From Stay, Service Date 11/12/2004. (Admin.) (Entered: 11/13/2004) |
| 11/29/2004 | 48 | Claims Register mailed 11/29/2004 RE: 44 Request for Claims Register filed by Trustee Debora Casey (mjt, usbc) (Entered: 11/29/2004) |
| 12/14/2004 | 49 | Motion to Pay *Secured Claim of Sovereign Bank, Successor in Interest to Abington Savings Bank* with certificate of service filed by Trustee Debora Casey (Attachments: # 1 Certificate of Service) (Warrenbrand, Neil) (Entered: 12/14/2004) |
| 12/23/2004 | 52 | Transcript of Hearing Held 11/10/2004 RE: 35 Motion by Creditors Jumi Lee and Paul Martin for Relief from Stay To Permit Creditors to Pursue an Action filed against Phillip Tringali, which is pending in the Norfolk Superior Court C.A.(mjt, usbc) (Entered: 01/03/2005) |
| 12/30/2004 | 50 | Endorsed Order dated 12/30/2004 Re: 49 Motion by Trustee Debora Casey to Pay Secured Claim of Sovereign Bank, Successor in Interest to Abington Savings Bank. GRANTED. (js, USBC) (Entered: 12/30/2004) |
| 01/01/2005 | 51 | BNC Certificate of Mailing - PDF Document. RE: 50 Order on Motion to Pay Service Date 01/01/2005. (Admin.) (Entered: 01/02/2005) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

PHILIP TRINGALI,          )
                          )
        Plaintiff,        )
                          )
v.                        )
                          )
PAUL MARTIN AND           )
JUMI LEE,                 )
                          )
        Defendants        )

PLAINTIFF, PHILIP TRINGALI'S OPPOSITION TO
DEFENDANTS, PAUL MARTIN AND JUMI LEE'S
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

EXHIBIT 8

## Commonwealth of Massachusetts
## NORFOLK SUPERIOR COURT
## Case Summary
## Civil Docket

## Martin Individually et al v S E E Inc et al

Details for Docket: NOCV2002-00801

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | NOCV2002-00801 | **Caption:** | Martin Individually et al v S E E Inc et al |
| **Filing Date:** | 05/14/2002 | **Case Status:** | Suspended (bankruptcy) |
| **Status Date:** | 03/25/2004 | **Session:** | Suspended Bankruptcy |
| **Lead Case:** | NA | **Case Type:** | Most |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | A | **Discovery:** | 07/02/2004 |
| **Service Date:** | 08/12/2002 | **Disposition:** | 05/13/2005 |
| **Rule 15:** | 08/07/2003 | **Rule 12/19/20:** | 10/11/2002 |
| **Final PTC:** | 12/29/2004 | **Rule 56:** | 08/31/2004 |
| **Answer Date:** | 10/11/2002 | **Jury Trial:** | YES |

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | NOCV2002-00801 | **Caption:** | Martin Individually et al v S E E Inc et al |
| **Filing Date:** | 05/14/2002 | **Case Status:** | Suspended (bankruptcy) |
| **Status Date:** | 03/25/2004 | **Session:** | Suspended Bankruptcy |
| **Lead Case:** | NA | **Case Type:** | Minority stockholder suit |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | A | **Discovery:** | 07/02/2004 |
| **Service Date:** | 08/12/2002 | **Disposition:** | 05/13/2005 |
| **Rule 15:** | 08/07/2003 | **Rule 12/19/20:** | 10/11/2002 |
| **Final PTC:** | 12/29/2004 | **Rule 56:** | 08/31/2004 |
| **Answer Date:** | 10/11/2002 | **Jury Trial:** | YES |

## Parties Involved

10 Parties Involved in Docket: NOCV2002-00801

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | S E E Inc | **First Name:** | |
| **Address:** | | **Address:** | |

