UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

PHILIP TRINGALI,            )
                            )
    Plaintiff,              )
                            )
v.                          )
                            )
PAUL MARTIN AND             )
JUMI LEE,                   )
                            )
    Defendants.             )

<u>PLAINTIFF, PHILIP TRINGALI'S MOTION FOR SANCTIONS
PURSUANT TO FED.R.CIV. P. 11</u>

Now comes the Plaintiff, Philip Tringali, and hereby moves this Honorable Court to Sanction the Defendants, Jumi Lee and Paul Martin, for violating Rule 11(b)(1) and (4) by filing a Motion to Dismiss based, in part, upon a blatant misrepresentation of the substance of Plaintiff's Complaint, and upon plainly false denials of factual allegations.

In support of his motion, the Plaintiff states:

1.  Defendants claim that Plaintiff's failed to allege facts establishing personal jurisdiction in Massachusetts:

> *Here Tringali has failed to allege any facts with regard to the transacting of any business by the Defendants in Massachusetts for the purposes of jurisdiction under § 3(a) or any facts regarding causing any tortious injury under § 3(c) or (d).*

1

> *The only allegation in the Complaint with regard to conduct in Massachusetts is that paragraph 5 of the Complaint which states as follows:*
>
> *Paragraph 5 states that venue menu is proper under 28 U.S.C. 1391 because all the acts and admissions give rise to the claims herein occurred in the Commonwealth of Massachusetts.*

[Defendant's Memorandum, p. 13-14 (emphasis added)].

    2.   This is blatantly false.  Plaintiff's Complaint alleges, in relevant part:

> 6.   At all times relative to this action, S.E.E. was headquartered in Massachusetts.
>
> 7.   Tringali founded S.E.E. in 1988 as a sales organization engaged in selling various analytical devices and systems used in the microprocessor industry
>
> . . .
>
> 31.  On December 31, 2001, defendants Martin and Lee filed the articles of organization for Quantum Dynamics International, LLC, ("Quantum") a Massachusetts limited liability corporation.
>
> 32.  Quantum's principal place of business was located at Martin and Lee's residence.
>
> 33.  Martin and Lee formed Quantum for the purpose, and with the intent of designing, marketing and installing an integrated, computerized analytical device to compete directly with S.E.E.'s product.

34. Defendants Martin and Lee did not disclose to S.E.E. or Tringali their intention to establish a competing corporation, Quantum Dynamics International, LLC.

35. Defendants Martin and Lee did not offer S.E.E. or Tringali the opportunity to participate in S.E.E.'s business.

36. Martin and Lee organized Quantum while they were employed by S.E.E., still served as directors of S.E.E., Inc. and together owned 21% of S.E.E.'s stock.

37. On or about January 9, 2002, after Martin and Lee had unsuccessfully attempted to force Tringali to sell to them his majority interest in S.E.E., Martin and Lee resigned from their positions as officers and directors of S.E.E.

38. Unbeknownst to Tringali, prior to resigning from S.E.E., Martin and Lee had duplicated the paper and digital records containing all of S.E.E.'s confidential and proprietary information of S.E.E., including but not limited to all of the design and development information for the Enhanced Product, and all of S.E.E.'s Analytical Product customer information, and had removed the copies from S.E.E.'s facility.

39. Unbeknownst to Tringali, prior to resigning from S.E.E., Martin and Lee had removed from the S.E.E. facility a portion of S.E.E.'s inventory of the components to be integrated into the Analytical Product and/or the Enhanced Product.

40. Unbeknownst to Tringali, prior to resigning from S.E.E., Martin and Lee destroyed certain of S.E.E.'s corporate records, including all paper records and digital information regarding the specifications for the Enhanced Product, all computer code written for integration into the Enhanced Product, and all documentation regarding the process developed for assembling and manufacturing the Enhanced Product.

41. Within two weeks of their resignation from S.E.E.

> *Martin and Lee, as employees, managers, and sole equity owners of Quantum, began to market a product virtually identical to S.E.E.'s product except that it included the features that S.E.E. had discussed and planned to incorporate into the Enhanced Product while Martin and Lee were directors and stockholders of S.E.E.*
>
> *42. After Martin and Lee resigned, but while they were still stockholders of S.E.E., Quantum marketed its product by contacting S.E.E.'s existing customers, representatives and distributors to offer them products and services in direct competition with S.E.E.*
>
> *43. On information and belief Martin sold Quantum's product to customers that Martin had solicited while he was being paid by S.E.E. to market S.E.E.'s Enhanced Product.*

3. No reasonable party or attorney could, in good faith, represent to this Court that Plaintiff has failed to allege facts conferring personal jurisdiction over the defendants in Massachusetts. The only reasonable conclusion is that the Defendants have filed a Motion to Dismiss based on a knowing misrepresentation of the content of Plaintiff's Complaint for the sole purpose of harassing the Plaintiff and causing undo expense, in violation of Fed.R.Civ. P. 11(b)(1) and (4).

