UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12708-MLW

PHILLIP TRINGALI
    Plaintiff             )
                              )
V.                            )
                              )
PAUL MARTIN AND JUMI LEE   )
    Defendants          )

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
PURSUANT TO FED.R.CIV.P. 11**

**I.    PRELIMINARY STATEMENT**

This action was commenced by the plaintiff, Phillip Tringali ("Tringali"), against the defendants, Paul Martin ("Martin") and Jumi Lee ("Lee"), on December 27, 2004. The complaint, which consists of 11 pages, sets forth two causes of action, Count I for alleged breach of fiduciary duty and Count II for slander, and there are no attachments to the complaint.[1]

There are, however, two other prior and pending actions which involve the same claims as set forth in Count I, the first was brought some two years and nine months prior to the instant action. On March 12, 2002, S.E.E., Inc. ("S.E.E."), a corporation controlled by Tringali, brought an action in the Plymouth Superior Court, <u>S.E.E., Inc. v. Quantum Dynamics Int'l, et al</u>, No. 02-306 (the "Plymouth Action"). In the Amended Complaint, Count V alleges breach of fiduciary duty by Martin and Count VI alleges breach of fiduciary duty by Lee. As argued in the Defendants' Motion to Dismiss in this action, the allegations in the Plymouth Action regarding breach of fiduciary duty are substantially the same as those in the instant action. Moreover, since S.E.E. has now filed a Chapter 7 petition in bankruptcy, the defendants have also

---

[1] The absence of attachments to the complaint is significant to both the Motion to Dismiss and this Opposition to the Motion for Sanctions.

5/19/2005

argued in the Motion to Dismiss that Tringali is simply attempting to usurp the corporate cause of action in the Plymouth Action in the bringing of this suit.

On May 14, 2002, Martin and Lee brought an action against S.E.E. and Tringali in the Norfolk Superior Court, <u>Paul Martin, et al v. S.E.E., Inc., et al</u>, Civil Action No. 02-801 (the "Norfolk Action"). That action was brought as a derivative action by Martin and Lee as stockholders of S.E.E. as well as for claims against Tringali individually. As also argued in the Motion to Dismiss, the defendants in the Norfolk Action, S.E.E. and Tringali, filed affirmative defenses and a counterclaim also based upon the same allegations of breach of fiduciary duty.

On March 15, 2005, the defendants in this action, Martin and Lee, filed Defendants' Motion to Dismiss and a Memorandum in Support of Motion to Dismiss. The Motion to Dismiss addresses the two counts of the complaint, Count I, which alleges breach of fiduciary duty, and Count II for slander.

As regards Count I, the grounds for dismissal are based on the abstention doctrine, that there are other prior actions pending in the state courts and that essentially, the plaintiff in this case, Tringali, has attempted to usurp and appropriate the corporate cause of action, which are the subject matters of the state court proceedings.

Additionally, Martin and Lee have asserted that the complaint should be dismissed based upon lack of jurisdiction, i.e., the failure to allege within the "four corners of the complaint," facts which would indicate that Martin and Lee had transacted business in Massachusetts or caused tortuous injury by an act in Massachusetts or by an act outside the Commonwealth, all pursuant to c.223A §3. Martin and Lee also claim that Tringali has failed to establish diversity jurisdiction and to show within the four corners of the complaint that the amount in controversy is greater than $75,000.

Tringali has now filed a motion entitled Plaintiff Phillip Tringali's Motion for Sanctions to Fed.R.Civ.P. 11, which he has supported by attaching to that Motion a copy of the First Amended Verified Complaint and Demand for Jury Trial, which was filed by Martin and Lee against Tringali and the corporation,

S.E.E., Inc. ("S.E.E.") in the Norfolk Action.[2] While the Norfolk Action complaint has not been referenced within the "four corners of the complaint" in this action, nevertheless, Tringali attempts to use that document to support his Motion for Sanctions.

