UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12708-MLW

PHILLIP TRINGALI )
    Plaintiff )
 )
V. )
 )
PAUL MARTIN AND JUMI LEE )
    Defendants )

**DEFENDANTS' MOTION FOR LEAVE
TO FILE REPLY BRIEF TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

The defendants, Paul Martin and Jumi Lee, pursuant to L.R. 7.1(B)(3), move for leave to file a brief in reply to plaintiff, Phillip Tringali's, Opposition to Defendants' Motion to Dismiss.

**I.     PRELIMINARY STATEMENT**

This action was commenced by the plaintiff, Phillip Tringali ("Tringali"), against the defendants, Paul Martin ("Martin") and Jumi Lee ("Lee"), on December 27, 2004. The complaint sets forth two causes of action, Count I for alleged breach of fiduciary duty and Count II for slander.

On March 15, 2005, the defendants in this action, Martin and Lee, filed Defendants' Motion to Dismiss and a Memorandum in Support of Motion to Dismiss. The Motion to Dismiss addresses the two counts of the complaint, Count I, which alleges breach of fiduciary duty, and Count II for slander.

As regards Count I, the grounds for dismissal are based on the abstention doctrine, that there are other prior actions pending in the state courts and that essentially, the plaintiff in this case, Tringali, has attempted to usurp and appropriate the corporate cause of action, which are the subject matters of the state court proceedings.

Additionally, Martin and Lee have asserted that the complaint should be dismissed based upon lack of jurisdiction, i.e., the failure to allege within the

"four corners of the complaint," facts which would indicate that Martin and Lee had transacted business in Massachusetts or caused tortuous injury by an act in Massachusetts or by an act outside the Commonwealth, all pursuant to c.223A §3. Martin and Lee also claim that Tringali has failed to establish diversity jurisdiction and to show within the four corners of the complaint that the amount in controversy is greater than $75,000.

On or about May 2, 2005, Tringali filed Plaintiff, Phillip Tringali's Opposition to Defendants, Paul Martin and Jumi Lee's Motion to Dismiss, or, in the Alternative, for Summary Judgment ("Tringali's Opposition"). The heading of Tringali's Opposition has included "Alternative, for Summary Judgment" followed by a footnote, which reads as follows:

> Martin and Lee's memorandum relies upon (9) exhibits, and should therefore be treated as a Motion for Summary Judgment.

For the reasons set forth below Martin and Lee believe that this footnote statement is in error.

## II.    GROUNDS FOR THIS MOTION

The grounds for this Motion are that Tringali, in his Opposition to the Motion to Dismiss totally failed to address the argument in the Motion to Dismiss with respect to Count II, that nothing is set forth within the four corners of the complaint allege or supporting the allegations that Martin and Lee committed any slanderous act as to which this Court would have jurisdiction and further, that since Tringali has failed to address point in his Opposition, this Court would in any event, have discretion to dismiss Count II for lack of jurisdiction. Further, the Motion to Dismiss should not be treated as a summary judgment motion.

## III.   ARGUMENT AND AUTHORITY

1.    <u>There Is No Jurisdiction With Respect To Count II.</u>

In Count II, Paragraph 53 of the complaint, Tringali alleges that at various times on or after January 9, 2002, that Martin and Lee made false

statements to a S.E.E. distributor. He alleges in Paragraph 54 that those statements were false, were made with malice and in Paragraph 55 were intended to prejudice Tringali's profession and business. Nowhere within the four corners of the complaint did Tringali allege that any of these alleged acts took place so as to permit long arm jurisdiction under Massachusetts G.L. c.223A. Furthermore, there is nothing within the four corners of the complaint which would indicate any damages in excess of the jurisdictional requirements of $75,000.

Since Tringali has not asserted any support for jurisdiction under Count II, Martin and Lee respectfully submit that should the Court find jurisdiction under Count I, it may nevertheless dismiss Count II, Milford Power Limited Partnership v. New England Power Co., 918 F.Supp. 471, 479-480 (D.Mass. 1996). In Tigawi v. Horan, 16 F.Supp.2d 74 (D.Mass 1998), the plaintiff brought an action on several counts, alleging trademark infringement, unfair competition and dilution, deceptive trade practices and fraudulent trademark registration. Upon the defendant's motion to dismiss the court stated that the plaintiff had the burden to show that each asserted cause of action arose from transacting business in Massachusetts and concluded that only two claims survived the motion to dismiss, a claim for unfair and deceptive practice under c.93 §11 and a claim for fraudulent procurement of trademark registration, and that the other counts did not survive. Id. at 82.

2.   The Court Need Not Treat The Motion To Dismiss As A Motion For Summary Judgment.

The Motion to Dismiss Martin and Lee's memorandum in support of that Motion did include a number of exhibits, however, Rule 12(b)(6) provides that if a motion to dismiss is filed based upon the failure to state a claim upon which relief can be granted and includes matters outside the pleading, then that motion shall be treated as one for summary judgment. In this case, the Motion to Dismiss was not filed under Rule 12(b)(6), therefore, the fact that the Motion included matters outside the pleadings does not convert it to a motion for summary judgment.

3

### VI.  L.R. 7 CERTIFICATION

The undersigned certifies that he discussed this Motion with plaintiff's attorney on May 19, 2005, at approximately 12:00 noon and counsel were unable to resolve or narrow the issues set forth in this Motion.

### V.  CONCLUSION

Wherefore, the defendants respectfully request that the Court receive and docket Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss.

May 20, 2005                                    Attorney for defendants,

                                                _____
                                                Roger S. Davis
                                                BBO No. 116320
                                                DAVIS & RUBIN
                                                One Bowdoin Square
                                                Suite 901
                                                Boston, MA  02114-2919
                                                (617) 742-4300

QDI9:USDC:MOTREPLYBRF