UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHILLIP TRINGALI )
    Plaintiff ) C. A. NO. 04-12708-MLW
)
V. )
)
PAUL MARTIN AND JUMI LEE )
    Defendants )

**MOTION OF DEFENDANT PAUL MARTIN
TO COMPEL PRODUCTION OF DOCUMENTS**

I. **PRELIMINARY STATEMENT**

On April 5, 2005, the defendant, Paul Martin ("Martin"), served First Request of Defendant Paul Martin for Production of Documents (Exhibit "A" hereto).

On June 2, 2005, the plaintiff, Phillip Tringali ("Tringali"), served Plaintiff, Phillip Tringali's Responses to Defendants, Paul Martin and Jumi Lee's Request for Production of Documents (Exhibit "B" hereto).

On June 28, 2005, Tringali produced 141 pages of various documents consisting of various items of correspondence, invoices, technical documents, several canceled checks and several pages of accounting records. Since Tringali in his responses, as will be detailed hereinbelow, stated that there are several thousand pages of documents responsive to the first request for production, the furnishing of 141 pages by itself would not appear to be responsive. Moreover, and examination of these documents indicate that they are not responsive to Requests Nos. 1, 2, 4, 5, 6, 8, 9 and 11.

II. **MOTION TO COMPEL**

Due to the deficiencies of the responses, the defendant Martin is now filing a Motion to Compel Production of Documents as to Request Nos. 1, 2, 4, 5, 6, 8, 9 and 11.

**Request No. 1**

All documents supporting the allegations in Paragraph 5 of the Complaint that "all of the acts and omissions giving rise to the claims herein occurred in the Commonwealth of Massachusetts."

**Plaintiff's Response**

Plaintiff objects to this request on the grounds that is overly broad, unduly burdensome and interpose to annoy Plaintiff impose upon Plaintiff unreasonably excessive costs. Documents reasonably responsive to this request include the sum total of all documents generated by the "Analytical Division" of S.E.E., Inc., including several thousand pages of documents in the hand of the United States Bankruptcy Trustee and or its attorney, in tens of thousands of documents currently in storage as a result of S.E.E., Inc.'s bankruptcy. Documents responsive to this Request will also include the contents of the hard drives of thirty (30) computers once utilized by S.E.E., Inc., to which the Defendants had access. Plaintiff also objects to this Request to the extent that it may call for the production of documents that are covered by the attorney/client and/or work product privilege.

Notwithstanding, and without waiving said objection, the following documents may be responsive to this Request: Telephone records of Defendants from late 2001 and early 2002; records of the organization of Quantum Dynamics International; letters from Quantum Dynamics International to S.E.E. customers; documents relating to the Illinois State Crime Laboratory and the Oklahoma State Bureau of Investigations; material from the QDI website, all of which were previously produced to defendants or defendant's counsel in the state court actions; the business works database of S.E.E., Inc., a copy of which was produced to the Defendants' counsel in Norfolk Superior Court, Civil Action No. 02-801 (This database is otherwise in the hands of the Trustee in bankruptcy, and is presently unavailable to the Plaintiff); the ACT database of S.E.E., Inc., currently in the hands of the Trustee and unavailable to plaintiff.

In further response, plaintiff refers to is responses to Request No. 2 through 21 herein. Discovery is ongoing, and plaintiff reserves the right to supplement his response to this Request.

**Grounds for Motion**

This request is specific as to documents supporting the allegations in Paragraph 5 of the Complaint with respect to acts and omissions giving rise to the claims occurred in Massachusetts. The plaintiff's response that the documents include "several thousand pages of documents in the hand of the United States Bankruptcy Trustee and or its attorney," and "tens of thousands of documents currently in storage as a result of S.E.E., Inc.'s bankruptcy," and "the hard drives of thirty (30) computers utilized by S.E.E., Inc.," is frivolous.

