UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

| | |
|---|---|
| PHILLIP TRINGALI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL MARTIN AND | ) |
| JUMI LEE, | ) |
| | ) |
|     Defendants | ) |

JOINT STATUS REPORT IN RESPONSE TO
ORDER OF MAGISTRATE JUDGE
<u>DATED AUGUST 15, 2005</u>

In response to the Order of Magistrate Judge dated August 15, 2005 in connection with the, motion of Paul Martin to compel production of documents, on August 24, 2005, counsel for both parties met to further discuss the items in controversy. The following is a report of that meeting.

<u>Request No. 1</u>

All documents supporting the allegations in Paragraph 5 of the Complaint that "all of the acts and omissions giving rise to the claims herein occurred in the Commonwealth of Massachusetts."

<u>Update</u>

Plaintiff has produced all documents currently in his possession, custody and control. Plaintiff has requested that additional business records of S.E.E., Inc. currently in the hands of

1

S.E.E., Inc.'s bankruptcy trustee be abandoned and given to plaintiff's counsel.  To the extent that plaintiff obtains additional responsive documents from the trustee, he will produce them.

Request No. 2

All documents supporting the allegation in Paragraph 9 of the Complaint that in 1996 "S.E.E. embarked upon a business plan to design, manufacture and market an integrated, computer operated microspectrophotometry system for use in the forensic sciences."

Update

Attorney Treger has advised that there is no written business plan.

Request No. 4

All documents supporting the allegation in Paragraph 25 of the Complaint that in 2000 "S.E.E. earned 1.7 million dollars from the sale of the Analytical Product."

Update

Plaintiff has produced all documents currently in his possession, custody and control.  Plaintiff has requested that additional business records of S.E.E., Inc. currently in the hands of S.E.E., Inc.'s bankruptcy trustee be abandoned and given to plaintiff's counsel.  To the extent that plaintiff obtains additional responsive documents from the trustee, he will produce them.

Request No. 5

All documents supporting the allegation in Paragraph 26 of the Complaint that in February 2001, "S.E.E. embarked upon a plan to develop an enhanced analytical product ("Enhanced Product") product with features and improvements that would make the Analytical Product suitable for use in the microelectronics manufacturing process as well as in the forensic sciences."

Update

Attorney Treger has advised that the documents which are responsive to this Request are referenced in the depositions of the plaintiff Martin in Exhibits 2-6, 9, 10 and in the Lee deposition Exhibits 1-6.

Request No. 6

All documents supporting the allegation in Paragraph 27 of the Complaint that "Martin and Lee were primarily responsible for managing the development, manufacture and marketing of the Enhanced Product, including the hiring of additional employees required to develop the product, and cultivating contacts with prospective customers."

Update

Attorney Treger has advised that the documents responsive to this request are the exhibits in the Martin and Lee depositions which are referenced in response to Request No. 5 or in the documents produced in June 28, 2005, numbered 19-33.

Request No. 8

All documents supporting the allegations in Paragraph 38 of the Complaint that "prior to resigning from S.E.E., Martin and Lee had duplicated the paper and digital records containing all of S.E.E.'s confidential and proprietary information of S.E.E., including but not limited to all of the design and development information for the Enhanced Product, and all of S.E.E.'s Analytical Product customer information, and had removed the copies from S.E.E.'s facility."

Update

Attorney Treger advised that the only document responsive to this Request is the affidavit of Demetra Hixson previously produced.

Request No. 9

All documents supporting the allegation in Paragraph 39 of the Complaint that "prior to resigning from S.E.E., Martin and Lee had removed from the S.E.E. facility a portion of S.E.E.'s inventory of the components to be integrated into the Analytical Product and/or the Enhanced Product,"

Update

Attorney Treger has advised that the only documents responsive to this Request are the affidavit of Demetra Hixon and documents Nos. 118-141 produced June 28, 2005.

Request No. 11

All documents supporting the allegation in Paragraph 41 of the Complaint that "Within two weeks of their resignation from S.E.E. Martin and Lee, as employees, managers, and sole equity owners of Quantum, began to market a product virtually identical to S.E.E.'s product except that it included the features that S.E.E. had discussed and planned to incorporate into the Enhanced Product while Martin and Lee were directors and stockholders of S.E.E."

Update

Attorney Treger advises that the documents responsive to this Request are the hard copies of the Quantum Dynamics website previously produced in the Norfolk Superior Court as Exhibit "5" and documents Nos. 1-17, 33-90 produced on June 28, 2005.

Defendant's Position

The defendants expect that the plaintiff will proceed to obtain additional business records of S.E.E. from the bankruptcy trustee and will do so promptly and expeditiously. When defendants' counsel has had an opportunity to review the additional documents produced, he will

then advise the Court whether the additional documents produced are sufficient to satisfy Requests Nos. 1 and 4, or if the documents are not sufficient, he will request that the Court proceed with the motion accordingly.

Plaintiff's Position

The status report indicates that the plaintiff has fully complied with his discovery obligations .  He cannot produce documents that he does not control, and will supplement his production if necessary, as required by the Federal Rules.  The present motion is therefore moot. Defendants may not initiate a second motion to compel by simply reporting that they believe production is not "sufficient to satisfy" the requests.   They must first confer with the plaintiff, and then submit a motion with supporting reasons, so as to enable the plaintiff to respond to and defend the claim of insufficiency.

Dated: September 1, 2005

| Attorney for defendants, | Attorney for plaintiff |
|---|---|
| //Roger S. Davis// | //Daniel Treger// |
| Roger S. Davis | Daniel Treger |
| BBO No. 116320 | BBO No. 562147 |
| DAVIS & RUBIN | PHILLIPS & ANGLEY |
| One Bowdoin Square | One Bowdoin Square |
| suite 901. | Suite, 300 |
| Boston, MA 02114-2919 | Boston, MA 02114 |
| (617) 742-4300 | (617) 367-8787 |

L:\LITG\Trng001\statusedited.wpd