UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILLIP TRINGALI )<br>    Plaintiff )<br>)<br>V. )<br>)<br>PAUL MARTIN AND JUMI LEE )<br>    Defendants ) | C. A. NO. 04-12708-MLW |

**MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANT JUMI LEE
FOR PARTIAL SUMMARY JUDGMENT
AS TO COUNT II**

The Motion for Partial Summary Judgment should be granted for the reason that the plaintiff, Phillip Tringali ("Tringali"), has answered interrogatories and has testified that he has no knowledge of any slanderous statements having been made by the defendant Jumi Lee ("Lee").

**I.**   **Argument and Authority**

1.   <u>Tringali Is Bound By His Answers To Interrogatories.</u>

As Tringali has alleged in his complaint in Paragraphs 44, 53, 54 and 55, he claims that both Paul Martin ("Martin") and Lee made false statements to the S.E.E. distributors and sales representatives claiming that Tringali improperly used corporate funds for personal purposes and engaged in other financial improprieties and further claims that as a result of Martin and Lee's alleged slanderous conduct that he has suffered losses, emotional distress and damage to his reputation.

In Lee's First Set of Interrogatories to Tringali, questions were put to Tringali with regard to the alleged false statements and he responded identifying the defendant Martin but stating no facts with respect to any statements having been made by the defendant Lee, as evidenced by his answer to Interrogatory No. 1:

>Interrogatory No. 1
>
>State all facts and identify all documents upon which you base the allegation in Paragraph 53 that "At various times on or after January 9, 2002, Martin and Lee made false statements to S.E.E.'s Analytical Product Distributor and certain of its Analytical Product sales representatives that Tringali had improperly used corporate funds of S.E.E. for personal purposes, and had engaged in other financial improprieties with respect to the operation of S.E.E."
>
>Answer No. 1
>
>A.   In January and February of 2002 I was told by distributors and representatives Dave Patterson, Maclyn Smith, Paul Norlander, Graham Bird and Manfred Feustal that <u>Paul Martin</u> had called them to solicit them to sell Quantum Dynamics' analytical instrument.  I was informed that during these conversations, <u>Martin</u> told these individuals that I was improperly spending S.E.E.'s money on "my vacation home" and for other personal purposes.  (emphasis added)

In similar fashion, in response to Interrogatory No. 2, he identified only Martin as having made the alleged false statements:

>Interrogatory No. 2
>
>With respect to the allegations in Paragraph 53, state fully the contents of each such alleged false statement, whether it was oral or written, identify the person who made each such false statement, the date and place of such occurrence and identify all persons present when each such alleged false statement was made.
>
>Answer No. 2
>
>I do not know the exact contents of these false statements; however, the substance thereof is set forth in answer number 1A.  These false statements were all made orally or by telephone by <u>Paul Martin</u>.  I believe the telephone calls were made from the billing address for account number 617 471 0411 to the office telephone numbers of the sales representatives and distributors named in answer number 1a, at the office addresses disclosed in plaintiff's automatic disclosure statement.  I do not know if any other individuals were present when these statements were made.  I have no personal knowledge of the exact date of the statements, however, the following individuals were contacted on the following dates:  (emphasis added)

2

      Paul Norlander – January 21, 2002.
      Manford Feustal – January 21, 2002.
      Dave Patterson – January 21, 2002.
      Graham Bird – January 21, 2002.
      Maclyn Smith – January 21, 2002.

2.      **Tringali Is Bound By His Deposition Testimony.**

In his deposition on September 12, 2005, Tringali identified only the defendant Martin as having made defamatory statements and testified that he had no knowledge of any statements having been made by Lee.

      Exhibit B - Page 82, Lines 13-24; Page 83, Lines 1-22:

    Q.    Of the people that you named -- there are seven people -- Patterson, Smith, Bird, Feustel, Weber, Norlander, and Hirche, if I now pronounced that correctly. Which of them claimed that statements were made to them by Dr. Lee?

    A.    I don't recall by Dr. Lee.

    Q.    Do you have any information that Dr. Lee made any statements that you say were false concerning either S.E.E. or you to any of sales representatives or any distributors?

    A.    I don't know specific, no.

    Q.    Do you have any information?

    A.    Other than the conversations back to me about Paul discussion with --

    Q.    Just -- we're talking about -- I'm talking about Dr. Lee for the moment.

        Is it a fair statement that you have no information that Dr. Lee made any of these allegedly false statements to any person?

    A.    First-hand knowledge, there may have been. I don't know. I know there were contacted by QDI.

    Q.    I'm sorry?

    A.    They were contacted by QDI. It may have been Paul specifically or Jumi.

    Q.    Well, I'm specifically asking you concerning Paragraph 53 of the complaint.

> A. Yes.
>
> Q. When you say that Martin and Lee made false statements, I'm asking you what false statements were made by Dr. Lee and to who?
>
> A. I believe there were comments made to the representatives by her also. I don't have specifics.

Having now signed answers under the pains and penalties of perjury and testified under oath, Tringali cannot create any disputed issue of fact by contradicting his sworn testimony, <u>Hanover Ins. V. Leeds</u>, 674 N.E.2d 1091, 1095 (Mass.App.Ct. 1997):

> "[A] party cannot create a disputed issue of fact [simply] by…contradicting by affidavit statements previously made under oath at a deposition." <u>O'Brien v. Analog Devices, Inc.</u>, 34 Mass.App.Ct. 905, 906, 606 N.E.2d 937 (1993), citing <u>Perma Research & Dev. Co. v. Singer Co.</u>, 410 F.2d 574, 578 (2d Cir. 1969).

## II. Conclusion

There is no issue of any disputed fact and simply put, no evidence has been put forth, nor can any evidence be put forth by Tringali to support the allegations in the complaint with respect to Count II as to any slanderous or false statements made by the defendant Lee. Therefore, pursuant to Rule 56, partial summary judgment on Count II should be entered dismissing that count as to Lee.

October 5, 2005                                         Attorney for defendants,

                                                        /s/Roger S. Davis
                                                        Roger S. Davis
                                                        BBO No. 116320
                                                        DAVIS & RUBIN
                                                        One Bowdoin Square
                                                        Suite 901
                                                        Boston, MA  02114-2919
                                                        (617) 742-4300

QDI11:USDC:MEMOPSJ