UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

| | |
|---|---|
| PHILLIP TRINGALI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL MARTIN AND | ) |
| JUMI LEE, | ) |
| | ) |
|     Defendants | ) |

**PLAINTIFF PHILLIP TRINGALI'S OPPOSITION TO PLAINTIFF JUMI LEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF COUNT II OF HIS COMPLAINT**

This matter involves a dispute between shareholders S.E.E., Inc., a closely held Massachusetts Corporation. Until January, 2002, the parties also worked together at S.E.E., Inc. Count I of plaintiff's complaint alleges that defendants breached their fiduciary duty to plaintiff, a fellow shareholder in S.E.E., Inc., a closely held Massachusetts Corporation, by appropriating S.E.E.'s intellectual property, confidential information and good will, and by diverting corporate opportunities that rightfully belonged to S.E.E., Inc. Plaintiff's Complaint, ¶¶ 1-52. Count II of Plaintiff's complaint alleges that defendants made defamatory statements about him to S.E.E.'s distributors and sales representatives. Plaintiff's Complaint, ¶¶ 44, 53-55.

I. **DEFENDANT JUMI LEE'S MOTION IS PREMATURE, AND SHOULD BE DEFERRED UNTIL THE CLOSE OF DISCOVERY PURSUANT TO FED.R.CIV.P. 56(f).**

Plaintiff's allegation that defendant Jumi Lee made defamatory statements about him was

1

made on information and belief, in good faith. Plaintiff had learned that immediately after Martin and Lee resigned from S.E.E., Inc., in early January 2002, telephone calls were made from Martin's and Lee's personal telephone numbers to more than 40 of S.E.E.'s employees, suppliers, sales representatives, and existing and prospective customers. Exhibit "1" Tringali Affidavit, ¶ 8.[1] He had also learned that in early 2002, defendant Martin, who is Lee's husband, made defamatory statements to several of S.E.E., Inc.'s sales representatives and distributors. Exhibit "1", Tringali Affidavit,  ¶¶ 4, 9. While at S.E.E., defendant Lee was the vice president of operations, and worked with all of S.E.E.'s business contacts, including sales representatives and distributors. Exhibit "1", Tringali Affidavit, ¶ 14. After Lee departed S.E.E., Inc. Tringali discovered notes on Lee's computer indicating that she harbored significant personal animosity towards him. Exhibit "1", Affidavit of Phillip Tringali,  ¶ 13; Exhibit "2".

Plaintiff has commenced discovery to determine the facts. On September 14, 2005, he served interrogatories directing defendant Martin to identify the defendants' contacts with S.E.E.'s employees, suppliers, sales representatives, and existing and prospective customers immediately after they resigned from S.E.E., Inc. Exhibit "3" Affidavit of Plaintiff's Counsel, ¶ 5. Plaintiff had hoped to use this discovery to narrow down the candidates for deposition from the 40 possible witnesses revealed by defendants' telephone records. Because the defendants will not agree to allow plaintiff to take more than ten depositions, plaintiff must plan to use his allotment of ten depositions carefully. Exhibit "3" Affidavit of Plaintiff's Counsel, ¶¶ 7-9.

The  responses to plaintiff's written discovery, served on October 15, 2005, are of little assistance in this regard   Out of fifteen interrogatories, defendant Paul Martin answered only

---

[1] All citations to exhibits refer to the exhibits to Plaintiff's Rule 56.1 Statement.

five. Exhibit "4".  Of the five interrogatories that specifically requested defendant to identify communications, (#1, 2, 3, 4, and 12), he answered only two (#1 and 12).  Exhibit "4".  The response to plaintiff's request for production of documents is equally unhelpful. Exhibit "5".

Nevertheless, the discovery responses reveal a plausible expectation that further discovery will produce facts enabling plaintiff to oppose Jumi Lee's partial summary judgment motion. Plaintiff's interrogatory 3 specifically directed defendant Paul Martin to identify communications between the defendants, and sales representatives or distributors of S.E.E., Inc.  Martin responded that he contacted only two of S.E.E.'s distributors and representatives, David Patterson and Manfred Feustel.  Exhibit "4".  Defendants Martin's and Lee's telephone records indicate that between January 21 and February 9, 2002 one or both of them also contacted Graham Bird, Maclyn Smith and Paul Norderlander, all of whom were distributors or sales representatives of S.E.E.  Exhibit "1" Affidavit of Phillip Tringali, ¶¶ 10-11.  In addition, S.E.E.'s Australian distributor, XTEK PTY LTD, terminated its distribution agreement with S.E.E., Inc. on February 28, 2002, in order to become Quantum Dynamic's distributor.  Exhibit "1" Affidavit of Phillip Tringali, ¶ 12; Exhibit "6".

Based on the foregoing, further discovery is warranted.  Defendants' telephone records revealed calls to a large number of S.E.E.'s business associates in the two months immediately following their resignations from S.E.E.  Several of these associated reported that Martin defamed Tringali during these calls.  Lee had contact with many of these associates as an S.E.E. employee, and harbored considerable animosity towards Tringali.  Defendant Martin's discovery responses were inaccurate, and less than forthcoming.  Given the foregoing, Tringali's belief that Lee joined her husband in defaming him is perfectly reasonable.  At the very least, he is entitled

3

to conduct discovery to determine the truth.

As the Mr. Tringali has commenced discovery, and as it is plausible that defendant Jumi Lee may have defamed Tringali in one or more of the 40 telephone calls made from defendants' home to S.E.E.'s business associates in the months after they resigned from S.E.E., Inc. the Court should defer this motion until the close of discovery in this matter.  FED.R.Civ.P. 56(f); <u>C.B Trucking, Inc., v. Waste Management, Inc.</u>, 37 F.3d 41, 45 (1998).  If discovery does not produce evidence that would allow a good faith opposition to Jumi Lee's motion, plaintiff will agree to dismiss Count II against her.  Plaintiff's counsel would have proposed such a solution to defendants' counsel had he communicated his intent to move for summary judgment.

<u>CONCLUSION</u>

Wherefore, plaintiff Phillip Tringali requests that defendant Jumi Lee's Motion for Partial Summary Judgment be denied or deferred until the close of discovery in this matter.

                              Phillip Tringali
                              By his counsel,

Date:   October 21, 2005          //Daniel Treger//
                              Daniel Treger, Esq.
                              B.B.O. #562147
                              Jeffrey J. Phillips, P.C.
                              B.B.O. #398480
                              Phillips & Angley
                              One Bowdoin Square
                              Boston, MA 02114
                              Tel. No.: (617) 367-8787

L:\LITG\Trng001\jumi lees motion for partial summary judgment\sjmem[1].opp.wpd