UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILLIP TRINGALI )<br>    Plaintiff )<br>)<br>V. )<br>)<br>PAUL MARTIN AND JUMI LEE )<br>    Defendants ) | C. A. NO. 04-12708-MLW |

**MOTION OF DEFENDANT JUMI LEE
FOR LEAVE TO FILE REPLY BRIEF
TO PLAINTIFF'S OPPOSITION TO MOTION
FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT II**

Pursuant to L.R. 7.1(B)(3), the defendant, Jumi Lee ("Lee"), moves for leave to file a brief in reply to the following:

1. Plaintiff Phillip Tringali's Opposition to Plaintiff Jumi Lee's Motion for Partial Summary Judgment of Count II of His Complaint;

2. Plaintiff Phillip Tringali's Statement of Disputed Facts and Legal Elements Pursuant to Fed.R.Civ.P. 56.1.

I.  **Preliminary Statement**

On October 6, 2005, the defendant Jumi Lee filed Motion of Jumi Lee for Partial Summary Judgment as to Count II.  Count II of the complaint alleges that Lee and the co-defendant, Paul Martin ("Martin"), made slanderous statements.

On October 21, 2005, Tringali filed an Opposition to Plaintiff Jumi Lee's Motion for Partial Summary Judgment as to Count II.  In that Opposition Tringali claims that Lee's motion is premature and should be deferred until the close of discovery, pursuant to Rule 56(f).

Tringali also filed a Statement of Disputed Facts and Legal Elements in opposition to the motion together with an Affidavit of Tringali.

**II.     Reasons for Filing Reply Brief**

Lee requests leave of this Court to file a short reply brief for the following reasons:

1.    Since Tringali's counsel has failed to complete the Rule 26(f) joint statement, as will be demonstrated below, Tringali should not be entitled to any continuance under Rule 56(f).

2.    The Court should strike Tringali's affidavit on which the Statement of Additional Facts Creating a Triable Issue was based, as it does not comply with Rule 56(e).

**III.    Argument**

1.    <u>As Will Be Demonstrated Below By The Documents Attached Hereto, Tringali's Counsel Has Failed To Exercise Good Faith In Completing The Rule 26(f) Joint Statement.</u>

On May 3, 2005, counsel for both parties conducted a Rule 26(f) conference, at which time Mr. Treger advised that he would prepare a draft stipulation and memorandum. This is memorialized in a letter from Attorney Davis dated May 13, 2005 (Exhibit "A" hereto).

Attorney Treger then prepared a draft joint statement which is the subject of Attorney Davis' letter of May 25, 2005 (Exhibit "B" w/Joint Draft Statement). In that letter with respect to the taking of more than ten depositions, Attorney Davis stated, "I have difficulty accepting the possibility that you will need more than ten depositions."

Attorney Treger responded by letter of May 31, 2005 (Exhibit "C" hereto), addressing the question of ten depositions and stating that the subject would be clear upon receipt of the plaintiff's automatic disclosure statement.

This was followed by Attorney Davis' letter of June 7, 2005 (Exhibit "D" hereto), indicating that the plaintiff had now furnished an automatic disclosure listing 59 individuals and organizations as prospective witnesses.

This was followed up by another letter of Attorney Davis dated July 7, 2005 (Exhibit "E" hereto), again referring to the failure of Attorney Treger to respond as to the completion of the joint statement.

2

The next letter was a letter dated July 26, 2005 (Exhibit "F" thereto), from Attorney Davis, indicating again that he had not received any response to the prior letter regarding the proposed joint statement, and stating with respect to the 59 individuals and entities listed as proposed witnesses, "it is simply unrealistic that you intend to depose all of these individuals and entities." Further with respect to the limit of ten depositions, Attorney Davis stated as follows "You failed to respond to my last letter and I now repeat my request that you advise me exactly who you intend to take depositions of in this case so that, if we cannot stipulate to exceed the number of 10, then you must be required to seek leave of court."

