UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

PHILLIP TRINGALI,        )
                         )
    Plaintiff,           )
                         )
v.                       )
                         )
PAUL MARTIN AND          )
JUMI LEE,                )
                         )
    Defendants           )

**JOINT STATEMENT PURSUANT TO FED.R.Civ.P. 16(b) and 26(f)**

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Mass. Local Rules 16.1 and 26.2, trial counsel for the parties have conferred, and present the following Joint Statement:

**I.     Case Management Plan.**

    **A.     Discovery To Date:**

*Defendants*

        1.     Defendant's disclosures pursuant to Rule 26.1 were made on March 31, 2005.

        2.     Defendant Paul Martin's First Request for Production of Documents was served on April 5, 2005.

        3.     Plaintiff's Response to Paul Martin's First Request for Production of Documents was served on June 2, 2005

        4.     Defendant Paul Martin's First Set of Interrogatories was served on June 7, 2005.

5. Plaintiff's Answers to Paul Martin's First Set of Interrogatories were served on July 11, 2005.

6. Defendant Jumi Lee's First Set of Interrogatories To Plaintiff were served on August 19, 2005.

7. Plaintiff's Answers to Defendant Jumi Lee's First Set of Interrogatories were served on August 19, 2005.

8. Defendants noticed the deposition of Plaintiff Phillip Tringali on August 1, 2005.

9. Defendants deposed Phillip Tringali on September 12, 2005.

10. Defendant Jumi Lee's First Request for Production of Documents was served on October 7, 2005

11. Plaintiff's Response to Defendant Jumi Lee's First Request for Production of Documents was served on November 17, 2005.

*Plaintiff*

12. Plaintiff's disclosures pursuant to Rule 26.1 were made on June 6, 2005, and supplemented on June 25, 2005.

13. Plaintiff's First Set of Interrogatories to Defendant Paul Martin was served on September 14, 2005.

14. Plaintiff's First Request for Production of Documents to Paul Martin was served on September 14, 2005.

15. The Answers and Objections of Paul Martin to Plaintiff's First Set of Interrogatories were served on October 14, 2005

16. The Response of the Defendant Paul Martin to Plaintiff's First Request for Production of Documents was served on October 14, 2005, and was amended on October 20, 2005.

**B.    Proposed Case Management Plan**

*Position of the Plaintiff*

1. Plaintiff shall serve any additional requests for production of documents within 30 days of Defendant's further response to his First Request as compelled by the Court, or within 30 days of the Court's denial if his Motion to Compel.

2. Defendant shall respond to any such additional requests within 30 days of service.

3. Fact discovery will close on January 30, 2007.

4. The Plaintiff will disclose his experts and reports by March 15, 2007

5. The Defendants will disclose their experts and reports by May 1,2007.

6. The Parties will complete expert depositions by July 15, 2007.

7. Motions to Amend the pleadings and join additional parties shall be served by December 1, 2006.

8. Summary Judgment Motions shall be served 30 days after the close of expert discovery (by August 15, 2007);

9. Oppositions to Summary Judgment Motions shall be served 60 after the close of expert discovery (September 15, 2007).

10. Pretrial Conference will be held on October 30, 2007.

11. Trial shall commence on January 15, 2008

*Position of the Defendants*

3. Fact discovery will close on September 30, 2006

4. The Plaintiff will disclose their experts and reports by October 31, 2006

5. The Defendants will disclose their experts and reports by December 31, 2006

6. The Parties will complete expert depositions by January 31, 2007

7. Motions to Amend the pleadings and join additional parties shall be served by April 15, 2006

8. Summary judgment motions shall be served at any time up to, but not later than, March 31, 2007

9. Oppositions to summary judgment motions shall be served in each case in accordance with L.R. 7.1

10. Pretrial conference will be held on June 30, 2007

11. Trial shall commence on October 1, 2007

**C. Discovery Events**

1. The parties anticipate that discovery will be needed on the following subjects:

    a. Liability and Damages regarding plaintiff's claims, and;

    b. Affirmative Defenses.

2. The plaintiff will seek leave to conduct more than ten (10) depositions. These will include fact depositions and Keeper of the Record depositions of Quantum Dynamics and CRAIC vendors and customers to discover the nature and design of the products and components manufactured for, and sold by the defendants, in order to compare them with those of S.E.E. Plaintiff is unable to determine the likely deponents due to defendant's objections to certain discovery. Defendants do not consent.

3. The parties have agreed that each named party may be deposed for two days.

**II. Trial Before a Magistrate Judge:**

Plaintiff has consented to trial before a Magistrate Judge.

Defendants have not consented to trial before a Magistrate Judge.

**III. Pending Motions:**

The following motions are pending:

1. Plaintiff's Motion for Rule 11 Sanctions (#8);

2. Defendant Jumi Lee's Partial Motion for Summary Judgment (#21);

3. Plaintiff's Motion to Compel Production of Documents and Further Answers to Interrogatories (#26);

4. Defendants' Motion for a Protective Order (#27);

5. Defendants' Objection to the Report and Recommendation on Motion to Dismiss (#37);

6. Defendants' First Motion to Stay Order on Motion for Sanctions Pursuant to Fed.R.Civ.P. 11 (#39);

7. Defendants' First Motion for Reconsideration of Order on Motion for Sanctions Pursuant to Fed.R.Civ.P. 11 (#40);

**IV. Certifications:**

1. Plaintiff's counsel certifies that he has conferred with his client: (1) with a view toward establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and (2) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4. The plaintiff's signed Certification of the above will be filed separately.

B. Counsel for the defendants certifies that he has conferred with them a view toward establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and (2) to consider the resolution of the litigation through the use of

- 6 -

alternative dispute resolution programs such as those outlined in Local Rule 16.4.  The

Certification of the defendants will be filed separately.

| Respectfully Submitted: | Respectfully submitted: |
|---|---|
| The Plaintiff, | The Defendants |
| PHILLIP TRINGALI | PAUL MARTIN, JUMI LEE |
| By his attorney, | By their attorney, |
| | |
| //Daniel Treger// | //Roger S. Davis// (by DT) |
| DANIEL TREGER, ESQ. | ROGER S. DAVIS, ESQ. |
| BBO No. 562147 | BBO No. 116320 |
| Phillips & Angley | Davis & Rubin |
| One Bowdoin Square | One Bowdoin Square, Suite 901 |
| Boston, MA 02114 | Boston, MA 02114-2919 |
| (617)367-8787 | (617) 742-4300 |