UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

| | |
|---|---|
| PHILLIP TRINGALI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL MARTIN AND | ) |
| JUMI LEE, | ) |
| | ) |
|     Defendants | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR RECONSIDERATION
OF AWARD OF SANCTIONS PURSUANT TO RULE 11**

In opposition to Defendants' motion to reconsider the Magistrate Judge's imposition of Rule 11 sanctions, Plaintiff states as follows:

**I.  THE MAGISTRATE JUDGE HAS AUTHORITY TO IMPOSE MONETARY SANCTIONS PURSUANT TO RULE 11**

Defendants incorrectly claim that the First Circuit Court of Appeals has not decided the issue of a Magistrate Judge's authority to issue Rule 11 sanctions pursuant to a 28 U.S.C. §636(b)(1)(A) reference.  In Phinney v. Wentworth Douglas Hospital, 199 F. 3d 1, 5-6 (1999), the First Circuit Court held that a Magistrate Judge's imposition of monetary discovery sanctions was a non-dispositive matter not subject to de-novo review.  In support, the Court cited Maisonville v. F2 AM, Inc., 902 F. 2d 746, 747-48 (9th Cir. 1990), which held specifically that a motion for Rule 11 sanctions was a non-dispositive motion falling under a Federal Magistrate's §636(b)(1)(a) jurisdiction.  Notably, the United States Supreme Court denied certiorari for Maisonville v. F2 AM, Inc., Id., cert. denied, 498 U.S. 1025, 111 S. Ct. 674 (1991).  On October 21, 2005, the First Circuit Court of Appeals affirmed that a Magistrate Judge's imposition of

1

Rule 11 sanctions is revised by the District Court Judge under the clearly erroneous standard. Sheppard v. River Valley Fitness One, LLP, 428 F. 3d 1, 6 (2005).  Accordingly, Defendants are not entitled to de-novo review of the Magistrate Judge's Order.

**II.     REVIEW IS LIMITED TO THE RECORD BEFORE THE MAGISTRATE JUDGE**

Review pursuant to Fed.R.Civ.P. 72(a) should normally be limited to the record before the Magistrate Judge.  Conetta v. National Hair Care Centers, Inc, 236 F 2d 67, 74 (1ST Cir. 2001) Thus exhibits A and B to Defendant's motion for reconsideration, and exhibits A-F to Defendant's written objections to the report and recommendation regarding the motion to dismiss should be disregarded.

That Defendants purport to present new matters not before the Magistrate Judge should be of no concern.  The deposition notice that Defendants claim was not before the Magistrate Judge was served February 9, 2006.  Defendants had over two weeks to seek leave to supplement their opposition to the motion for sanctions to add this material to the record.

**III.    THE MAGISTRATE JUDGE'S DECISION WAS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW**

Magistrate Judge Collings' conclusions are not clearly wrong.  His memorandum of decision is fifteen (15) pages long.  [Docket No. 35].  It cogently dissects the Plaintiff's assertions, and the facts underlying them.   It reviews the law and applies only the appropriate section of Fed.R.Civ.P. 11.  It ultimately finds only half of Plaintiff's motion to be persuasive, and apportions the award of attorney's fees and costs accordingly.  Defendants cannot deny that they represented that the complaint failed to allege any tortuous conduct, tortuous injury, or business contacts in Massachusetts, whereas the complaint contained several pages of such allegations.  This conduct falls within the penumbra of conduct proscribed by Rule 11.  That one

might draw another conclusion from the evidence does not indicate clear error. Phinney v. Wentworth Douglass Hospital, 199 F.3d 1, 4 (1999), Citing U.S. v. Lara, 181 F.3d 183, 195 (1st Cir. 1999)(When evidence gives rise to two plausible interpretations, choice of one cannot be clearly erroneous).

IV. **RULE 11 SANCTIONS WERE WARRANTED**

Defendants were not sanctioned for the substance of their legal contentions. They were sanctioned for telling the court that the complaint alleged no facts showing that they conducted business in Massachusetts or caused tortious injury in Massachusetts, even though the complaint alleged that the defendants, while working in Middleborough, MA and living in Quincy, MA, for a Massachusetts corporation, converted their employer's inventory, confidential and proprietary information, and work product, all of which they used to compete with their former employer through their own Massachusetts LLC operating out of their Quincy home, causing the ruin of a Massachusetts corporation, whose majority shareholder resided in Massachusetts. Plaintiff has fully briefed this issue in his response to the Defendant's written objection to the Magistrate Judge's report and recommendation on their motion to dismiss [Docket No. 46 ] and incorporates same herein by referenced.

A. **Defendants' Objections are Irrelevant**

Plaintiff fails to grasp how Defendants' continued advocacy of its abstention argument relates to the sanctions at issue. Defendant's counsel was sanctioned for lying about the substance of the Complaint (Docket No.1) while arguing dismissal on entirely different grounds - lack of personal jurisdiction. That defendants continue to advocate for dismissal on the grounds (abstention) has no relevance to the patent lie they told while arguing against personal jurisdiction.

3

### B. The Grounds for Defendants' Objection are Advanced in Bad Faith

According to the defendants, "new developments" reveal that plaintiff Tringali is asserting an identical action for breach of fiduciary duty as a counterclaim in the Norfolk Superior Court case, and that this is some how relevant to the issue of sanctions. This is patently false. As a result of development since defendants filed these motions to dismiss, there are now <u>no</u> counterclaims pending in the Norfolk Action. Plaintiff has also fully briefed this issue in his response to Defendants' written objections to the Magistrate Judge's Report and recommends action on their motion to dismiss, (Docket No. 46), and incorporates it herein by reference. Defendants' mock outrage over Mr. Tringali's attempt to discovery facts to support equitable defenses to their Norfolk County Action claims should be considered in light of the facts disclosed therein.

### CONCLUSION

WHEREFORE, plaintiff Phillip Tringali respectfully requests that defendants' motions to stay and for reconsideration be denied, and that he be awarded his fees and costs in responding to them with this filing.

Phillip Tringali,
By his attorneys,

Date: March 20, 2006       */s/ Daniel Treger*

Daniel Treger, Esq.
B.B.O. #562147
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No.: (617) 367-8787

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. (NEF), and paper copies will be sent to those indicated as non-registered participants on this day, March 20, 2006.

                                          */s/ Daniel Treger*

                                          _____

L:\LITG\Trng001\SANCTIONS.OPP.wpd