# United States District Court
# District of Massachusetts

PHILLIP TRINGALI,
    Plaintiff,

V.                                                                                    CIVIL ACTION 2004-12708-MLW

PAUL MARTIN,
JUMI LEE,
    Defendants.

## *PROTECTIVE ORDER*

COLLINGS, U.S.M.J.

The Court, after hearing, issues the following protective order, pursuant to Fed.R.Civ.P. 26(c)(7).

### DEFINITIONS

The following definitions shall apply for purposes of this Protective Order:

A    "Confidential Material" shall mean: (a) all documents designated confidential in accordance with this Protective Order; (b) all copies, extracts, reports, studies, complete or partial summaries, and other documents or

materials made or prepared from Confidential material; and (c) all deposition transcripts, briefs, memoranda, exhibits, and other pleadings or writing which include, summarize, or otherwise disclose or discuss Confidential Material.

    B.    "Document" shall include all items within the scope of Fed.R.Civ.P. 34(a) and the uniform definitions applicable thereto, any written, typed, or printed matter of any kind, sound recordings, photographs, or any other medium for preserving, duplicating or recording written or spoken words (including, but not limited to, transcripts of any oral deposition testimony taken pursuant to Fed.R.Civ.P. 30, and/or 31).

    C.    A "Producing Non-Party" shall mean any non-party required to produce Documents in connection with this matter.

### PROCEDURE FOR DESIGNATION OF CONFIDENTIAL MATERIAL

The parties may designate as Confidential Material any Document which they produce or which is produced by a Producing Non-Party in connection with this matter which they believes in good faith should be kept confidential. The purpose of this order is to protect, in good faith, the legitimate proprietary and confidential information produced by parties and by Producing Non-Parties from being disclosed. This order is not to be used by any party or Producing Non-Party as a delaying tactic for the purpose of avoiding discovery obligations

under Fed.R.Civ.P.

A Producing Non-Party may also designate as Confidential Material any Document which she/he it produces in connection with this matter which she/he/it believes in good faith should be kept confidential.

Any party or Producing Non-Party wishing to designate Documents confidential shall either: state in writing at the time of production that the Documents (or specified portions thereof) are Confidential Material; place or cause to be placed upon the Documents at the time of production a CONFIDENTIAL legend; and/or take such other steps as may reasonably identify that the Documents produced are to be treated as Confidential Material.

### LIMITATION ON THE USE OF CONFIDENTIAL MATERIAL

In no event shall any person make any use of any item produced in this litigation designated as Confidential Material hereunder other than for the prosecution, defense, or settlement of this litigation and litigation presently pending in Norfolk Superior Court between the same parties.

Confidential Material shall not be shown to, given to, discussed with, or otherwise disclosed to any person other than:

> (1) Counsel of record for the parties and their respective partners and associates

(2) The parties;

(3) The authors, addressees, recipients or originators of the Confidential Material.

(4) Former employees of S.E.E, Inc.

(5) The Court, and its officers, clerks, court reports, and jurors.

(6) Personnel employed by counsel in the ordinary course of business including paralegal, litigation assistants, stenographers, secretarial, and clerical personnel.

(7) Persons retained or proposed to be retained as an expert consultant or witness on behalf of any party in this litigation and any employee or assistant thereto.

(8) Any other persons agreed to in writing between counsel or determined by the Court.

(9) Any witnesses (other than the defendants) questioned during the course of a deposition in this matter, so long as the procedures set forth below for disclosure are observed.

Any deposition or portion thereof during which Confidential Material is being disclosed by any party shall be taken as if **in camera** without any persons in attendance other than those identified in the preceding paragraph (for Confidential Material), the deposition witness, and the court reporter. The Court reporter shall be provided with a copy of this protective Order.

All persons to whom Confidential Material governed by this Protective Order is disclosed shall be bound by the terms hereof. Prior to making any such

disclosure counsel shall require each person (other than the individuals identified in (1), (3), (5), (6), *supra,*) to read this Protective Order and to execute, under oath, an affidavit in the form of Exhibit A. Notwithstanding the foregoing, if Confidential Material is disclosed to any non-party deposition witness in accordance(9), *supra,* the party seeking to use the information shall inform the witness of this Protective Order prior to use of the Confidential Material and shall attempt to obtain the witness' agreement under oath on the record to be bound by this Protective Order. Such an undertaking shall be deemed to satisfy the requirements of this paragraph with respect to the witness.

In the event that either party voluntarily discloses its own Confidential Material, that disclosure shall not be deemed a waiver of that party's right to preserve the confidentiality of any other information on any basis whatsoever.

This Protective Order shall not apply to any Documents or information contained therein which are obtained from sources other than through discovery or which are available publicly or are a matter of public record on file with any governmental or regulatory agency or board.

Upon the conclusion or final settlement of this litigation, all persons

subject to the terms hereof within thirty (30) calendar days after such conclusion or settlement shall return to the party producing Documents if so requested in writing, all Documents (including all copies thereof) containing Confidential Material, except that each party's counsel of record may retain one archival copy of pleadings, attorney's work product and transcripts which contain Confidential Material, which shall remain subject to this Protective Order.

If any person receiving Documents covered by this Protective Order (the "Receiver") (a) is subpoenaed in another action or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this litigation seeking Documents designated Confidential Material, the Receiver shall give prompt written notice to the party or Producing Non-Party who produced or designated the material confidential and shall object to its production.  Nothing herein shall be construed as requiring the Receiver to challenge or appeal any order requiring production of Confidential Material covered by this Protective Order, or to subject him/her/itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

*/s/ Robert B. Collings*
<u></u>
ROBERT B. COLLINGS
United States Magistrate Judge

April 10, 2006.

# *EXHIBIT A*

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

PHILIP TRINGALI,
 Plaintiff,

 V.       CIVIL ACTION 2004-12708-MLW

PAUL MARTIN,
JUMI LEE,
 Defendants.

## *AFFIDAVIT*

COMMONWEALTH OR STATE OF _____
COUNTY OF_____

THE UNDERSIGNED, ON OATH DEPOSE AND SAY AS FOLLOWS:

 I, _____, do hereby acknowledge that I have been provided with a copy of the Protective Order entered into in this action with respect to the manner in which "confidential" information which has been produced by the parties shall be treated.

I state that I have read and understand the Protective Order and I hereby represent and warrant that I will abide by the Protective Order and agree to be bound by it.

I further acknowledge that I may be held responsible for any failure on my part to comply with the provisions of the Protective Order, and agree to subject myself to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the Protective Order.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS __ DAY OF _____, 200 _.

_____
(Signature)

_____
(Printed Name

_____
(Street Address)

_____
(City/Town, State, Zip Code)

_____
(Telephone Number)