UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

| | |
|---|---|
| PHILLIP TRINGALI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL MARTIN AND | ) |
| JUMI LEE, | ) |
| | ) |
|     Defendants | ) |

PLAINTIFF PHILLIP TRINGALI'S CERTIFICATE
PURSUANT TO LOCAL RULE 7.1

    This is to certify that on or about May 1, 2006, I telephoned counsel for the Defendants in an attempt to narrow the issues that are the subject of Plaintiff, Philip Tringali's Second Motion for Sanctions Pursuant to Fed.R.Civ.P. 11. After conferring, we were unable to narrow or resolve any of the disputes in this matter.

    Signed under the pains and penalties of perjury this 1st day of May 2006.

    //Daniel Treger//
Daniel Treger, Esq.
B.B.O. #562147
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
Tel No.: (617) 367-8787

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

| | |
|---|---|
| PHILIP TRINGALI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL MARTIN AND | ) |
| JUMI LEE, | ) |
| | ) |
| Defendants. | ) |

PLAINTIFF, PHILIP TRINGALI'S SECOND MOTION FOR SANCTIONS
PURSUANT TO FED.R.CIV. P. 11

Now comes the Plaintiff, Philip Tringali, and hereby moves this Honorable Court to Sanction the Defendants, Jumi Lee and Paul Martin, for violating Rule 11(b)(1) and (4) by filing a written reply to the Magistrate Judge's Report and Recommendation on their Motion to Dismiss based, in part, upon a blatant misrepresentation of the procedural posture and discovery history of an action they have brought against the plaintiff in Norfolk Superior Court

In support of his motion, the Plaintiff states:

1.  Defendants' Written Reply to the Magistrate Judge's Report and Recommendation represented that the plaintiff in this matter, Phillip Tringali, is prosecuting a counterclaim in the Norfolk Superior Court action alleging claims identical to those brought here, and is seeking the same relief, i.e. monetary damages.

2.  Defendants repeated this statement in their motion for reconsideration of the Magistrate Judge's Order imposing Rule 11 Sanctions upon them.

3.      This statement was patently false. Mr. Tringali was never a named plaintiff-in-counterclaim in the Norfolk Action. When the matter was first filed against S.E.E., Inc. and Tringali Individually, only S.E.E., Inc. filed a counterclaim. The only plaintiff-in-counterclaim named in the original answer and on the Norfolk Superior Court docket sheet is S.E.E., Inc.

4.      Moreover, after purchasing corporate causes of action from S.E.E.'s trustee in bankruptcy, the Norfolk County Superior Court granted defendants leave to dismiss all claims against the corporation, and file an amended complaint stating claims only against Tringali individually.

5.      Tringali filed a fresh answer to this complaint that stated no counterclaims.

6.      To support their claim that Tringali is prosecuting a counterclaim for breach of fiduciary duty in Norfolk Superior Court, defendants represented that the parties had conducted extensive discovery in the Norfolk County action about the facts alleged in this action. Defendant attached selected pages of the transcripts of their depositions in support.

7.      Defendants failed to disclose to the Court that during those depositions, their attorney had refused to allow Tringali's counsel to ask any questions regarding defendant's appropriation of confidential information and the use thereof by Quantum Dynamics International and CRAIC, LLC, two business entities the defendants formed. These subjects are the primary gravamen of the plaintiff's breach of fiduciary duty claim in the instant matter (Count I). Defendants' counsel claimed that any such questions were precluded by the automatic stay arising from S.E.E., Inc.'s pending bankruptcy proceeding.

8.      In further support of this motion, plaintiff Phillip Tringali relies upon the facts set forth in his Reply to the Defendants' Written Response to the Magistrate Judge's Report and

Recommendation on the Motion to Dismiss (Docket No. 46), and on his Opposition to Defendants' Motion for Reconsideration of the Magistrate Judge's Order Imposing Sanctions (Docket No. 47), and the factual materials and affidavits submitted therewith. The factual basis for plaintiff's request for sanctions are fully set forth therein.

9.  The only reasonable conclusion from the facts set forth in Docket Numbers 46 and 47 is that is that the Defendants knowingly misrepresented the identity of the parties to the Norfolk Action, the claims pending in the Norfolk Action and the nature of the discovery conducted in the Norfolk County Action, for the sole purpose of harassing the Plaintiff and causing undue expense, in violation of Fed.R.Civ. P. 11(b)(1) and (4).

10. As Defendants have already been found to have violated Rule 11 in their very first filing in this action, it is appropriate and necessary that the Court issue further sanctions to deter the defendants from repeating this conduct again as this litigation progresses.

WHEREFORE, Plaintiff Phillip Tringali respectfully requests that his motion be allowed, and that the court impose appropriate sanctions upon Defendants.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED,<br>Phillip Tringali,<br>By his attorney, |
| Date:April 7, 2006 | /s/ Daniel Treger<br>Jeffrey J. Phillips, Esq.<br>B.B.O. #398480<br>Daniel Treger, Esq.<br>B.B.O. #562147<br>Phillips & Angley<br>One Bowdoin Square<br>Boston, MA 02114<br>Tel No.: (617) 367-8787 |

CERTIFICATE OF SERVICE BEFORE FILING

I hereby certify that I served a copy of the foregoing to all parties or their counsel of record by hand on April 7, 2006, as required by Fed.R.Civ.P.11.


Date: May 1, 2006              //Daniel Treger
                               Daniel Treger, Esq.

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. (NEF), and paper copies will be sent to those indicated as non-registered participants on this day, May 1, 2006.

                               /s/ Daniel Treger
                               Daniel Treger, Esq.



L:\LITG\Trng001\r11.wpd