UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILLIP TRINGALI )<br>    Plaintiff  )<br>)<br>V.  )<br>)<br>PAUL MARTIN AND JUMI LEE )<br>    Defendants  ) | C. A. NO. 04-12708-MLW |

**MOTION OF DEFENDANT PAUL MARTIN FOR LEAVE TO SERVE
FURTHER REQUESTS FOR PRODUCTION OF DOCUMENTS**

    The defendant, Paul Martin ("Martin"), moves for leave to serve a Second Request of Production of Documents (Exhibit "A" hereto), consisting of eight additional requests for documents. In support of this Motion the defendant has filed a Memorandum herewith.

May 18, 2006                                                                       Attorney for defendant,

                                                                                 /s/Roger S. Davis
                                                                  Roger S. Davis
                                                                 BBO No. 116320
                                                                DAVIS & RUBIN
                                                                One Bowdoin Square
                                                               Suite 901
                                                              Boston, MA  02114-2919
                                                              (617) 742-4300

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILLIP TRINGALI )<br>    Plaintiff )<br>)<br>V. )<br>)<br>PAUL MARTIN AND JUMI LEE )<br>    Defendants ) | C. A. NO. 04-12708-MLW |

**DEFENDANT PAUL MARTIN'S SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS**

    The defendant, Paul Martin, pursuant to Rule 34 of the Rules of Civil Procedure, requests that the plaintiff, Phillip Tringali, respond within thirty (30) days from the date of service hereof, to the following Request for Production of Documents.

    Defendant further requests that he be permitted to inspect, copy, photograph, or photocopy the documents requested, and that said documents be made available at the office of his counsel, Roger S. Davis, Davis & Rubin, One Bowdoin Square, Suite 901, Boston, MA 02114, no later than the close of business May 3, 2006.

**DEFINITIONS**

A.    As used herein, the term "document" shall mean the original (or, if the information called for cannot be provided in the original, then each and every copy, duplicate and reproduction) of any medium upon which intelligence or information can be stored, regardless of origin and present location or custody, including but not limited to written, typed, printed, recorded, transcribed, punched, taped, encoded, filmed or graphic matter, however produced or reproduced, and each and every copy, duplicate, reproduction, prior draft, excerpt, note, summary, or any matter prepared from any of the foregoing which does not contain or record the identical information due to corrections, alterations, notations, deletions, marginalia, conformation, routing instructions or records, or otherwise.

**"A"**

B.    As used herein, the term "communication" shall mean any oral or written transmittal of information, or request for information, made from one person to another person, whether made in person, by telephone or by any other means and includes any documents made only for the purpose of recording a communication, idea, statement, opinion, or belief.

**INSTRUCTIONS**

A.    This Request is intended to cover all documents in possession of the party to whom this Request is directed or subject to its custody and control whether the documents are located in any of such party's offices or the offices of its attorneys, agents or employees, and if such party is a corporation, any division, group, subsidiary, parent or affiliate.

B.    In your response and in the production of the foregoing documents, you are requested to identify and segregate the documents according to the separate numbered requests set forth below. If any documents are produced pursuant to more than one request you are to so indicate.

C.    With respect to each document which is withheld from production for any reason, provide a statement setting forth:

    (1)   the name and title of the author(s);

    (2)   the name and title of the person(s) to whom the document was addressed;

    (3)   the names and titles of those to whom copies of the document were sent;

    (4)   the dates on which the document was written or otherwise produced and the date on which it was mailed, sent or delivered to its addressee(s);

    (5)   the number of pages;

    (6)   a brief description of the nature and subject mater of the document;

    (7)   the grounds upon which it is being withheld; and

    (8)    the paragraph number to which the document is otherwise responsive.

D.    Your attention is directed to Rule 26(e) which requires supplementation of your responses to these Requests under the circumstances set forth in said Rule.

**REQUESTS**

Requests Nos. 1-4 are based upon the information set forth in Plaintiff's Opposition to Defendants' Motion to Stay Discovery and for More Definite Statement dated March 21, 2006, Exhibit 4, Attorney Treger's letter of January 20, 2006 and Exhibit 5, Attorney Treger's affidavit of March 21, 2006. The defendant is requesting the following documents to be provided electronically (CD disk):

1.    The S.E.E., Inc. ACT database as it existed on January 9, 2002.

2.    The source code as referred to in the letter of January 20, 2002.

3.    All documentation on the hard drive as referred to in the affidavit of March 21, 2006.

4.    All other documents "that Plaintiff obtained from a computer disk drive that S.E.E.'s Trustee in Bankruptcy had sequestered" as stated on Page 4 of Plaintiff's Opposition.

Request Nos. 5-8 are based upon Plaintiff Phillip Tringali's Answer to Defendant Paul Martin's First Set of Interrogatories, answer to interrogatory No. 6C(a) set forth on Page 16:

5.    All other documents, drawings, test results, specifications, designs, and source code with documentation relating to the development, the specifications, the identity of component parts, and the testing of S.E.E. microspectrophotometers, which are located in the storage facility in Halifax, Massachusetts in paper form and on the hard drives of approximately 30 computers formerly used by S.E.E. to manufacture, test and market microspectrophotometers. The defendant requests that the documents on the hard drive be reproduced electronically.

6.      The content of S.E.E.'s Businesswords database containing all of S.E.E.'s financial information including financial statements, profit and loss statements, checkbook register, inventory control information, currently stored on a hard drive on a computer in the possession of the U.S. Bankruptcy Trustee, to be reproduced electronically.

7.      All other documents, correspondence, printed materials, pamphlets, scientific papers, service records and other materials used to sell or market S.E.E. microspectrophotometers, or to service customers who had purchased such instruments, located at a storage facility in Halifax, Massachusetts in paper form and on the hard drives of approximately 30 computers formerly used by S.E.E. to manufacture, test and market microspectrophotometers.  The defendant requests that the documents on the hard drive be reproduced electronically.

8.      All "vendor files" located at the storage facility in Halifax, Massachusetts to be reproduced in paper form.

March 31, 2006                                              Attorney for defendants,

                                                            _____
                                                            Roger S. Davis
                                                            BBO No. 116320
                                                            DAVIS & RUBIN
                                                            One Bowdoin Square
                                                            Suite 901
                                                            Boston, MA  02114-2919
                                                            (617) 742-4300

QDI13:USDC:2NDREQPROD