UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHILLIP TRINGALI                     )
    Plaintiff                        )           C. A. NO. 04-12708-MLW
                                     )
V.                                   )
                                     )
PAUL MARTIN AND JUMI LEE             )
    Defendants                       )

**MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANT PAUL MARTIN FOR LEAVE TO SERVE
FURTHER REQUESTS FOR PRODUCTION OF DOCUMENTS**

On April 5, 2005, the defendant, Paul Martin ("Martin"), served a First Request for Production of Documents which consisted of twenty-one requests. On October 6, 2005, the defendant, Jumi Lee ("Lee"), served an additional seven requests for production. On April 10, 2006, this Court entered a Scheduling Order stating in part as follows:

> (1)    Any additional sets of interrogatories or requests for production of documents must be served *on or before the close of business on Thursday, June 22, 2006;* responses, answers and/or objections shall be served *within the time provided by the Federal Rules of Civil Procedure.*

Just prior to the Scheduling Order on March 31, 2006, Martin served Paul Martin's Second Request for Production of Documents (Motion Exhibit "A"), consisting of eight additional requests for documents.

This Second Request for Documents arises out of an answer to an interrogatory and pleadings that were filed on March 21, 2006 and in particular two attachments thereto:

> Letter of January 20, 2006 from Attorney Treger (Exhibit "B" hereto)

> Affidavit of Plaintiff's Counsel in Support of Plaintiff's Motion for a More Definite Statement (Exhibit "C" hereto)

Request Nos. 1-4 seek documents based upon specific items which are referred to in Exhibits "B" and "C."

On August 19, 2005, the plaintiff answered interrogatories of the defendant Martin including interrogatory No. 6(C)(e).  Requests Nos. 5-8 are based upon Tringali's answers to interrogatory No. 6 (Exhibit "D").

By letter dated May 5, 2006 (Exhibit "E" hereto), Tringali's attorney refused to respond to this Second Request citing Rule 26.1(C) and further stated "You have not obtained leave of court to serve additional requests for production of documents…"

The additional requests for documents are necessary in order to permit the defendants to adequately prepare a defense to this case and arise out of the Exhibits "B," "C" and "D."  This action is a complex litigation involving allegations of breach of fiduciary duty and there is no good cause for refusal nor any prejudice to the plaintiff to be required to furnish the documents which are the subject of the Second Request.  Moreover, it appears from the wording of the Scheduling Order that the Magistrate Judge contemplated the filing of "additional sets of interrogatories and requests for production of documents" prior to June 22, 2006.

## Rule 7.1 Certification

The undersigned certifies that in accordance with L.R. 7.1(A)(2), he has met with Attorney Treger on the afternoon of May 17, 2006 in an attempt to resolve this matter, however, Attorney Treger continues to decline to produce the documents requested.

May 18, 2006                                      Attorney for defendants,


                                         ___/s/Roger S. Davis_____
                                         Roger S. Davis
                                         BBO No. 116320
                                         DAVIS & RUBIN
                                         One Bowdoin Square
                                         Suite 901
                                         Boston, MA  02114-2919
                                         (617) 742-4300

QDI13:USDC:MEMOLEAVE

# PHILLIPS & ANGLEY
### ATTORNEYS AND COUNSELLORS AT LAW
### AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
### ONE BOWDOIN SQUARE
### BOSTON, MASSACHUSETTS 02114
### (617) 367-8787

JEFFREY J. PHILLIPS, P.C.
JEFFREY T. ANGLEY, P.C.
JONATHAN M. FEIGENBAUM*
CHRISTOPHER S. TOLLEY
DANIEL TREGER
STEPHANIE M. SWINFORD
KRISTEN M. PLOETZ

*ALSO ADMITTED IN DC AND CA

TELECOPIER (617) 227-8992

January 20, 2006
By Hand

Roger S. Davis, Esq.
Davis & Rubin
One Bowdoin Square
Suite 901
Boston, MA 02114-2919

Re:    Philip Tringali
       V. Paul Martin and Jumi Lee

Dear Attorney Davis:

Pursuant to our 7.1 conference regarding your motion for a more definite statement, enclosed herewith please find:

1.  A representative sample of the data comprising S.E.E. Inc.'s ACT database.

2.  Specifications and promotional literature for the S.E.E. Inc. 2000, 2100, and 1100 microspectrophotometers.  Proposed specifications for the 2200 model have been produced.