| 05/23/2003 | 44 | PETITION purs to GLc 231, s. 118 w/attach, filed by S.E.E., Inc., |
| 05/23/2003 | 44 | w/attach (Paper #2): Upon consideration of the papers presented, |
| 05/23/2003 | 44 | especially the petitioners emergency motion for clarification and the |
| 05/23/2003 | 44 | ruling thereon, the petition for relief brought under G.L. c. 231, |
| 05/23/2003 | 44 | s118 is denied. (Perretta, J.) ns |
| 05/30/2003 | 45 | Suggestion of bankruptcy by Defendant, S E E Inc |
| 06/09/2003 | | Pleading,Notice of Removal returned to Stephen G. DeLisle of Rubin |
| 06/09/2003 | | and Rudman as pleading does not have the seal or stamp from US |
| 06/09/2003 | | District Court |
| 09/19/2003 | | Pleading, Notice of removal, returned to Christopher W Parker, Esq.: |
| 09/19/2003 | | A Seal and Docket No. must be stamped of removal |
| 09/29/2003 | 46 | Notice of REMOVAL to US Bankruptcy Court(rec'd9/26/03) |
| 12/19/2003 | 47 | plff's ex parte motion for preliminary injunction, to restore the |
| 12/19/2003 | 47 | order previously entered on 5/2/03 ordering the defts to place in |
| 12/19/2003 | 47 | escrow the sum of $207,815.00 for the benefit of the plffs |
| 01/02/2004 | | MOTION (P#47.0) ALLOWED There is a substantial liklihood of success |
| 01/02/2004 | | on the merits (Isaac Borenstein, Justice) dated 12/24/03 Notices |
| 01/02/2004 | | mailed January 02, 2004 |
| 01/07/2004 | 48 | Preliminary Injunction (Borenstein,Justice) dated 1/6/04 certified |
| 01/07/2004 | 48 | copies mailed 1/7/04 |
| 01/07/2004 | | Preliminary Injunction Fee paid in the amount of $90.00 check |
| 01/30/2004 | 49 | Stipulated Order Modifying the Court's Preliminary Injunciton dated |
| 01/30/2004 | 49 | 1/6/04 |
| 01/30/2004 | | MOTION (P#49.0) ALLOWED (Borenstein, Justice) dated 1/29/04 Certified |
| 01/30/2004 | | copies mailed January 30, 2004 |
| 03/08/2004 | 50 | Complaint for contempt filed |
| 03/11/2004 | 51 | Verification of Complaint for Contempt |
| 03/17/2004 | | complaint for contempt paper #50 order of notice to issue ret March |
| 03/17/2004 | | 24, 2004 at 2:00pm for the purpose of determining if a hearing on the |
| 03/17/2004 | | merits is necessary and if necessary to set the date for said hearing |
| 03/17/2004 | | Hely J |
| 03/25/2004 | 52 | Suggestion of bankruptcy by Defendant, S E E Inc (faxed copy) |
| 03/25/2004 | 52 | (Rec'd. 3/24/04) |
| 03/30/2004 | 53 | SERVICE RETURNED (order of notice): L&U As to Philip Tringali -served |
| 03/30/2004 | 53 | on March 19,2004(rec'd3/25/04) |
| 04/14/2004 | 54 | Plaintiff Paul Martin Individually Et Al's MOTION to compel |
| 04/14/2004 | 54 | deposition of Phillip Tringali (Rec'd. 4/13/04) |
| 04/14/2004 | 54 | Deft. Phillip Tringali's Opposition and request for a stay pending |
| 04/14/2004 | 54 | S.E.E., Inc. Bankruptcy (Rec'd. 4/13/04) |
| 04/14/2004 | 54 | Document List (Rec'd. 4/13/04) |
| 04/27/2004 | | MOTION (P#54.0) DENIED The amended complaint describes the claims as |
| 04/27/2004 | | a derivative action. For this reason, the action is treated as an |
| 04/27/2004 | | asset of the S.E.E. Inc. bankruptcy estate for purposes of the |

| 04/27/2004 | | present motion (Charles J. Hely, Justice) dated 4/26/04 Notices |
| 04/27/2004 | | mailed April 27, 2004 |
| 05/06/2004 | 55 | Plaintiff Paul Martin Individually's MOTION for reconsideration of |
| 05/06/2004 | 55 | motion (P#54.0)denying motion to compel(copy sent to Judge Hely in |
| 05/06/2004 | 55 | Middlesex) |
| 05/11/2004 | 56 | Memorandum in Opposition to plff's motion for reconsideration of |
| 05/11/2004 | 56 | order denying motion to compel deposition of phillip Tringali and |
| 05/11/2004 | 56 | S.E.E. Inc's motion for a stay(copy sent to Judge Hely) |
| 05/18/2004 | | MOTION (P#55.0) DENIED (Hely, Associate Justice) dated 5/10/04 |
| 05/18/2004 | | Notices mailed May 18, 2004 |
| 05/18/2004 | | The above endorsement is on copy of paper #20.0 |
| 05/18/2004 | | Pleading, Plffs'. Memorandum in response to S.E.E., Inc.'s opposition |
| 05/18/2004 | | to Plffs'. Motion for Reconsideration, returned to Roger S Davis, |
| 05/18/2004 | | Esq.: Motion denied on 5/10/04. |
| 05/19/2004 | | Pleading, SEE's response to plffs' memo in response to SEE's |
| 05/19/2004 | | opposition to plffs' motion for reconsideration, returned to Brian P |
| 05/19/2004 | | Voke, Esq.: The motion for reconsideration was denied |
| 01/13/2005 | 57 | Plaintiffs Second MOTION to compel deposition of Philip Tringali |
| 01/13/2005 | 57 | Deft Philip Tringali's Opposition to Plffs Second Motion to compel |
| 01/13/2005 | 57 | his deposition |
| 01/13/2005 | 57 | List of documents |
| 01/14/2005 | | MOTION (P#57.0) ALLOWED (Isaac Borenstein, Associate Justice) dated |
| 01/14/2005 | | January 14, 2005 Notices mailed January 14, 2005 |
| 03/29/2005 | 58 | Defendant Philip Tringali's MOTION for Partial Summary Judgment |
| 03/29/2005 | 58 | (Rec'd. 3/28/05) |
| 03/29/2005 | 58 | Plffs'. Paul Martin Et Al's Opposition (Rec'd. 3/28/05) |
| 03/29/2005 | 58 | Notice of Filing (Rec'd. 3/28/05) |
| 03/29/2005 | 58 | Document List (Rec'd. 3/28/05) |