4. As Defendants have violated Rule 11 in their very first filing in this action, it is appropriate and necessary that the Court sanction the Defendants now so as to deter them from repeating this conduct as this litigation progresses.

5. Defendants' challenge to the Plaintiff's allegation of damages above the jurisdictional amount is also made in bad

4

faith.

6. As stated in Speilman v. Genzyme Corp., 251 F.3rd 1, 6 (1st Cir. 2001) a general allegation of damages in excess of the jurisdictional amount is sufficient unless questioned by the Defendant.

7. When challenged, the Plaintiff has the burden of alleging, "with sufficient particularity, facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Id., citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 288-289, 58 S.Ct. 586 (1938).

8. Defendants' challenge to Plaintiff's general allegation of damages violates Fed.R.Civ. P. 11(b) because Defendants have actual knowledge that Plaintiff's allegations support a claim for damages far in excess of $75,000.00.

9. In this action, Plaintiff specifically alleges that he is a stockholder in S.E.E., Inc., and that Martin and Lee's conduct caused S.E.E. to fail, rendering his interest therein worthless. [Plaintiff's Complaint, ¶¶ 6, 51, 52].

10. Allegations in a shareholder's derivative suit filed by the defendants in May, 2002 establish the book value of all of S.E.E., Inc.'s common stock at $499,239.00, and Mr. Tringali's interest at 70%. [See Exhibit "A", Shareholder's Derivative Complaint, p. 4, ¶ 25; p. 7, ¶ 36].

11. By Defendants' own allegations, Plaintiff's interest in

S.E.E., Inc. was worth $349,467.30, before it became worthless as a result of Defendants' alleged conduct.

12. Defendants' challenge to Plaintiff's allegation of damages was an implicit denial that the amount in controversy exceeded $75,000.00. Pursuant to Rule 11, this denial must have been based upon the best knowledge of the Defendants after a reasonable investigation.

13. As the Defendants have been aware of the magnitude of Plaintiff's alleged losses since 2002, when they alleged the supporting facts themselves in their shareholder's derivative suit, their challenge to this allegation cannot be considered reasonable.

14. Challenging Plaintiff's allegations of damages solely require Defendant to jump through the procedural hoop of drafting an opposition is a clear violation of Rule 11(b)(4). Once again, this Court should sanction the Defendants to deter a repeat performance of this conduct.

WHEREFORE, Plaintiff Phillip Tringali respectfully requests that his motion be allowed, and that the court impose appropriate sanctions upon Defendants.

```
                                        RESPECTFULLY SUBMITTED,
                                        Phillip Tringali,
                                        By their attorney,

Date: April 15, 2005                    //Daniel Treger//
                                        Jeffrey J. Phillips, Esq.
                                        B.B.O. #398480
                                        Daniel Treger, Esq.
                                        B.B.O. #562147
                                        Phillips & Angley
                                        One Bowdoin Square
                                        Boston, MA 02114
                                        Tel No.: (617) 367-8787
```

　　I hereby certify that I have served a copy of the foregoing to all parties or their counsel of record this day by hand.

```
Date: April 15, 2005      //Daniel Treger//
     1                    Daniel Treger, Esq.
```

L:\LITG\Trng001\sanctions.mot

```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

                              CIVIL ACTION NO.: 04-12708-MLW

PHILLIP TRINGALI,    )
                     )
    Plaintiff,       )
                     )
v.                   )
                     )
PAUL MARTIN AND      )
JUMI LEE,            )
                     )
    Defendants      )
```

<u>PLAINTIFF PHILLIP TRINGALI'S CERTIFICATE
PURSUANT TO LOCAL RULE 7.1</u>

This is to certify that on or about April 19, 2005, I telephoned counsel for the Defendants in an attempt to narrow the issues that are the subject of the Plaintiff's Rule 11 Motion for Sanctions. After conferring, we were unable to narrow or resolve any of the disputes in this matter.

Signed under the pains and penalties of perjury this 6th day of May 2005.

<u>//Daniel Treger//</u>
Daniel Treger, Esq.
B.B.O. #562147
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
Tel No.: (617) 367-8787

L:\LITG\Trng001\rule.7.1.cert

1