With respect to Count II, however, it should be noted that nothing whatever has been submitted by Tringali, nor has he argued that there is any jurisdiction by this Court with respect this count alleging slander. There is nothing in his complaint which indicates that any slanderous conduct was committed by the defendants so as to give this Court jurisdiction. Not only has Tringali totally ignored the fact that nothing set forth in Count II within the complaint itself gives rise to jurisdiction, as well he has failed to address that matter entirely in his Motion for Sanctions as well as in his recently filed opposition to the Motion to Dismiss itself.

## II.  ARGUMENT AND AUTHORITY

1.  <u>Tringali In Support Of This Motion For Sanctions Has Improperly Relied Upon Documents And Matters Outside The Original Pleadings.</u>

A motion to dismiss is designed to test the legal sufficiency of the complaint, <u>White v. C.I.R.</u>, 899 F.Supp. 767 (D.Mass. 1995). As stated by the authors, Smith & Zobel, Massachusetts Practice Vol. 6, §12.14, "a Rule 12(b)(6) motion, however, tests only the complaint and thus looks solely to the complaint, standing alone." In common parlance, a motion to dismiss looks to the "four corners of the complaint."

To support the Motion for Sanctions as well as the opposition to the Motion to Dismiss previously filed by Tringali, Tringali has attached to the Motion for Sanctions a document which was not part of the complaint, namely, the First Amended Verified Complaint and Demand for Jury Trial, which was filed by Martin and Lee in the Norfolk Action.

---

[2] Tringali refers to the Norfolk Action in his Motion for Sanctions as the "Shareholder's Derivative Complaint."

3

In Paragraph 8 of the Motion for Sanctions, Tringali claims that the defendants, Martin and Lee, "have actual knowledge that the Plaintiff's allegations support a claim for damages far in excess of $75,000.00." To attempt to support that assertion, Tringali has relied upon the Norfolk Action complaint. Paragraph 25 of that complaint simply states that according to the S.E.E. balance sheet as of June 30, 2001, the stockholder's equity is $499,239 and that Martin and Lee's proportionate share was approximately $99,850. As indicated previously, the motion to dismiss tests the legal sufficiency of the complaint within its four corners, and the complaint standing on its own makes no such allegations.

In Paragraph 10 of the Motion for Sanctions, Tringali refers to the Norfolk Action complaint, Paragraph 36, which reads as follows:

> 36. Notwithstanding the demand made by the plaintiffs upon the stockholders and directors, the plaintiffs believe that such demand, in any event, would be futile since Tringali is the controlling stockholder of S.E.E. owning approximately 70% and the members of the board of directors, other than Tringali, are not disinterested persons, and are under the control of Tringali.

That paragraph simply contends that the plaintiffs made a demand on the stockholders and directors as part of the derivative procedure and that such demand would be futile. There is nothing in that paragraph which in any way speaks of damages.

In Paragraph 11 of the Motion for Sanctions, Tringali states as follows:

> 11. By Defendants' own allegations, Plaintiff's (Tringali) interest in S.E.E., Inc. was worth $349,467.30, before it became worthless as a result of Defendants' alleged conduct.

There is nothing in the complaint in this case which alleges that Tringali's interest in S.E.E., "worth $349,467.30, became worthless as a result of the defendants alleged conduct."

In Paragraph 13 of the subject Motion, Tringali relies upon the Norfolk Action complaint, where he claims that Martin and Lee must have "been aware of the magnitude of plaintiff's alleged losses since 2002 when they allege the supporting facts themselves in the shareholders derivative suit..." Nowhere within the four corners of the complaint as filed in this action are any of these allegations set forth, but rather Tringali attempts now to "bootstrap" the Norfolk Action complaint to make up for the deficiency in his own complaint.

In <u>Mmoe v. Commonwealth</u>, 473 N.E.2d 169 (Mass. 1985), the Supreme Judicial Court considered a case where the trial judge had denied defendant's motion to dismiss, and in doing so had considered oral representations and extraneous materials, which were not incorporated in the complaint. The court reversed, holding:

> Pleadings must stand or fall on their own. Oral representations and extraneous materials not incorporated by reference can neither add to nor detract from them. <u>Id</u>. at 172.