With respect to the second paragraph of this response, the defendants are entitled to the specific documents without searching through perhaps hundreds of pages to find letters from QDI to S.E.E. customers, documents relating to the Illinois State Crime Laboratory and the Oklahoma State Bureau of Investigations. With respect to the "business works database of S.E.E.," which the plaintiff claims was produced to defendants' counsel in the Norfolk Action, as defendants' counsel has advised, that consists of several hundred pages of checkbook entries, none of which have anything to do with any acts of the defendants in Massachusetts. As regards the ACT database, which plaintiff claims is currently in the hands of the trustee, the defendants' position is that the plaintiff has the obligation to request that from the trustee in bankruptcy. Therefore, I suggest that your response is improper and that you have the obligation to produce the documents which are responsive to this specific request.

**Request No. 2**

All documents supporting the allegation in Paragraph 9 of the Complaint that in 1996 "S.E.E. embarked upon a business plan to design, manufacture and market an integrated, computer operated microspectrophotometry system for use in the forensic sciences."

3

**Plaintiff's Response**

Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and interposed for the purpose of annoying an harassing the Plaintiff, and imposing unreasonable expense upon him. The documents responsive to this Request include every single document ever produced by the "Analytical Division" of S.E.E., Inc. that still exists. Moreover, it s unreasonable to request such a volume of documents in support of an allegation to which the Defendants have admitted in substance during their depositions in the Norfolk Superior Court action.

**Grounds for Motion**

This request sought documents specifically described as the "business plan to design, manufacture and market an integrated, computer operated microspectrophotometry system for use in the forensic sciences." Paragraph 9 of the Complaint refers to a business plan and it is the plaintiff's obligation to produce the documents which are responsive to this specifically described request.

**Request No. 4**

All documents supporting the allegation in Paragraph 25 of the Complaint that in 2000 "S.E.E. earned 1.7 million dollars from the sale of the Analytical Product."

**Plaintiff's Response**

Documents responsive to this Request include S.E.E., Inc.'s business work database, previously produced to Defendants' counsel, all financial statements, tax returns and other accounting documents retained by Jeff Husted, and produced to the defendants counsel on October 28, 2002 at Mr. Husted's deposition. Individual customer files and invoices may also exist, however Plaintiff objects to the production of these documents as requiring production would be unreasonably cumulative and duplicative, in that the identical information is obtainable from the database and accounting information already in the possession of defendants' counsel.

4

**Grounds for Motion**

This request seeks documents which support the allegation in Paragraph 25, that in the year 2000 S.E.E. earned $1,700,000 from the sale of the Analytical Product. The plaintiff's response referring to the financial statements and tax returns, is not responsive since these documents do not identify a profit of $1,700,000 during the year 2000 from the sale of the Analytical Product, but rather the financial statements encompass all sales, both Analytical Product and others. Furthermore, there is no profit breakdown for this Product and as previously stated, the so-called database is simply a print out of checks and other bookkeeping entries, none of which is responsive to this request.

**Request No. 5**

All documents supporting the allegation in Paragraph 26 of the Complaint that in February 2001, "S.E.E. embarked upon a plan to develop an enhanced analytical product ("Enhanced Product") product with features and improvements that would make the Analytical Product suitable for use in the microelectronics manufacturing process as well as in the forensic sciences."

**Plaintiff's Response**

In addition to the ACT database and business works database, all such documents presently known to exist were introduced as exhibits in the depositions of the defendants, and produced to defendants' counsel in the state court actions. Discovery and investigation is ongoing, and Plaintiff resumes the right to supplement his response to this Request.

**Grounds for Motion**

This request was specific as to documents supporting the allegation in Paragraph 26 regarding a plan to develop the Analytical Product. The defendants are entitled to a response identifying specific documents which are responsive to this request rather than the general response which you have given.

**Request No. 6**

All documents supporting the allegation in Paragraph 27 of the Complaint that "Martin and Lee were primarily responsible for managing the development, manufacture and marketing of the Enhanced Product, including the hiring of additional employees required to develop the product, and cultivating contacts with prospective customers."

**Plaintiff's Response**

All such documents known to exist were produced to defendants' counsel in the state court actions, and/or introduced as exhibits in the depositions of the defendants. Further documents may exist in S.E.E.'s ACT database, which is currently in the hands of the Trustee, and is unavailable to the plaintiff. Discovery is ongoing, and the plaintiff reserves the right to supplement his response to this Request.