Attorney Treger failed to respond to the letter of July 26, 2005 and has failed to complete the proposed joint statement and should not be heard to complain, as suggested on Page 2 of the Opposition to Plaintiff Jumi Lee's Motion for Partial Summary Judgment as to Count II, that the defendants would not agree to allow the plaintiff's to take more than ten depositions, and further that disposition of the motions for summary judgment should be put off until completion of all discovery.

It is now three months since the last communication, the letter of July 26, 2005 to Attorney Treger requesting a response to the proposed joint statement and a request as to which of the 59 individuals and entities listed in the disclosure statement are to be deposed.

2.   <u>The Court Should Strike Tringali's Affidavit.</u>

Having in mind that Martin and Lee resigned from S.E.E. on January 9, 2002, three years and eight months prior to the present date, Tringali has had ample opportunity to gather evidence to support his claims in Count II of the complaint that Lee made slanderous statements.  Instead he is able to point only to the defendant Martin in his affidavit, as evidenced in Paragraphs 9 and 10, as follows:

> 9.   Several of S.E.E., Inc.'s sales representatives and distributors informed me that during these conversations, defendant Paul Martin had asked them

3

> to represent a competing corporation the defendants had formed. Martin also told them that I had improperly used S.E.E. funds and assets for my personal use.
>
> 10.   Defendant's answer to interrogatory 3, which specifically directed him to identify communications between the defendants, and sales representatives or distributors of S.E.E., Inc. is incomplete. Defendant Paul Martin claims to have contacted only two of S.E.E.'s distributors and representatives, David Patterson and Manfred Feustel.

Tringali's affidavit sets forth no facts with respect to slanderous statements allegedly made by Lee, as opposed to Martin. The only statement he can assert with respect to Lee is as stated in Paragraph 13 of his affidavit:

> 13.   I have a good faith belief that defendant Lee also made such comments. After Jumi Lee left S.E.E., Inc., I discovered notes on her computer that revealed she harbored significant personal animosity towards me.

Simply put, a "good faith belief" is insufficient to support an affidavit in opposition to a motion for summary judgment.

Rule 56(e) provides in pertinent part as follows:

> "…opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

While Lee may move to strike Tringali's affidavit, pursuant to Rule 56(e), which is consistent with the annotations appearing in Moore's Federal Rules Pamphlet §56.5(2), second paragraph, as the annotation continues, so long as the issue was raised conspicuously and timely and in a legal memorandum, that issue is preserved:

> A party objecting that affidavits submitted in support of or in opposition to a summary motion do not meet the requirements of Rule 56(e) should move to strike the affidavits. 11 Moore's Federal Practice, §56.14[4] (Matthew Bender 3d ed.). See Rushing v. Kansas city Southern Ry., 185 F.3d 496, 506 (5th Cir. 1999), citing **Moore's**; Hollander v. American Cyanamid Co., 172

> F.3d 192, 198 (2d Cir. 1999). As long as the issue, however, is raised conspicuously and in a timely manner, and the nature of the objection to the affidavit is made clear to the court, the issue is preserved even in the absence of a formal motion to strike the affidavit. See <u>Perez v. Volvo Car Corp.</u>, 247 F.3d 303, 314 (1st Cir. 2001) (legal memorandum raising the issue is sufficient even in absence of formal motion to strike).

Accordingly, since the affidavit of Tringali fails to pass muster under Rule 56(e) it should be struck by the Court. Further, since Tringali's Statement of Undisputed Facts and Legal Elements is based on that affidavit, it also should be struck.

## IV.  **Certification Under L.R. 7.1**

Pursuant to L.R. 7.1(A)(2) the undersigned certifies that he has conferred with opposing counsel and has attempted in good faith to resolve or narrow the issue of this Motion.