The nature of the information at issue is described in detail in the plaintiff's automatic disclosure statement, as well as in plaintiff's opposition to defendants' motion for a protective order.  However, in the interests of narrowing the purported disputes you have raised in your proposed motion for a more definite statement, I expect to make the following documents available on Monday:

1.  CAD drawings;

2.  Parts Lists;

3.  Assembly instructions.

"B"

Roger S. Davis, Esq.
January 20, 2006
Page 2

As we discussed, source code exists only in electronic format at this time.

Please be advised that these documents are being provided solely pursuant to Local Rule 7.1 in the interests of narrowing areas of dispute regarding your purported motion. My client does not acknowledge any obligation to produce additional documents pursuant to Fed.R.Civ.P. 26 or 33, as your clients have already served the number of requests permitted pursuant to local rules.

Very truly yours,

Daniel Treger

DT/hs
cc:     Client
        Jeffrey J. Phillips, PC
L:\LITG\Trng001\davis.11.20.03.wpd

Case 1:04-cv-12708-MLW    Document 48    Filed 03/21/2006    Page 1 of 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

PHILLIP TRINGALI,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )
                                     )
PAUL MARTIN AND                      )
JUMI LEE,                            )
                                     )
        Defendants                   )

**AFFIDAVIT OF PLAINTIFF'S COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION
FOR A MORE DEFINITE STATEMENT**

Now comes counsel for the plaintiff, Daniel Treger, Esq., and hereby on oath does depose and say:

1.    My name is Daniel Treger.

2.    I am an attorney licensed to practice law in the Commonwealth of Massachusetts since 1992.

3.    I have been admitted to practice before the United States District Court for the District of Massachusetts since 1996.

4.    On Septembe 16, 2005, I visited the offices of the accounting firm retained by S.E.E. Inc.'s trustee in bankruptcy to copy a hard drive that the trustee's agents had removed from an S.E.E. computer. I was permitted to copy the entire hard drive.

5.    The almost all of the documentation produced on January 20 and 24, 2006 was obtained from this hard drive.

6.    Defendants' counsel has declined several invitations to come to my office and



review all the documentation on the hard drive. Notably, we our offices are located in the same

building.

      7.     In discussions relating to the instant motion conducted pursuant to Local Rule 7.1,

I told the Defendant's counsel that I would arrange for the production of the entire ACT!

database on the hard drive in my office, but that it would exceed 1900 pages. He asked me to

produce a representative sample of the information from the database instead.

      8.     I also offered to produce source code for software on the hard drive in my office,

but that I currently knew of no way to print the software code as a text file. He declined

production of this material as well.

      Signed under the pains and penalties of perjury this 21st day of March, 2006.

                                  /s/ Daniel Treger
                                  Daniel Treger, Esq.
                                  B.B.O. #562147
                                  Phillips & Angley
                                  one Bowdoin Square
                                  Boston, MA 02114
                                  Tel. No. (617) 367-8787

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing.
(NEF), and paper copies will be sent to those indicated as non-registered participants on this day,
March 20, 2006.

                             */s/ Daniel Treger*

L:\LITG\Trng001\statementoppaff.wpd

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12708-MLW

PHILLIP TRINGALI,     )
                      )
     Plaintiff,    )
                      )
v.                  )
                      )
PAUL MARTIN AND    )
JUMI LEE,         )
                      )
     Defendants    )

**PLAINTIFF PHILLIP TRINGALI'S ANSWER
TO DEFENDANT PAUL MARTIN'S FIRST SET OF INTERROGATORIES**

GENERAL OBJECTIONS

1.    Plaintiff objects to the instructions and definitions, to the extent that they differ from the

standard definitions prescribed by the Local Rules of the District of Massachusetts.