Tringali's Motion for Sanctions, which is grounded upon matters outside the four corners of his own complaint, should therefore be denied.

2.  <u>Having Challenged The Jurisdictional Grounds, The Burden Shifts To The Plaintiff To Prove The Courts Jurisdiction.</u>

Now that Martin and Lee have challenged jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2), the burden shifts to the plaintiff Tringali to prove the court's jurisdiction, <u>Val Leasing v. Hutson</u>, 674 F.Supp. 53, 54 (D.Mass. 1987). The burden requires the plaintiff first to establish that the defendant has sufficient minimum contacts with the state to satisfy the due process requirements, which is generally accomplished through affidavits or other competent evidence, <u>Gray v. O'Brien</u>, 777 F.2d 864, 866-67 (1st Cir. 1985). Martin and Lee respectfully suggest that Tringali, having now had an opportunity to file an opposition to the Motion to Dismiss itself, that the Court refer to that pleading. At Page 8 of Tringali's opposition, he asserts that the complaint alleges facts establishing personal jurisdiction in Massachusetts

5

repeating certain of the paragraphs set forth in the complaint itself. This is a repeat of what Tringali has asserted in the Motion for Sanctions at Page 2, simply reciting the same paragraphs of the complaint as he has recited in the opposition to the motion to dismiss.

Since Martin and Lee have challenged the jurisdictional amount, the burden is now on Tringali, as he acknowledges in Paragraph 7 of the Motion, to establish "with sufficient particularity, facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." The attempt to use pleadings in the Norfolk Action does not satisfy that burden.

3. <u>Tringali Has Totally Failed To Satisfy The Jurisdiction Requirements With Respect To Count II.</u>

In the subject Motion, Tringali goes to some length to claim that his complaint establishes jurisdiction in Massachusetts, however, his motion deals only with the allegations in Count I and totally ignores the allegations in Count II. Nowhere in Count II is there any allegation or assertion that any act of alleged slander took place or occurred in the Commonwealth of Massachusetts.

As to Count II, both the opposition to the Motion to Dismiss as well as this Motion for Sanctions is totally silent as to the satisfaction of jurisdictional requirements with respect to the alleged slander. There is nothing whatever in the four corners of the complaint on Count II, which supports the jurisdictional claim of $75,000 or to support the jurisdictional requirements under c.223A. Tringali's motion for sanctions is a case of the "pot calling the kettle black," since Tringali himself has failed to satisfy the requirements of Rule 11 with respect to the allegations in Count II

4. <u>In The Event That The Court Finds That There Is Jurisdiction Under Count I It May Nevertheless Dismiss Count II.</u>

Since Tringali has not asserted any support for jurisdiction under Count II, Martin and Lee respectfully submit that notwithstanding, should the Court find jurisdiction under Count I, it may nevertheless dismiss Count II, <u>Milford Power Limited Partnership v. New England Power Co.</u>, 918 F.Supp. 471, 479-480 (D.Mass. 1996). In <u>Figawi v. Horan</u>, 16 F.Supp.2d 74 (D.Mass 1998), the

plaintiff brought an action on several counts, alleging trademark infringement, unfair competition and dilution, deceptive trade practices and fraudulent trademark registration. Upon the defendant's motion to dismiss the court stated that the plaintiff had the burden to show that each asserted cause of action arose from transacting business in Massachusetts and concluded that only two claims survived the motion to dismiss, a claim for unfair and deceptive practice under c.93 §11 and a claim for fraudulent procurement of trademark registration, and that the other counts did not survive. Id. at 82.

### III. CONCLUSION

For the foregoing reasons the defendants respectfully submit that the plaintiff's Motion for Sanctions be denied.

May __, 2005                            Attorney for defendants,

                                        _____
                                        Roger S. Davis
                                        BBO No. 116320
                                        DAVIS & RUBIN
                                        One Bowdoin Square
                                        Suite 901
                                        Boston, MA 02114-2919
                                        (617) 742-4300

QDI9:USDC:OPPMOTR11