**Grounds for Motion**

This request seeks documents supporting the allegation in Paragraph 27. The defendants are entitled to a response identifying specific documents rather than this general response.

**Request No. 8**

All documents supporting the allegations in Paragraph 38 of the Complaint that "prior to resigning from S.E.E., Martin and Lee had duplicated the paper and digital records containing all of S.E.E.'s confidential and proprietary information of S.E.E., including but not limited to all of the design and development information for the Enhanced Product, and all of S.E.E.'s Analytical Product customer information, and had removed the copies from S.E.E.'s facility."

**Plaintiff's Response**

Plaintiff objects to this request, to the extent that it calls for documents protected by the attorney-client privilege and/or Attorney work product privilege. Notwithstanding, and without waiving said objections, see response

6

number one. Any additional non-privileged documents shall be produced, to the extent they are in plaintiff's custody or control.

**Grounds for Motion**

This request seeks documents supporting the allegations in Paragraph 38 in which the plaintiff alleges that the defendants duplicated paper and digital records containing all of S.E.E.'s confidential and proprietary information and removed copies from S.E.E.'s facility. The plaintiff's response is nonresponsive, especially since plaintiff's counsel advised defendants' counsel that he is not aware of any attorney-client privilege documents.

**Request No. 9**

All documents supporting the allegation in Paragraph 39 of the Complaint that "prior to resigning from S.E.E., Martin and Lee had removed from the S.E.E. facility a portion of S.E.E.'s inventory of the components to be integrated into the Analytical Product and/or the Enhanced Product."

**Plaintiff's Response**

Plaintiff objects to this request, to the extent that it calls for documents protected by the attorney-client privilege and/or Attorney work product privilege. Notwithstanding, and without waiving said objections any such non-privileged documents shall be produced, to the extent they are in plaintiff's custody or control.

**Grounds for Motion**

This request seeks documents supporting the allegation with respect to the plaintiff's assertion that the defendants removed from S.E.E.'s facility an inventory of components. The response is simply nonresponsive, especially since plaintiff's counsel advised defendants' counsel that he is not aware of any attorney-client privilege documents.

**Request No. 11**

All documents supporting the allegation in Paragraph 41 of the Complaint that "Within two weeks of their resignation from S.E.E. Martin and

7

Lee, as employees, managers, and sole equity owners of Quantum, began to market a product virtually identical to S.E.E.'s product except that it included the features that S.E.E. had discussed and planned to incorporate into the Enhanced Product while Martin and Lee were directors and stockholders of S.E.E."

**Plaintiff's Response**

Documents responsive to this Request include the following documents that were generated by the Defendants, and are presumed to be in their possession, custody or control, and/or have been produced to defendant's counsel in the state court actions: documents organizing Quantum Dynamics; all design specifications of the products marketed by Quantum Dynamics; and telephone records of the defendants for late 2001 and early 2002. Any additional documents shall be produced, to the extent they are in the custody or control of the plaintiff.

**Grounds for Motion**

This request seeks documents which support the allegation in Paragraph 41, where your client asserts that Martin and Lee began to market a product "virtually identical to S.E.E.'s product..." There were no documents which were produced in any state court action which are responsive to this request or any telephone records which in any way describe a product virtually identical to S.E.E.'s product.

**L.R. 7.1 Certification**

The undersigned counsel for defendants certifies that, pursuant to L.R. 7.1(A)(2), that he conducted a telephone discussion with respect to this Motion with plaintiff's counsel on June 2, 2005 and followed that up with a letter of June 7, 2005 (Exhibit "C" hereto). Counsel have been unable to resolve the issues set forth in this Motion.

WHEREFORE, the defendant, Paul Martin, respectfully requests that the Court allow this Motion and order the plaintiff, Phillip Tringali, to further respond, to produce the documents requested as to the above numbered Requests within ten (10) days from the date of allowance of this Motion.

July 2, 2005                                    Attorney for defendants,

                                                _____
                                                Roger S. Davis
                                                BBO No. 116320
                                                DAVIS & RUBIN
                                                One Bowdoin Square
                                                Suite 901
                                                Boston, MA 02114-2919
                                                (617) 742-4300

QDI10:USDC:MOTCOMPL