October 28, 2005                                        Attorney for defendants,


                                                        /s/Roger S. Davis
                                                        Roger S. Davis
                                                        BBO No. 116320
                                                        DAVIS & RUBIN
                                                        One Bowdoin Square
                                                        Suite 901
                                                        Boston, MA  02114-2919
                                                        (617) 742-4300

QDI11:USDC:MOTLEAVE

# DAVIS & RUBIN
### ATTORNEYS AT LAW

ROGER S. DAVIS
JOEL S. RUBIN (1948-1991)

ONE BOWDOIN SQUARE
SUITE 901
BOSTON, MASSACHUSETTS 02114-2919
(617) 742-4300
FACSIMILE (617) 742-4304



**VIA FACSIMILE**
**617-227-8992**

May 13, 2005

Daniel Treger, Esq.
Phillips & Angley
One Bowdoin Square
Boston, MA 02114

Re: Phillip Tringali
Vs: Paul Martin, et al
No: 04-12708-MLW

Dear Mr. Treger:

As you may recall, on May 3, 2005, we had a Rule 26(f) conference at which time you advised me that you would prepare a draft stipulation and memorandum. Subsequently, I called you and you indicated that you intended to consult further with your client, we are now approaching two weeks after the conference and I have yet to receive the draft document from you and would appreciate it if you would take care of this matter promptly.

Very truly yours,

Rog. S Davis/cf
Roger S. Davis

RSD:cat

DICTATED BUT NOT READ

A

QDI9:USDC:DT

# DAVIS & RUBIN

ATTORNEYS AT LAW

ROGER S. DAVIS
JOEL S. RUBIN (1948-1991)

ONE BOWDOIN SQUARE
SUITE 901
BOSTON, MASSACHUSETTS 02114-2919
(617) 742-4300
FACSIMILE (617) 742-4304

**IN HAND**

May 25, 2005

Daniel Treger, Esq.
Phillips & Angley
One Bowdoin Square
Boston, MA 02114

Re:  Phillip Tringali
Vs:  Paul Martin, et al
No:  04-12708-MLW

Dear Mr. Treger:

I am responding to your draft of the Rule 26(b) Joint Statement, as follows:

1. I have difficulty accepting the possibility that you will need more than 10 depositions.

2. The plaintiff should provide his initial disclosures by June 6, 2005. On May 3, 2005, when we had a telephone conference regarding Rule 26(f), you informed me that the plaintiff would make initial disclosures by the close of business on May 18, 2005. I see no reason for any further delay in making these initial disclosures.

3. I am not in agreement regarding the close of discovery by June 1, 2006. as we discussed previously on May 3, 2005, discovery would be completed by December 31, 2005, and I am comfortable with that date. I see no reason to go beyond December 31, 2005.

4. Expert disclosure dates as previously discussed, plaintiff's by January 31, 2006, defendants' by February 28, 2006. Any expert depositions could be completed by March 31, 2006.

5. With regard to amendment to the pleadings, I am agreeable to the date of September 30, 2005. Dispositive motions should be completed by May 31, 2006 with thirty (30) days for responding. You have not inserted a pre-trial date, I would suggest September 1, 2006 and ready for trial on October 1, 2006 would be agreeable.

Please advise.

Very truly yours,

Roger S. Davis

RSD:cat
QDI9:USDC:DT



DRAFT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

PHILLIP TRINGALI,        )
    Plaintiff,            )
                           )
v.                       )
                           )
PAUL MARTIN AND          )
JUMI LEE,                )
    Defendants             )

## JOINT STATEMENT

Trial counsel in this case conferred have discussed the matters required by the Court's Notice of Scheduling Conference.

**I. Proposed Pretrial Schedule:**

**A. Proposed Plan for Discovery:**

**a. Discovery Limitations:**

Plaintiff anticipates that it may need to conduct more than 10 depositions and will seek leave to do so.

    1.   Written discovery will be served on or before July 1, 2005;

    2.   Written discovery will be answered on or before August 15, 2005; and

    3.   Discovery will close on or before June 1, 2006;

    a.   The plaintiff will disclose his expert(s) and their report(s) by July 1, 2006; and

    b.   The defendant will disclose their expert(s) and their

1

report(s) by August 1, 2006.

    c.   The parties will complete depositions of liability experts by September 1, 2006.