ANSWERS

**INTERROGATORY NO. 1** State all facts on which you base the allegation in Paragraph 24

that "both Martin and Lee acquired, during their respective employment by S.E.E.,

comprehensive knowledge of S.E.E.'s most sensitive product development and customer-related

trade secrets and confidential information, including but not limited to S.E.E.'s database of

customer information" and as part of your answer identify all persons having knowledge of such

allegation and all documents which evidence or support such allegation.

**ANSWER**



1

Paul Martin and Jumi Lee, 2400 N. Lincoln Avenue, Altadena, CA

Deborah Bowles, 78 Stoney Weir Rd., Halifax, MA

Demetra Hixson, 12 Basking Ridge Dr., Middleboro, MA

Anthony Facchiano, 425 Archer St. Fall River, MA

Gary Unruh, Dynamic Light Control, Grass Valley, CA

Keeper of the Records, Control Development, Inc., South Bend, IA

Andrew Bartko, last known address: 161 Maribeau Square, Atlanta, GA 30327;

Steven Parmen, address unknown;

Kanakaraju Subramaniam, last known address, c/o School of Engineering and Applied

Science, University of Virginia, 351 McCormick Road, Charlottesville, VA 22904-4743

Nick Webber, XTEK PTY LTD, 25 Yallourn Street, Fushwick, Canberra, Australia

C.      Documents known to contain supporting facts are those documents produced in

response to defendant request for production of documents, specifically documents numbers 0- 8

and 113 -133.

Discovery is ongoing.  Plaintiff reserves the right to supplement his answer to this

interrogatory prior to trial.

**INTERROGATORY NO. 6** State all facts on which you base the allegation in Paragraph 33

that "Martin and Lee formed Quantum for the propose, and with the intent of designing,

marketing and installing an integrated, computerized analytical device to compete with S.E.E.'s

product." and as part of your answer identify all persons have knowledge of such allegation and

all documents which evidence or support such allegation.

**ANSWER**

11

Dave Patterson, D.B. Patterson & Associates 555 Plate Drive, Suite 3, East Dundee, IL 60118;

Maclyn Smith, Maclyn Smith & Company, 2115 NW 33rd Avenue, Portland, OR 97210;

Paul Norlander, Nord Scientific Company, 26575 Dolorosa, Mission Viejo, CA 92691;

Jim Viets, Western Analytical Instrumentation, 268 Gardenia Court Golden, CO 80401;

Dr. Manfred Feustel, Resultec Analytic Equipment Bremer Str. 54 D-30826 Garbsen, Germany;

Bob Hirche, ICMAS, TN;

Lihsi Ho, Hopewell (USA), Merrimac NH;

C.      Documents known to contain supporting facts include, but are not limited to, the documents entered as exhibits 1-5 and 9-14 in the deposition of Lee, the documents produced in response to defendant's request for production of documents, and the following categories of documents:

(a)      Documents, drawings, test results, specifications, designs, and source code with documentation relating to the development, the specifications, the identity of component parts, and the testing of S.E.E. microspectrophotometers, currently located, if at all, in a storage facility in Halifax, Massachusetts in paper form and on the hard drives of approximately 30 computers formerly used by S.E.E. to manufacture, test and market microspectrophotometers;

(b)      The contents of S.E.E.'s ACT database containing all histories of contacts with S.E.E. customers, distributors, vendors, suppliers and S.E.E. personnel, currently

stored on a hard drive on a computer in the possession of the U.S. Bankruptcy Trustee.