### B. Proposed Schedule for Filing Motions:

    1.   Amendments to Pleadings will be served by September 30, 2005.

    2.   The parties may file Motions for Summary Judgement as to liability after July 30, 2006.  The parties have agreed to file and serve such motions on or before August 1, 2006; the response to the motion will be filed and served by September 1, 2006; and a hearing on the motion, if necessary, shall be held as soon thereafter as the Court's schedule permits.

### C.   Trial

### I.   Trial Before the Magistrate Judge

The parties do not consent to trial before a Magistrate Judge at this time.

### II.   This Matter Shall Be Ripe for Trial by October 1, 2-6

### III. Certifications:

A. Plaintiff's counsel certifies that he has conferred with his client: (1) with a view toward establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and (2) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

The plaintiff's signed Certification of the above will be filed forthwith.

    B.   Counsel for the defendants certifies that he has conferred with an authorized representative of his clients (1) with a view toward establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and (2) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.  The Certification of the authorized representative of the National Park Service and its attorney.

| Respectfully Submitted: | Respectfully submitted: |
|---|---|
| The Plaintiff,<br>PHILLIP TRINGALI<br>By his attorney, | By the parties.<br>PAUL MARTIN, JUMI LEE<br>By their attorney, |
| _____<br>DANIEL TREGER, Esq.<br>Phillips & Angley<br>One Bowdoin Square<br>Boston, MA 02114<br>(617) 367-8787<br>BBO #562147 | _____<br>ROGER S. DAVIS, ESQ.<br>Davis & Rubin<br>One Bowdoin Square<br>Suite 901<br>Boston, MA 02114-2919 |

L:\LITG\Trng001\joint.statement.wpd

# PHILLIPS & ANGLEY
ATTORNEYS AND COUNSELLORS AT LAW
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
ONE BOWDOIN SQUARE
BOSTON, MASSACHUSETTS 02114
(617) 367-8787

JEFFREY J. PHILLIPS, P.C.
JEFFREY T. ANGLEY, P.C.
JONATHAN M. FEIGENBAUM*
CHRISTOPHER S. TOLLEY
DANIEL TREGER
STEPHANIE M. SWINFORD
KRISTEN M. PLOETZ

*ALSO ADMITTED IN DC AND CA

TELECOPIER (617) 227-8992

May 31, 2005

Roger S. Davis, Esq.
Davis & Rubin
One Bowdoin Square, Suite 901
Boston, MA 02114-2919

Re: Philip Tringali v. Paul Martin and Jumi Lee
    Federal District Court, No. 04-12708-MLW

Dear Mr. Davis:

    I am responding to your letter of May 25, 2005 as follows:

    1.   Plaintiff's need to conduct more than ten (10) depositions will become clear upon your receipt of Plaintiff''s Automated Disclosure Statement.

    2.   I anticipate doing so.

    3.   As you will recall, I specifically conditioned our discussion of a discovery deadline of December 31, 2005, upon my reviewing this date with my client and Attorney Phillips. Our review of the facts in this case, and the expected discovery required to establish our client's case, has indicated that December 31, 2005 will not provide a sufficient amount of time to complete discovery.

    4.   I agree as to the timing of expert discovery, however, as already stated herein, however, as discussed above, those dates were conditioned upon my conferring with my client and Attorney Phillips about the amount of discovery necessary in this matter. The first expert disclosure should be due one (1) month after fact discovery closes.

    5.   It is my practice to schedule the deadline for dispositive motions thirty (30) days after the close of expert discovery, and to request thirty (30) days for responding. Using your proposed dates for pre-trial and trial, I am proposing the attached schedule, which will allow my client sufficient time to



Roger S. Davis, Esq.
May 26, 2005
Page 2

conduct discovery while maintaining your proposed trial date.

    Please advise.