(c)     The contents of S.E.E.'s Businessworks database containing all of S.E.E.'s financial information including financial statements, profit and loss statements, check book register, inventory control information, currently stored on a hard drive on a computer in the possession of the U.S. Bankruptcy Trustee;

(d)     Documents, correspondence, print materials, pamphlets, scientific papers, service records and other materials used to sell or market S.E.E. microspectrophotometers, or to service customers who had purchased such instruments, currently located, if at all, in a storage facility in Halifax, Massachusetts in paper form and on the hard drives of approximately 30 computers formerly used by S.E.E. to manufacture, test and market microspectrophotometers;.

(e)     "Vendor files" documenting parts purchased by S.E.E. for inventory, currently located in a storage facility in Halifax, Massachusetts in paper form;

(f)     Documents relating to the design, development, marketing and sales of Quantum products, currently in the possession, custody or control of defendants as officers and/or managers of Quantum and CRAIC, Inc., and the subject of a court order issued by the Plymouth Superior Court preliminary injunction requiring their preservation;

17

Signed under the pains and penalties of perjury this 6th day of July, 2005.

Phillip Tringali

AS TO OBJECTIONS:

Daniel Treger, Esq.
B.B.O. #562147
Jeffrey J. Phillips, Esq.
B.B.O. #398480
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No.: (617) 367-8787

L:\LITG\Trng001\maratnans7.5.05.rtf.wpd

CERTIFICATE OF SERVICE

I hereby certify that the copy of the above document
was served upon the attorney of record for each other
party by (hand) (mail) 7/11/05

33

# PHILLIPS & ANGLEY

ATTORNEYS AND COUNSELLORS AT LAW

AN ASSOCIATION OF PROFESSIONAL CORPORATIONS

ONE BOWDOIN SQUARE

BOSTON, MASSACHUSETTS 02114

(617) 367-8787

JEFFREY J. PHILLIPS, P.C.
JEFFREY T. ANGLEY, P.C.
JONATHAN M. FEIGENBAUM*
CHRISTOPHER S. TOLLEY
DANIEL TREGER
STEPHANIE M. SWINFORD
KRISTEN M. PLOETZ

*ALSO ADMITTED IN DC AND CA

TELECOPIER (617) 227-8992

May 5, 2006
BY FAX 617-742-4304
AND MAIL

Roger S. Davis, Esq.
Davis & Rubin
One Bowdoin Square, Suite 901
Boston, MA 02114-2919

Re:    Philip Tringali v. Paul Martin and Jumi Lee
       Federal District Court, No. 04-12708-MLW

Dear Mr. Davis:

I am in receipt of your letter of this day regarding "Defendant Paul Martin's Second Request for Production of Documents."

As I told you when you attempted to serve a second request for production on behalf of Jumi Lee, pursuant to local Rule 26.1 (C), each side (or group of parties with a common interest) is limited to two (2) separate sets of Requests for Production of Documents, which you have already served. You have not obtained leave of Court to serve additional requests for production of documents, nor did you seek such leave during the Rule 16.1 conference, which would have been the appropriate time to do so. My client is under no obligation to respond to the above-referenced document, and will not do so. I refer you to my letter of January 9, 2002, in which I clearly stated that any documents provided at that time were provided solely in an attempt to resolve the issues set forth in your purported motion for a more definite statement. As that motion has been denied, I will provide no further documents in an attempt to resolve it.

As we discussed, as a courtesy, my offer to allow you to inspect and copy the data I obtained from the hard drive in the custody of Verdalino & Lowey remains open. You may either do so at this office utilizing your own laptop computer, or you may arrange with a data service to duplicate my copy the data. This offer will extend to the actual drive itself, of which I hope to take physical custody within the next two weeks.

E

Roger Davis
May 5, 2006
Page 2


       Finally, as I have previously stated, Plaintiff's supplemental production of documents in response to Mr. Martin's requests numbers 3, 5, 8, 15, 16 and 18 is available for inspection in this office.  Please contact me to arrange for a time to inspect these documents.  In the alternative, please arrange to have IKON copy and number these documents, at your expense.

Very truly yours,

Daniel Treger

DT/rtr
cc:     Jeffrey J. Phillips, Esq.
       Client




L:\LITG\Trng001\davis.L.05.5.06.wpd