                                              Very truly yours,

                                              Daniel Treger

DT/rtr
enclosure
cc:   Client
     Jeffrey J. Phillips, Esq.
L:\LITG\Trng001\davis.15b.wpd

**DRAFT**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

PHILLIP TRINGALI,         )
    Plaintiff,        )
                      )
v.                        )
                      )
PAUL MARTIN AND           )
JUMI LEE,                 )
    Defendants        )

### JOINT STATEMENT

Trial counsel in this case conferred have discussed the matters required by the Court's Notice of Scheduling Conference.

**I. Proposed Pretrial Schedule:**

    **A. Proposed Plan for Discovery:**

    1.    Discovery Limitations:

Plaintiff anticipates that it may need to conduct more than 10 depositions and will seek leave to do so.

    2.    Written discovery will be served on or before July 1, 2005;

    3.    Written discovery will be answered on or before August 15, 2005; and

    4.    Discovery will close on or before May 1, 2006

    5.    The plaintiff will disclose his expert(s) and their report(s) by May 1, 2006;

    6.    The defendant will disclose their expert(s) and their report(s) by June 1, 2006.

  c. The parties will complete depositions of experts by July 1, 2006.

  **B.** **Proposed Schedule for Filing Motions:**

  1. Amendments to Pleadings will be served by September 30, 2005.

  2. The parties have agreed to file and serve motions for Summary Judgment on or before August 1, 2006; the response to the motion will be filed and served by September 1, 2006; and a hearing on the motion, if necessary, shall be held as soon thereafter as the Court's schedule permits.

  **C.** **Trial**

  1. Trial Before the Magistrate Judge: The parties do not consent to trial before a Magistrate Judge at this time.

  2. Pretrial conference will be held on October 1, 2006.

  3. Trial will commence on November 1, 2006

**III. Certifications:**

  A. Plaintiff's counsel certifies that he has conferred with his client: (1) with a view toward establishing a budget for the costs of conducting the full course - and various alternative courses - of the litigation; and (2) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4. The plaintiff's signed Certification of the above will be filed forthwith.

B.  Counsel for the defendants certifies that he has conferred with them a view toward establishing a budget for the costs of conducting the full course - and various alternative courses - of the litigation; and (2) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4. The Certification of the authorized representative of the defendants are attached hereto.

| Respectfully Submitted: | Respectfully submitted: |
|---|---|
| The Plaintiff,<br>PHILLIP TRINGALI<br>By his attorney, | By the parties.<br>PAUL MARTIN, JUMI LEE<br>By their attorney, |
| _____<br>DANIEL TREGER, Esq.<br>Phillips & Angley<br>One Bowdoin Square<br>Boston, MA 02114<br>(617)367-8787<br>BBO #562147 | _____<br>ROGER S. DAVIS, ESQ.<br>Davis & Rubin<br>One Bowdoin Square<br>Suite 901<br>Boston, MA 02114-2919 |

L:\LITG\Trng001\joint.statement.wpd

3

## DAVIS & RUBIN
### ATTORNEYS AT LAW

ROGER S. DAVIS
JOEL S. RUBIN (1948-1991)

ONE BOWDOIN SQUARE
SUITE 901
BOSTON, MASSACHUSETTS 02114-2919
(617) 742-4300
FACSIMILE (617) 742-4304

**IN HAND**

June 7, 2005

Daniel Treger, Esq.
Phillips & Angley
One Bowdoin Square
Boston, MA 02114

Re: Phillip Tringali
Vs: Paul Martin, et al
No: 04-12708-MLW

Dear Mr. Treger:

I am responding to your letter of June 6, 2005 which enclosed Plaintiff's Automatic Disclosure Statement. You have not complied with Rule 26(f) by failing to provide the telephone numbers for all of the prospective individuals and organizations listed in Nos. 1-59 and in many cases have failed to provide complete addresses.

In your letter of May 21, 2005, you indicated that you need to conduct more than ten depositions. You have indicated in this Disclosure Statement some fifty-nine individuals and entities and it is simply unrealistic that you intend to depose all of these individuals or entities or anywhere near the total number of fifty-nine, especially when, by and large, most of them are located outside of the Commonwealth of Massachusetts. I therefore cannot agree with the proposed Joint Statement, item No. 4, to close discovery on or before May 1, 2006, but I would agree to close the discovery on March 31, 2007. With that in mind, I suggest that the other dates be adjusted accordingly.

With respect to Section C of your Disclosure dealing with the computation of damages, Rule 26(a)(1)(C) requires you to make available for inspection and copying the documents or other evidentiary material on which these computations are based, and in that regard, I am requesting copies of the documentation to support the current outstanding obligations in the amount of $72,820.43 as well as the documents which support the approximate $2,000,000-$3,000,000 in damages.

In addition, I am enclosing herewith Defendant Paul Martin's First Set of Interrogatories to Plaintiff.

Very truly yours,

Roger S. Davis

RSD:cat
Enclosure
QDI9:USDC:DT



**DAVIS & RUBIN**

ATTORNEYS AT LAW

ROGER S. DAVIS
JOEL S. RUBIN (1948-1991)

ONE BOWDOIN SQUARE
SUITE 901
BOSTON, MASSACHUSETTS 02114-2919
(617) 742-4300
FACSIMILE (617) 742-4304

**IN HAND**

July 7, 2005

Daniel Treger, Esq.
Phillips & Angley
One Bowdoin Square
Boston, MA 02114

Re: Phillip Tringali
Vs: Paul Martin, et al
No: 04-12708-MLW

Dear Mr. Treger:

This is to follow up to my letter of June 7, 2005, which addressed the plaintiff's automatic disclosure statement and the failure to list addresses and telephone numbers as well as the obligation to make available for inspection and copying the documents dealing with the computation of damages. I have not received any response to that letter, it has now been a month, and unless this matter is addressed within the next ten (10) days I will be obliged to file a motion to compel the filing of a proper disclosure statement and the inspection of the documents in question.

In my letter of June 7, 2005, I also discussed the proposed joint statement and the dates set forth therein for closure of discovery. In the next to last line of the second paragraph I stated that I would agree to close the discovery on March 31, 2007, that was a typographic error, it should have read March 31, 2006. In any event, I have not received any response from you as to the completion of the joint statement.

Very truly yours,

Roger S. Davis

RSD:cat

QDI10:USDC:DT

"E"

# DAVIS & RUBIN

ATTORNEYS AT LAW

ROGER S. DAVIS
JOEL S. RUBIN (1948-1991)

ONE BOWDOIN SQUARE
SUITE 901
BOSTON, MASSACHUSETTS 02114-2919
(617) 742-4300
FACSIMILE (617) 742-4304

**VIA FACSIMILE
617 227 8992**

July 26, 2005

Daniel Treger, Esq.
Phillips & Angley
One Bowdoin Square
Boston, MA 02114

Re: Phillip Tringali
Vs: Paul Martin, et al
No: 04-12708-MLW

Dear Mr. Treger:

I have written to you previously regarding the proposed Joint Statement, and particularly with regard to the plan for discovery. You have indicated to me in your letter on May 31, 2005 that the plaintiff may need to conduct more than 10 depositions. In the Plaintiff's Automatic Disclosure and the recent supplement to that, you have listed 59 individuals and entities. As I indicated to you in my letter of June 7, 2005, it is simply unrealistic that you intend to depose all of these individuals and entities.

Rule 30(a)(2)(A) sets forth a limit of 10 deposition without leave of court or by stipulation of the parties. You failed to respond to my last letter and I now repeat my request that you advise me exactly who you intend to take depositions of in this case so that, if we cannot stipulate to exceed the number of 10, then you must be required to seek leave of court.

I await your response accordingly.

Very truly yours,

Roger S. Davis

RSD:cat
Enclosure
QDI9:USDC:DT

"F"